1  GREGORY S. TAMKIN (State Bar No. 175009)
   CASE COLLARD (State Bar No. 245834)
2  DORSEY & WHITNEY LLP
   1400 Wewatta Street, Suite 400
3  Denver, CO 80202-5549
4  Telephone: (303) 629-3400
   Facsimile:  (303) 629-3450
5  Email: tamkin.greg@dorsey.com
   Email: collard.case@dorsey.com
6  *Attorneys for Defendants Ameriprise Financial, Inc.
7  and Ameriprise Financial Services, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIMPLEWARE CORP., <br><br> Plaintiff, <br><br> v. <br><br> VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC.; TRILOGY DEVELOPMENT GROUP, INC.; AMERIPRISE FINANCIAL, INC.; AMERIPRISE FINANCIAL SERVICES, INC.; AUREA SOFTWARE, INC A/K/A AUREA, INC.; PACIFIC LIFE INS. CO; UNITED HEATHCARE SERVICES, INC.; METROPOLITAN LIFE INS. CO.; THE PRUDENTIAL INS. CO. OF AMERICA; WELLMARK, INC.; WADDELL & REED FINANCIAL, INC.; AND AVIVA USA CORP., <br><br> Defendants. | Case No. 13-cv-05161-PSG <br><br> DEFENDANTS AMERIPRISE FINANCIAL, INC. AND AMERIPRISE FINANCIAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF XIMPLEWARE CORP.'S CLAIMS OF PATENT INFRINGEMENT AND DECLARATORY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES <br><br> HEARING <br><br> Date : January 14, 2014 <br> Time : 10 :00 am <br> Location : San Jose Courthouse, Courtroom 5 <br> Judge : Hon. Paul S. Grewal |

| | |
|---|---|
| 1 | **NOTICE OF MOTION** |
| 2 | To all Parties and their counsel of record: |
| 3 | Please take notice that on January 14, 2014, at 10:00 am, or as soon thereafter as the matter |
| 4 | may be heard before the Honorable Paul S. Grewal, in Courtroom 5 of the United States District |
| 5 | Court of the Northern District of California, San Jose Division, located at 280 South 1st Street, San |
| 6 | Jose, CA 95113, Defendants Ameriprise Financial, Inc. and Ameriprise Financial Services, Inc. |
| 7 | ("Ameriprise") hereby moves the Court to dismiss Plaintiff XimpleWare Corp.'s ("XimpleWare") |
| 8 | claims of patent infringement and declaratory relief alleged in its Complaint. |
| 9 | Ameriprise seeks an Order dismissing XimpleWare's claims of patent infringement and |
| 10 | declaratory relief with prejudice. This Motion is made on the grounds that XimpleWare fails to state |
| 11 | a claim upon which relief may be granted for patent infringement. The motion is made pursuant to |
| 12 | Fed. R. Civ. P. 12(b)(6) and L.R. 7-2 and is based on this Notice, the following Memorandum of |
| 13 | Points and Authorities, all other matters of which the Court takes judicial notice, the Court's file in |
| 14 | this matter, and any other evidence and argument as may be presented at the hearing on the motion. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of purported patent infringement as to open source software created by Plaintiff XimpleWare Corp. ("XimpleWare"). XimpleWare alleges that Defendant Versata Software Inc. ("Versata") incorporated XimpleWare software that practices certain XimpleWare patents into Versata's own software product and improperly distributed that product to various customers, including Ameriprise. XimpleWare asserts three claims of relief against Versata and related entities, and names Ameriprise as a defendant as to two of the claims: patent infringement and declaratory relief. XimpleWare does not allege that Ameriprise knowingly or willfully misused XimpleWare's software, only that Ameriprise received and used a product from Versata that incorporated XimpleWare's software.

Even assuming all of its factual allegations to be true, XimpleWare's claims against Ameriprise suffer from a simple, readily apparent flaw: XimpleWare has licensed the patents at issue "for everyone's free use." XimpleWare concedes that it chose to issue its software under an open source license which provides that "any patent must be licensed for everyone's free use or not licensed at all." Dkt. No. 1-1, Complaint, Exhibit 1. XimpleWare's only infringement allegation is that Ameriprise infringes XimpleWare's patents by using the software. Complaint, ¶ 71. XimpleWare's claim cannot succeed as a matter of law because Ameriprise's use is authorized by XimpleWare's chosen license, and an express license is a defense to patent infringement. *Carborundum Co. v. Molten Metal Equip. Innovations*, 72 F.3d 872, 878 (Fed. Cir. 1995). Indeed the entire point of open source software—and the open source license chosen by XimpleWare—is that the software will be free to use. Dkt. No. 1-1, at p. 1, Preamble ("[t]he GNU General Public License is intended to guarantee your freedom to share and change free software—***to make sure the software is free for all its users***.") (emphasis added).

XimpleWare alleges no other Ameriprise conduct which could support a claim of patent infringement. Under the open source license, XimpleWare's software was subject to certain restrictions on users who copy, distribute, and modify the software. But by XimpleWare's own factual allegations, Ameriprise did not do that; Ameriprise simply used the software it received from

Versata. Even assuming that Ameriprise thus (unwittingly) used XimpleWare software, it was explicitly entitled to use XimpleWare's open source program. As a matter of law, as set forth by the Federal Circuit, this use does not constitute patent infringement.

## II. FACTUAL BACKGROUND

As alleged in the Complaint, XimpleWare is a computer software developer that holds various software patents. Complaint, ¶ 3. As pertinent here, XimpleWare has written software that performs the function of "parsing" XML documents. *Id.*, ¶¶ 23-28. XimpleWare contends that its software practices features claimed in U.S. Patent Nos. 7,133,857; 7,620,652; and 7,761,459 (the "XimpleWare Patents"). *Id.*, ¶¶ 46-53.

XimpleWare elected to make its product available as "open source" software, which is available free of charge to the public. Complaint, ¶ 30. XimpleWare chose to license its open source software under the terms of GNU General Public License version 2 ("GPL"). *Id.*, ¶ 33. Dkt. No. 1-1, Complaint, Exhibit 1. The GPL freely allows use of open source software, specifying that "[t]he GNU General Public License is intended to guarantee your freedom to share and change free software—***to make sure the software is free for all its users***." Dkt. No. 1-1, at p. 1, Preamble (emphasis added). While the GPL places no restrictions on use of software, it does place certain terms and conditions on copying, distributing, and modifying the software. *Id.* at p. 2. The GPL places no restrictions on any other use of the software. *See id.* ("Activities other than copying, distribution and modification are not covered by this License; they are outside its scope. The act of running the Program is not restricted…").

XimpleWare alleges that it brought this action after being informed by Ameriprise[1] that Versata had incorporated portions of XimpleWare's software into a Versata product. Complaint, ¶ 56. XimpleWare alleges that Versata sold products incorporating XimpleWare's software to multiple customers, including Ameriprise. *Id.*, ¶¶ 55, 59.

Ameriprise is a financial services provider. Complaint, ¶¶ 7, 8. It licensed and received

---

[1] Ameriprise contacted XimpleWare to seek third-party discovery from XimpleWare in the underlying Texas state court action between Ameriprise and Versata.

software from Versata incorporating XimpleWare's software. *Id.*, ¶ 55. XimpleWare alleges that Ameriprise infringes the XimpleWare Patents by using the Versata software that incorporates XimpleWare code in the daily course of Ameriprise's financial services business. *Id.*, ¶ 71.

### III. ARGUMENT

In order to state a claim for relief, a plaintiff has an "obligation to provide the grounds of its entitlement to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The claim must be supported by factual allegations, not mere legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Accordingly, the Court disregards conclusory allegations and then determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 989 (E.D. Cal. 2012); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

XimpleWare's factual allegations do not give rise to any claim for relief against Ameriprise, because the software at issue was issued as open source software, freely available for use by the public. Thus, Ameriprise was and remains a permitted user of XimpleWare's software. Under controlling Federal Circuit authority, XimpleWare has no claim for relief against Ameriprise for patent infringement, since Ameriprise's use of the code was expressly licensed under the terms of the GPL. Stripped of the underlying patent claim, XimpleWare's other claim for relief for declaratory relief is similarly unavailing.

**A.  XimpleWare's Allegations Do Not Support a Claim for Relief Against Ameriprise for Patent Infringement**

XimpleWare's only allegation of patent infringement against Ameriprise is that, "On information and belief, without any license or other authorization of Plaintiff, the Customer Defendants purchased the Versata Products from the Versata Defendants. The Customer Defendants infringed and continue to willfully infringe the Patents ***by using the infringing Versata Products***, incorporated in the Customer Defendants' internal software systems with the Customer Defendants ***used and continue to use*** in their daily course of business." Complaint, ¶ 71 (emphasis added). XimpleWare contends that this conduct "constitutes direct infringement of XimpleWare's patent

rights under 35 U.S.C. 271 (a)." *Id.* at ¶ 72, (emphasis added).[2] But as a matter of law, it does not.

Even assuming all of XimpleWare's factual allegations to be true, the allegations do not give rise to a claim for relief against Ameriprise for patent infringement, because, as XimpleWare openly concedes, its code was open source software freely available and licensed for the public to use.[3] "[W]e have made it clear that any patent must be licensed for everyone's free use or not licensed at all." Dkt. No. 1-1, Complaint, Exhibit 1. An express license such as this is a defense to patent infringement, and for this reason alone, XimpleWare's complaint should be dismissed. *See Carborundum Co. v. Molten Metal Equip. Innovations*, 72 F.3d 872, 878 (Fed. Cir. 1995); *Innovus Prime, LLC v. Panasonic Corp.*, 2013 WL 3354390, at *5 (N.D. Cal. 2013) ("A patent license agreement is in essence nothing more than a promise by the licensor not to sue the licensee.") (citing *TransCore, LLC v. Electric Transaction Consultants Corporation*, 563 F.3d 271, 276 (Fed. Cir. 2009)).

Under the terms of the GPL, Ameriprise was and is a licensed user of the XimpleWare software, for two independent reasons. First, Ameriprise is itself a member of the general public to whom the GPL license extends. The GPL licenses any member of the public that uses the licensed software. Dkt. No. 1-1, at p. 1, Preamble ("[T]he GNU General Public License is intended to guarantee your freedom to share and change free software—to make sure the software is free for all its users."). Second, Ameriprise became a licensed user of XimpleWare software when it received the software from Versata that integrates the XimpleWare software. Pursuant to Section 4 of the GPL, Ameriprise is thus a licensed user and retains its rights under the GPL, regardless of whether Versata should lose its rights. *Id.* at p. 3, ¶ 4.

As a licensed user, Ameriprise is entitled freely to use the XimpleWare software. Importantly, the GPL's grant of a patent license to the public covering the use of the software is *not* contingent on being a party to the GPL or on complying with its obligations. In marked contrast, the

---

[2] "Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. 271 (a).

[3] "XimpleWare made the business decision to license its Source Code under the GNU General Public License version 2 ('GPL')." Complaint, ¶ 33.

rights to copy, modify, sublicense, and distribute the software are all contingent on precise compliance with the terms of the GPL, and are terminated in the event of non-compliance. Dkt. No. 1-1, Complaint, Exhibit 1, section 4 ("You may not copy, modify, sublicense, or distribute the Program except as expressly provided under this License. Any attempt to otherwise copy, modify, sublicense, or distribute the Program is void, and will automatically terminate your rights under this license.") The drafters of the GPL (and XimpleWare, who freely chose to adopt this license) clearly intended to make a licensee's rights to "copy, modify, sublicense, and distribute" software contingent on compliance with the terms of the GPL. Just as clearly, they did not make *use* of the software contingent on compliance. Under the terms of the GPL, Ameriprise was thus permitted unrestricted use of the XimpleWare software.

Even if the patent license covering use had been made contingent on compliance, there is no allegation in the Complaint that Ameriprise failed to comply with the terms of the GPL.[4] There is no allegation that Ameriprise modified the software or distributed copies of it *at all*, let alone in violation of the GPL. In the absence of any such allegation, XimpleWare cannot bring suit against Ameriprise for using the software XimpleWare chose to make available to the public. XimpleWare willingly gave up its right to sue for patent infringement by making its software freely available under the GPL, and since Ameriprise's actions are still compliant with the GPL, there is no basis for XimpleWare to regain a right to sue for infringement.

The Federal Circuit has confirmed this interpretation of open source software licenses in the copyright context. In *Jacobsen v. Katzer*, 535 F.3d 1373 (Fed. Cir. 2008), the Federal Circuit resolved the issue of whether a copyright owner could bring an action based upon open source software. On appeal of dismissal of the copyright claim, the Federal Circuit held that the owner of open source software generally waives the right to sue for infringement, unless the defendant acts in a manner contrary to the limitations of the open source license:

---

[4] XimpleWare may contend that Versata failed to comply with the terms of the GPL, but that has no bearing on Ameriprise's rights. The GPL expressly provides that a party who receives copies of the open source software retains the rights granted under the GPL, even if the transferring party's rights are terminated. Dkt. No. 1-1, at p. 3, ¶ 4.

> Generally, a "copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement" and can sue only for breach of contract. If, however, a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement.

*Id.* at 1380 (citations omitted).

There is no dispute here that XimpleWare issued its software as open source software, licensing the software for anyone to use freely. Thus, even assuming as true XimpleWare's allegation that its code was incorporated into the Versata products that Ameriprise uses, such use is freely permitted as a matter of law. Ameriprise's use of XimpleWare's open software is entirely consistent with the terms of the GPL and thus cannot support a claim for patent infringement.

**B. XimpleWare's Allegations Do Not Support a Claim for Relief Against Ameriprise for Declaratory Relief.**

XimpleWare also asserts a claim against Ameriprise for declaratory relief. Complaint, ¶¶ 85-89. But this claim is entirely dependent on its unsupportable claim for patent infringement. The claim for declaratory relief contains no independent basis for relief outside of the patent claim, which is invalid with respect to Ameriprise as a matter of law, as demonstrated above. Moreover, stripped of the preceding claim, there is no case or controversy between XimpleWare and Ameriprise to support a claim for declaratory relief. *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993) ("a party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy").

## IV. CONCLUSION

XimpleWare has admittedly licensed its software under the GPL which makes "it clear that any patent must be licensed for everyone's free use or not licensed at all." Dkt. No. 1-1, Complaint, Exhibit 1. As alleged by XimpleWare, Ameriprise has only used the XimpleWare software, and under the GPL that use is expressly licensed. Accordingly, XimpleWare has failed as a matter of law to demonstrate any cognizable claim of patent infringement against Ameriprise, and Ameriprise respectfully requests the Court dismiss all claims against it with prejudice.

| | |
|---|---|
| 1 | Respectfully submitted December 3, 2013. |
| 2 | /s/ Gregory S. Tamkin |
| | Gregory S. Tamkin |
| 3 | Case Collard |
| | DORSEY & WHITNEY, LLP |
| 4 | Email: tamkin.greg@dorsey.com |
| | Email: collard.case@dorsey.com |
| 5 | 1400 Wewatta Street, Suite 400 |
| | Denver, CO 80202-5549 |
| 6 | Telephone:(303) 629-3400 |
| 7 | Facsimile: (303) 629-3450 |

***Attorneys for Defendants Ameriprise Financial, Inc. and Ameriprise Financial Services, Inc.***

CERTIFICATE OF SERVICE

On December 3, 2013, I caused the foregoing document, titled DEFENDANTS AMERIPRISE FINANCIAL, INC. AND AMERIPRISE FINANCIAL SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF XIMPLEWARE CORP.'S CLAIMS OF PATENT INFRINGEMENT AND DECLARATORY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES, to be electronically filed with the court, which will cause a Notice of Electronic Filing to be automatically generated by the court's electronic filing system and sent to all parties in this case. Pursuant to General Order No. 45, Sections II.G. and IX, the Notice of Electronic Filing when e-mailed to the email addresses of record for counsel in the case constitutes service on the receiving parties.

/s/ Gregory S. Tamkin
Gregory S. Tamkin