1   Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
2   Alisa Lipski (SBN 278710)
    1221 McKinney, Suite 3460
3   Houston, Texas 77010
    Tel: 713-655-1101
4   Fax: 713-655-0062
    Email: alipski@azalaw.com
5
    Valorem Law Group
6   David C. Bohrer (SBN 212397)
    Sixty South Market St., Ste. 1400
7   San Jose, California 95113
    Tel: 408-938-3882
8   Fax: 408-915-2672
    Email: david.bohrer@valoremlaw.com
9
10  ***Attorneys for Defendants Pacific Life Ins.Co.,***
    ***Metropolitan Life Ins. Co., The Prudential Ins. Co. of America,***
11  ***Wellmark, Inc., and Aviva USA Corp.***
12
13                    UNITED STATES DISTRICT COURT
14                  NORTHERN DISTRICT OF CALIFORNIA
15

16  **XimpleWare Corp**., California     Case No.  13-cv-05161-PSG
    Corporation
17                                        DEFENDANTS PACIFIC LIFE INS. CO.;
                    Plaintiff,            METROPOLITAN LIFE INS. CO.; THE
18                                        PRUDENTIAL INS. CO. OF AMERICA;
                                          WELLMARK, INC. AND AVIVA USA
19          v.                            CORP'S NOTICE OF MOTION AND
                                          MOTION TO DISMISS PLAINTIFF
20  **Versata Software, Inc. f/k/a Trilogy**   XIMPLEWARE CORP'S CLAIMS OF
    **Software, Inc.; Trilogy Development**    PATENT INFRINGEMENT AND
21  **Group, Inc.; Ameriprise Financial, Inc.,;**  DECLARATORY JUDGMENT AND
    **Ameriprise Financial Services, Inc.,** and   MEMORANDUM OF POINTS AND
22  **Aurea Software, Inc. a/k/a Aurea, Inc.,;**  AUTHORITIES
    **Pacific Life Ins. Co; United HealthCare**
23  **Services, Inc.; Metropolitan Life Ins.**   HEARING
    **Co.; The Prudential Ins. Co. of America;**
24  **Wellmark, Inc.; Waddell & Reed**       Date: March 18, 2014
    **Financial, Inc.; and Aviva USA Corp.,**   Time: 10:00 a.m.
25                                        Location: Courtroom 5 – 4th Floor
                    Defendants.           Judge: Hon.  Paul S. Grewal
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

To all parties and their counsel of record:

Please take notice that on March 18, 2014, at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Paul. S. Grewal, in Courtroom 5 of the United States District Court of the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, Defendants Pacific Life Ins. Co., Metropolitan Life Ins. Co., the Prudential Ins. Co. of America, Wellmark, Inc. and Aviva USA Corp.  ("Defendants" or "Customers") hereby move the court to dismiss Plaintiff XimpleWare Corp.'s claims of patent infringement and declaratory relief alleged in its Complaint.

Defendants seek an Order dismissing XimpleWare's claims of patent infringement and declaratory relief with prejudice.  This motion is made on the grounds that XimpleWare fails to state a claim upon which relief may be granted for patent infringement.  This motion is made pursuant to Fed. R. Civ. P. 12(b)(6) and L.R. 7-2 and is based on this Notice, the following Memorandum of Points and Authorities, all other matters of which the Court takes judicial notice, the court's file in this matter, and any other evidence and argument as may be presented at the hearing on the motion.

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND ................................................................................... 2

ARGUMENT ............................................................................................................ 3

    A.   The Customers are Licensed. ................................................................... 3

    B.   Versata's Alleged Breach of the GPL Does Not Extinguish the Customers' License to Use XimpleWare .............................................................................................. 4

    C.   XimpleWare's Allegations of Breach of the GPL are Factually Insufficient. .............. 5

    D.   XimpleWare Has Not Sufficiently Pled Willful or Knowing Infringement ................. 7

    E.   XimpleWare is not Entitled to Declaratory Relief Against the Customers ................. 8

CONCLUSION ......................................................................................................... 9

1

## TABLE OF AUTHORITIES

2

**CASES**

3

*Ascon Properties, Inc. v. Mobile Oil Co.,*
4
   866 F.2d 1449 (9th Cir. 1989) ............................................................................. 9

5
*Ashcroft v. Iqbal,*
6
   556 U.S. 662 (2009) ..................................................................................... 3, 8

7
*Automated Transaction LLC v. New York Cmty. Bank,*
   12-CV-3070 JS ARL, 2013 WL 992423 (E.D.N.Y. Mar. 13, 2013) .................................... 5
8

*Bell Atl. Corp. v. Twombly,*
9
   550 U.S. 544 (2007) ..................................................................................... 3, 8

10
*Bender v. LG Electronics U.S.A., Inc.,*
   C 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) ................................... 6
11

12
*Carborundum Co. v. Molten Metal Equip. Innovations, Inc.,*
   72 F.3d 872 (Fed. Cir. 1995) ............................................................................. 3
13

*Fuzzysharp Techs. Inc. v. Nvidia Corp.,*
14
   2013 U.S. Dist. LEXIS 126989 (N.D. Cal. 2013) .................................................. 9

15
*Intel Corp. v. VIA Technologies, Inc.,*
16
   174 F. Supp. 2d 1038 (N.D. Cal. 2001) *aff'd,* 319 F.3d 1357 (Fed. Cir. 2003) .................... 3

17
*K-Tech Telecomms., Inv. v. Time Warner Cable, Inc.,*
   714 F.3d 1277 (Fed. Cir. 2013) .......................................................................... 1
18

*Prasco, LLC v. Medicis Pharm. Corp.,*
19
   537 F.3d 1329 (Fed. Cir. 2008) .......................................................................... 8

20
*Realtime Data, LLC v. Stanley,*
   721 F. Supp. 2d 538 (E.D. Tex. 2010) ................................................................ 5
21

22
*Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC,*
   C 12-00068 JW, 2012 WL 2803617 (N.D. Cal. July 10, 2012) ...................................... 7

23
*Wistron Corp. v. Phillip M. Adams & Associates, LLC,*
24
   C-10-4458 EMC, 2011 WL 4079231 (N.D. Cal. Sept. 12, 2011) .................................... 6

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**INTRODUCTION**

3      Defendants Pacific Life Ins. Co., Metropolitan Life Ins. Co., the Prudential Ins. Co. of

4  America, Wellmark, Inc. and Aviva USA Corp.  ("Defendants" or "Customers") have been

5  accused of patent infringement by Plaintiff XimpleWare Corp. ("XimpleWare") based on

6  allegations that they purchased software from one or more of Versata Software, Inc., Trilogy

7  Development Group, Inc. or Aurea Software, Inc., collectively referred to by XimpleWare as the

8  "Versata Defendants".  Aside from being an obvious ploy to leverage a settlement with the

9  Versata Defendants, XimpleWare's claims are legally and factually deficient.  XimpleWare offers

10  the use of its software to the world, for free, under an open-source license.  Under the terms of

11  that license, which applies to Customers, there is no restriction on the use of the software.  The

12  license only restricts the method by which a party may modify, copy or distribute the software.

13  Thus, XimpleWare's claim that the Customers infringed the patents through their use of software

14  alleges only licensed activity.

15      In an attempt to avoid the fact that the Customers are licensed, XimpleWare amended its

16  complaint to add conclusory allegations, that as pled, fail to save its claims.  XimpleWare has not

17  sufficiently alleged the Customers have engaged in any unlicensed activity under the terms of the

18  GPL license.[1]  The additional allegations that XimpleWare added in the amended complaint

19  suffer from several defects.  First, XimpleWare engaged in group pleading and fails to

20  differentiate between Customers in its allegations.  Second, XimpleWare makes conclusory

21  allegations that are contradicted and improper.  For example, in one of its allegations,

22  XimpleWare alleges that all of the defendants sell infringing products.  *See* Dkt. 18 at ¶ 81.  But

23  as is addressed more fully in the Versata Defendants' Motion to Dismiss filed concurrently

24  herewith, XimpleWare does not identify any software product, other than DCM, that allegedly

25  infringes on the asserted patents.  Yet, in its own complaint, XimpleWare accuses the Versata

26

27

28

---

[1] The Customers note that even if XimpleWare had complied with Form 18, which it has not, such compliance does not guarantee compliance with Rule 11 of the Federal Rules of Civil Procedure.  Even if the Amended Complaint had stated a plausible claim for patent infringement on its face, that would not have immunized XimpleWare as it has failed to identify easily ascertainable evidence of noninfringement through appropriate pre-suit investigation.  *K-Tech Telecomms., Inv. v. Time Warner Cable, Inc.,* 714 F.3d 1277, 1285 (Fed. Cir. 2013).

Defendants of creating and distributing DCM to the Customers.  In an attempt to manufacture an allegation of distribution, XimpleWare alleges that the Customers themselves distribute DCM – but this allegation is simply not pled with the sufficient factual particularity necessary to survive a motion to dismiss.    XimpleWare's vague reference to "other products" that infringe is also not sufficiently specific.

Finally, with respect to willful infringement, XimpleWare fails to allege any of the requisite facts necessary for a willfulness allegation.  In fact, the sole allegation raised in the amended complaint is as follows:

> The Customer Defendants infringed and continue to willfully infringe the Patents by using the infringing Versata Products, incorporated into the Customer Defendants' internal software systems which the Customer Defendants used and continue to use in their daily course of business. Dkt. 18 at ¶ 84.

That allegation is insufficient to survive a motion to dismiss under the relevant pleading standards.

## FACTUAL BACKGROUND

XimpleWare is a software company that distributes free software under the GNU General Public License ("GPL"). Dkt. 18 ¶¶ 23; 26.  XimpleWare's software performs the function of parsing XML documents.  Dkt. 18 ¶¶ 16-21.   Importantly, the GPL places no restrictions on the use of the software. Dkt. 18-1 (GPL) at 1.  Instead, the GPL restricts a licensee's rights to modify or distribute the software.    Dkt. 18-1 at 2.   In the GPL's own words: "activities other than copying, distribution and modification are not covered by this License…[t]he act of running the program is not restricted."  Dkt. 18-1 at 3.  The GPL also provides that a party that receives a copy of the software automatically receives a license under the GPL as well.  Dkt. 18-1 at 4.  The GPL further makes clear that if a transferor of the software breaches the terms of the GPL, that breach does not affect the license of the transferee.  Dkt. 18-1 at 3.  In short, any use the Customers may make of XimpleWare is licensed, and the claims against the Customers must be dismissed.

The Customers are not software companies, which XimpleWare itself acknowledges.

2

XimpleWare classifies United HealthCare Services, Inc. as a "diversified managed health care company", Metropolitan Life Insurance Company as a" a global provider of insurance, annuities, and employment benefit programs", The Prudential Insurance Company of America as providing "insurance and financial services", Wellmark, Inc. as "an insurance company" and Aviva USA Corporation as "a multinational insurance company." Dkt. 18 at ¶ 10, 11, 12, 13, and 14. For this reason alone XimpleWare's allegation that the Customers make DCM, or make other software products that infringe is not only legally insufficient, it is factually highly implausible.

**ARGUMENT**

In order to survive a motion to dismiss, a claim must be supported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-9 (2009). Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"*Ashcroft v. Iqbal,* 556 U.S. at 680. Further, the pleadings must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A license, whether implied or express, is a defense to a claim of patent infringement. *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.,* 72 F.3d 872, 878 (Fed. Cir. 1995); *Intel Corp. v. VIA Technologies, Inc.,* 174 F. Supp. 2d 1038, 1055 (N.D. Cal. 2001) *aff'd,* 319 F.3d 1357 (Fed. Cir. 2003) (granting summary judgment on license defense to patent infringement). Here, because the Customers are licensed, and because the allegations stated do not give rise to a plausible claim of patent infringement, XimpleWare's claims against the Customers must be dismissed.

**A. The Customers are Licensed.**

XimpleWare's own Amended Complaint establishes that <u>use</u> is licensed under the terms of the GPL unless there is a failure to comply with the conditions of the GPL. Dkt. 18 at ¶ 39. XimpleWare alleges that the Customers received the XimpleWare software from the Versata Defendants, who XimpleWare alleges received the software under the terms of the GPL. *See* Dkt. 18 at ¶¶ 9; 11-13; 15; 62-63. The GPL provides that entities who receive the software

3

"automatically receive[] a license from the original licensor to copy, distribute or modify the Program subject to" the GPL.  Dkt. 1-1 at 4.   "[T]he act of running the program is not restricted" by the GPL.  *Id.* at 2.   Therefore, under the terms of the GPL itself, and according to XimpleWare's Amended Complaint, each of the Customers is licensed.

XimpleWare attempts to paint the Customers' use as outside of the license by improperly alleging that it has "never granted …any other Defendant in this case any commercial license, permission, or authorization to ***use*** and redistribute any XimpleWare Product or Source Code." Dkt. 18 at ¶ 73.  As an initial matter, commercial activity is not automatically outside of the GPL.[2]  But more importantly, XimpleWare need not itself grant a license to the Customers – a distributee like the Customers receives a license from the transferor "***automatically***" under the terms of the GPL.  *See* Dkt. 18-1 at 4 (emphasis added).  And, upon receiving the GPL license, any ***use*** of the software is not restricted, because the GPL does not restrict use.  Even taking XimpleWare's allegation as true upon receipt of the software, the Customers became licensed to use the software under the GPL.  Further, neither receiving nor using XimpleWare is prohibited by the terms of the GPL.  Because the actions alleged are licensed, the infringement claim against the Customers must be dismissed.  *See* Dkt.18 at ¶73; ¶84 (alleging use of XimpleWare).

### B. Versata's Alleged Breach of the GPL Does Not Extinguish the Customers' License to Use XimpleWare.

XimpleWare does not allege facts that would support allegations of impermissible copying, distribution or modification by the Customers anywhere in the Amended Complaint. Instead, the only attempts at factual allegations to that effect are directed to the Versata Defendants and Ameriprise.  Any alleged misconduct by the Versata Defendants does not limit or extinguish the rights of the Customers to use XimpleWare.  As the GPL makes clear, "parties who have received copies or rights from you under the License will not have their licenses

---

[2] "You may charge a fee for the physical act of transferring a copy, and you may at your option offer warranty protective in exchange for a fee." Dkt. 18, 1-1 at 1.

terminated so long as such parties remain in full compliance." Dkt. 18-1 at 3.  In other words, the actions of the transferor do not impact the rights of the transferee.  Therefore, the Customers' rights as users of XimpleWare are not impacted by another's allegedly improper modification, distribution or copying of the software.  Under the facts alleged by XimpleWare, therefore, the Customers are licensed to use XimpleWare's software under the GPL.

### C. XimpleWare's Allegations of Breach of the GPL are Factually Insufficient.

In response to an initial Motion to Dismiss filed by Ameriprise (Dkt. No. 15), XimpleWare has amended its complaint to assert, without factual support, that the Customers' own actions have led to termination of the GPL license through impermissible distribution or copying of the software.[3]  XimpleWare's assertions that the Customers somehow practiced XimpleWare's patents, whether through use, distribution, copying or modification, are just that: naked assertions, devoid of supporting facts, and are therefore insufficient to survive a motion to dismiss.  *See generally Realtime Data, LLC v. Stanley,* 721 F. Supp. 2d 538, 543 (E.D. Tex. 2010) (commenting in the patent context that "[t]he Court has high expectations of a plaintiff's preparedness before it brings suit").

As an initial matter, XimpleWare's allegations are insufficiently specific to survive dismissal for the independent reason that allegations against the Customers fail to identify which Customer, if any, engaged in which prohibited action.  *Automated Transaction LLC v. New York Cmty. Bank*, 12-CV-3070 JS ARL, 2013 WL 992423 (E.D.N.Y. Mar. 13, 2013) ("Defendants argue this "group pleading"—i.e., referring to both Defendants collectively as "Community" rather than distinguishing between them—is impermissible and insufficient under both Form 18 and Rule 8. The Court agrees.").  Moreover, the allegations against this undefined group of

---

[3] XimpleWare amended its complaint after Ameriprise filed a motion to dismiss asserting this license defense.  *See* Dkt. 18.  In its Amended Complaint, XimpleWare added some factual allegation to support its claim that Ameriprise breached the GPL (although those factual assertions are unlikely to be sufficient).  As to the Customers, XimpleWare failed to even make an effort to allege any specific facts.

Defendants are also impermissibly conclusory and general.

*First*, XimpleWare confusingly accuses all defendants, including the Customer defendants, of "making, selling and using the DCM product." Dkt. 18 at ¶73. As discussed above, any use by the Customers is licensed under the GPL. However, the allegation that the Customer defendants "make[]" or "sell[]" DCM is simply implausible. XimpleWare's pleadings only allege that Versata, and not any of the Customers, makes and sells the DCM product. *See* Dkt. 18 at ¶60-61 (describing "Versata's DCM product," which is licensed by Versata). The Customer defendants are clearly alleged to be customers of Versata. Dkt. 18 at ¶68. The claim that all Defendants impermissibly infringe because all Defendants make Versata's DCM software must therefore be dismissed.

*Second,* XimpleWare does not properly allege under Form 18 that any Customer makes, sells or offers for sale an identified product that improperly contains XimpleWare's software. *See* Dkt. 18 at ¶81 ("Defendants have infringed and continue to infringe…by making, using selling and/or offering for sale …a ***number of products*** that practice the claims contained in the Patent") (emphasis added). A plaintiff must "name[] and specifically identif[y] products or product components" to survive a motion to dismiss, not just say that "a number of products" may infringe. *Bender v. LG Electronics U.S.A., Inc.,* C 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) (collecting authorities); *Wistron Corp. v. Phillip M. Adams & Associates, LLC,* C-10-4458 EMC, 2011 WL 4079231 (N.D. Cal. Sept. 12, 2011) ("Adams has referred to infringement by "other products" without providing any further identification of such products. This bare reference to "products" is clearly inadequate."). The allegation of paragraph eighty-one, alleging that Defendants make, use, sell and/or offer for sale "a number of products that practice the claims contained in the Patent" is legally insufficient under Form 18 and the allegation must be dismissed.

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

***Third***, XimpleWare has alleged that the Customers have "distributed...DCM and VTD-XML to thousands of non-employee independent contractors or franchisee advisors or 'producers'". Dkt. 18 at ¶85. There is absolutely no basis, nor is any proffered, for this broad allegation. Again, this allegation improperly groups Customers together without specifically identifying which Customer is accused of taking which infringing action (and the Customers note that "distributing" is not an infringing action). On this basis alone, this allegation must be dismissed. However, the allegation also fails to identify what distribution, in what form, and to whom, allegedly fails to comply with the GPL license which would render all recipients licensed users. ***Compare*** Dkt. 18 at ¶69-72 (alleging in detail Ameriprise's improper distribution of the XimpleWare software but failing to offer any such facts with respect to the Customers). Further, the allegation itself is internally implausible because DCM is enterprise software and is not the kind of program that one installs on each machine in a company (as one would, for example, a word processing program) or distributes to affiliates and independent agents. ***See*** Dkt. 18 at ¶85.

16

### D.  XimpleWare Has Not Sufficiently Pled Willful or Knowing Infringement

17
18
19
20
21
22
23
24
25
26
27

XimpleWare has contended that Customers' purported infringement was "knowing and willful" because "Defendants actually knew" that the program was the work of XimpleWare. Dkt. 18 at ¶87.[4]   "Within the Northern District, to sufficiently plead a claim for willful infringement, a patentee must make out the barest factual assertion of knowledge of an issued patent...a mere "allegation of 'actual knowledge,' without more," is not enough to state a claim for willful infringement." *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*, C 12-00068 JW, 2012 WL 2803617 (N.D. Cal. July 10, 2012) (granting dismissal of claim for willful infringement)(internal citations omitted).   XimpleWare pleads that only the Versata Defendants allegedly accessed the SourceForge project page indicating the program must be

28

---

[4] These allegations also fail for the separate and independently sufficient ground that the allegations of willful infringement do not identify customers individually but simply identify a group.

licensed under the GPL, which itself contains no patent notices.  *Id.*  While XimpleWare alleges that Versata kept an internal note regarding XimpleWare's license status, XimpleWare pleads no facts that would support the inference that the Customers had access to Versata's internal ledger, or that that internal ledger contained any knowledge of the patents-in-suit.  XimpleWare alleges that Versata prevented its customers from learning of XimpleWare's open source license status by failing to include this information in its product code.  *Id.* at ¶61.  Such status has no relevance as to whether or not the product at issue was patented and XimpleWare never pleads that the Customers knew or should have known that VTD-XML was patented.   Therefore, by XimpleWare's own allegations, knowing infringement is not only implausible, it is impossible.  In short, none of XimpleWare's allegations regarding willful infringement rise to the level of detail required by *Iqbal* and *Twombly* and must be dismissed.

### E.  XimpleWare is not Entitled to Declaratory Relief Against the Customers

XimpleWare's claim against the Customers for patent infringement is barred because the Customers are licensed, as demonstrated above.  XimpleWare has also presented a claim for declaratory relief, which is simply a rephrasing of its patent infringement claim.  Based upon the same unsound legal footing discussed above, the claim for declaratory relief must also be dismissed.  Further, as pled, the declaratory relief claim does not relate to a case or controversy between the Customers and XimpleWare: because the Customers are licensees, none of the declarations requested involve the Customers at all.  *See* Dkt. 18 (requesting the Court declare each of the patents valid and enforceable).   A case or controversy must exist to sustain an action for declaratory relief.  "For there to be a case or controversy under Article III, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," "real and substantial," and "admi[t] of specific relief through a decree of a conclusive character."  *Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1335-36 (Fed. Cir. 2008).   Because a

licensee's interests are not adverse where the licensor seeks to confirm its rights to act as the licensor by confirming the validity of its patents, the interests of the Customers and XimpleWare are not adverse and no case or controversy exists.

## CONCLUSION

For the reasons discussed above, XimpleWare's Amended Complaint against the Customer Defendants should be dismissed in its entirety.  The court has broad discretion to deny a leave to amend where Plaintiff has previously amended the compliant.  *Fuzzysharp Techs. Inc. v. Nvidia Corp.*, 2013 U.S. Dist. LEXIS 126989 (N.D. Cal. 2013) citing *Ascon Properties, Inc. v. Mobile Oil Co.*, 866 F.2d 1449, 1160 (9th Cir. 1989).   As Plaintiff has already amended its Complaint once in response to a Motion to Dismiss pursuant to 12(b)(6), the Customer Defendants respectfully request that the Court consider denying Plaintiff further leave to amend.

Dated: January 27, 2013                    Respectfully Submitted,

                                           Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.

                                           /s/ Alisa Lipski
                                           Alisa Lipski
                                           1221 McKinney, Suite 3460
                                           Houston, Texas 77010
                                           Tel: 713-655-1101
                                           Fax: 713-655-0062
                                           Email: alipski@azalaw.com

                                           Valorem Law Group
                                           David C. Bohrer (SBN 212397)
                                           Sixty South Market St., Ste. 1400
                                           San Jose, California 95113
                                           Tel: 408-938-3882
                                           Fax: 408-915-2672
                                           Email: david.bohrer@valoremlaw.com

                                           ***Attorneys for Defendants Pacific Life Ins.Co., Metropolitan Life Ins. Co., The Prudential Ins. Co. of America, Wellmark, Inc., and Aviva USA Corp.***

1

2

3

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's ECF

System.

Dated: January 27, 2013   /s/ Alisa Lipski
           Alisa Lipski

4839-5963-9320, v. 1

10