Clayton C. James (Cal. Bar No. 287800)
    clay.james@hoganlovells.com
Srecko Vidmar (Cal. Bar No. 241120)
    lucky.vidmar@hoganlovells.com
HOGAN LOVELLS US LLP
Three Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone:  (415) 374-2300
Facsimile:  (415) 374-2499

Attorneys for UNITED HEALTHCARE
SERVICES, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| XIMPLEWARE CORP., <br><br> Plaintiff, <br><br> v. <br><br> VERSATA SOFTWARE, INC. *ET AL.*, <br><br> Defendants. | Case No.:  5:13-cv-05161-PSG <br><br> **REPLY IN SUPPORT OF MOTION BY UNITED HEALTHCARE SERVICES, INC. TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** <br><br> Hearing Schedule: <br><br> Before:   Hon. Paul S. Grewal <br> Date:     Tuesday, March 11, 2014 <br> Time:     10:00 a.m. <br> Location: U.S. Courthouse, San Jose, Courtroom 5 |

**I. INTRODUCTION**

In response to the motion by United HealthCare Services, Inc. ("UHC") which pointed out the lack of any factual allegations related to UHC that support a claim for patent infringement, XimpleWare Corp. ("XimpleWare") resorted to a transparent pleading trick. Just like its amended complaint, XimpleWare's "consolidated opposition" lumps together conduct of various entities unrelated to UHC and pretends that this unrelated conduct somehow supports a patent infringement claim against UHC. It does not.

While XimpleWare's tactics make it difficult for the Court and for UHC to determine what precisely XimpleWare alleges against UHC (as opposed to other defendants), no amount of pleading gymnastics can overcome the reality that XimpleWare does not (and cannot) plead that UHC did anything other than use the software it purchased from Versata. XimpleWare alleges that the Versata software contained certain XimpleWare source code, UHC's use of which infringed XimpleWare's patents. But, XimpleWare's complaint makes it clear that UHC held a GNU General Public License ("GPL") to use XimpleWare's software, and UHC did nothing to violate that license. As such, because XimpleWare granted UHC the right to use the software, XimpleWare cannot, as a matter of law, plead a claim for patent infringement against UHC for the use of that software.

Everything else in XimpleWare's opposition is a smoke-screen, insofar as it relates to UHC. For example, Judge Illston's ruling, on which XimpleWare heavily relies, has nothing to do with UHC. Not only is UHC not a party to the case before Judge Illston, the specific allegations that she found sufficient in that case are not alleged *against UHC* in this case. Also, XimpleWare's reliance on alleged misdeeds of entities unrelated to UHC have no effect on UHC's right to use the software under the license. The terms of the GPL itself make this crystal clear, as shown below.

Finally, XimpleWare does not even bother to address UHC's specific argument that XimpleWare's declaratory judgment claim must be dismissed for lack of subject-matter jurisdiction. For the reasons set out in UHC's Motion to Dismiss, and as explained further below,

the Court should dismiss XimpleWare's claims against UHC without leave to amend.

## II. ARGUMENT

### A. Judge Illston's Order Does Not Save XimpleWare's Claims Against UHC.

Judge Illston's decision related to XimpleWare's allegations against Ameriprise in the related case for copyright infringement, (Case No. 5:13-cv-5160-SI), does not save XimpleWare's claims against UHC in this case. In that case, where UHC is not a party, Judge Illston considered specific allegations against Ameriprise that related to Ameriprise's own conduct which, if proven true, would constitute an independent violation of the GPL terms and, therefore, would subject Ameriprise to liability. Judge Illston's decision pointed to paragraphs 59-61 of the complaint operative in that case (Dkt. 48) where XimpleWare makes specific allegations of fact related to Ameriprise's conduct.

Those allegations against Ameriprise are repeated verbatim in XimpleWare's amended complaint in this case. (Dkt. 18 ¶¶ 69-71). Rather than helping, these allegations against Ameriprise doom XimpleWare's claims against UHC. While XimpleWare was able to point to Ameriprise's securities filings and other publicly available sources to make factual allegations of improper distribution of software by Ameriprise, XimpleWare did not do so in connection to UHC. Tellingly, after UHC pointed to these deficiencies in its Motion to Dismiss, XimpleWare is still unable to muster a single factual allegation that would support a claim that UHC violated any terms of the GPL.

### B. UHC Holds a License to Use the XimpleWare Software.

No matter what Versata or Ameriprise may have done, UHC holds a license to use the XimpleWare software under the GPL. As opposed to a situation involving a typical commercial license, UHC did not obtain the rights under the GPL as a sub-licensee of Versata, where Versata's alleged wrongdoing might affect UHC's downstream rights. The terms of the GPL make this clear. First, the act of receiving a copy of the program automatically confers "a license from the original licensor to copy, distribute or modify" that program subject to the GPL. (Dkt. 18, Exhibit 1 (GPL), Section 6). Thus, when it received the software, UHC was granted a license

directly from XimpleWare, as the "original licensor," a license that is separate and distinct from the license between XimpleWare and Versata. It is that license between UHC and XimpleWare that authorized UHC's use of the software. (GPL, Section 0 states that the "act of running the Program is not restricted.")

Thus, the actions of Versata before UHC received the software may have an effect on the license that exists between Versata and XimpleWare, but it has no bearing on UHC's own rights under a separate license between it and Ximpleware. As the GPL makes clear, irrespective of what occurred before or after UHC got the software, UHC's own rights under the GPL will not be terminated as long as UHC remains in full compliance. (GPL, Section 4). XimpleWare's repeated assertions that Versata's alleged violation of the GPL "made it *impossible* for the Customers . . . to comply" (Dkt. 44 at 1, emphasis added), or that UHC's license rights were "void *ab initio*" or "instantly terminated automatically" (*id* .at 16), are in direct contradiction of the GPL terms that XimpleWare itself chose to govern the use of its software by recipients such as UHC. As discussed above, no act by Versata can affect UHC's rights under the GPL because UHC is licensed directly from XimpleWare pursuant to Section 6 of the GPL. Instead, UHC's rights under the GPL would terminate only if UHC itself committed an act that violates the GPL. But XimpleWare has not plausibly alleged any such acts, as discussed below.

**C. XimpleWare Has Not Alleged Any Facts That Would Show a Violation of the GPL by UHC.**

XimpleWare's allegations *of fact* concerning any violations of the GPL by UHC are nonexistent. In paragraph 84 of the amended complaint, XimpleWare alleges patent infringement by virtue of the use of XimpleWare software by Versata customers (including UHC). As noted in UHC's Motion, and as explained above, UHC had the unconditional right to use the software that XimpleWare chose to license under the terms of the GPL. Thus, the mere *use* of software cannot, as a matter of law, constitute patent infringement.

The only other allegation implicating UHC is in paragraph 85 of the amended complaint, which provides:

> 85. On information and belief, and without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, the Customer Defendants have distributed without authorization DCM and VTD-XML to thousands of non-employee independent contractor or franchisee advisors or "producers."

While this paragraph, at first blush, seems to allege improper distribution of XimpleWare software which, if true, might constitute a violation of the GPL, a closer inspection of XimpleWare's amended complaint shows that this allegation is not directed against UHC. Specifically, the references to independent contractors, franchisee advisors and producers comes directly from paragraphs 69-71 of the amended complaint where XimpleWare quotes from *Ameriprise documents* about activities of *Ameriprise* in connection with the XimpleWare software. In contrast, XimpleWare has alleged no *facts* that relate specifically to UHC that would support the conclusion that UHC distributed the software *to anyone*, much less done so in violation of the GPL. Thus, when allegations against Ameriprise are stripped out of paragraph 85, all that remains is a bare conclusory statement that UHC has distributed the software and is liable because of such distribution. This is insufficient to state a claim for patent infringement against UHC. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("[Rule 8] . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").[1]

### D. XimpleWare's Declaratory Judgment Claim Should be Dismissed.

Because XimpleWare does not (and cannot) allege that UHC knew of the asserted patents before this action was filed, UHC could not have possibly had a dispute with XimpleWare over

---

[1] XimpleWare appears to argue that its claims should survive UHC's Motion to Dismiss if "**any** set of facts" supports its allegations. (Dkt. 44 at 5, emphasis original). XimpleWare also argues that UHC's Motion can only be granted "when **no** set of facts would support" the claims. (Dkt. 44 at 20, emphasis original). This is an incorrect statement of the law related to pleadings which has been expressly rejected by the U.S. Supreme Court. As *Twombly* made clear, the "any set of facts" standard applies only "once a claim has been stated adequately." *Twombly*, 550 U.S. at 562-63. In fact, *Twombly* referred to the "no set of facts" language as "questioned, criticized, and explained away long enough. . . . [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Id*. at 561-62.

their validity. As such, no actual controversy existed at the time of the filing of the complaint and the Court lacks subject-matter jurisdiction to hear Plaintiff's declaratory judgment claim against UHC. 28 U.S.C. § 2201(a); *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 392 n.12 (3d Cir. 1991) ("It is a firmly established rule that subject matter jurisdiction is tested as of the time of the filing of the complaint.").

XimpleWare's opposition completely ignores this black letter law. Instead, XimpleWare once again looks for salvation to Judge Illston's order in the copyright case, where UHC is not party. Alas, that order is of no use on this topic either. As an initial matter, Ameriprise did not argue in the copyright case that the court lacked subject-matter jurisdiction. Instead, Ameriprise effectively conceded that XimpleWare's declaratory judgment claim *against Ameriprise* rises or falls with the copyright infringement claim. (Dkt. 44, Exhibit 1 at 5). Once Judge Illston declined to dismiss XimpleWare's copyright infringement claims against Ameriprise (for reasons unrelated to UHC, as discussed above), the same result naturally followed for the declaratory judgment claim in that case as well.

That result says nothing about the Court's subject matter jurisdiction over XimpleWare's declaratory judgment claim against UHC. UHC never argued that the declaratory judgment claim hinges on the survival of the patent infringement claim. Instead, UHC pointed out that XimpleWare cannot allege that any dispute or controversy over the validity of XimpleWare's patents existed at the time this suit was filed. In its opposition, XimpleWare does not argue otherwise. Therefore, XimpleWare's declaratory judgment claim against UHC should be dismissed.

**E. XimpleWare's Claims Against UHC Should be Dismissed Without Leave to Amend.**

XimpleWare amended its complaint in this action once to include factual allegations against Ameriprise. Indeed, its substantially similar allegations against Ameriprise in the copyright case saved it from dismissal in that case. XimpleWare had a full incentive to allege specific facts against UHC but failed to do so in its first amendment. The Court should not allow

XimpleWare another bite at the apple. As discussed in UHC's motion (and not refuted by XimpleWare), XimpleWare cannot make out a claim for patent infringement against UHC consistent with the facts as they exist, no matter how craftly it tries to amend its complaint. Nor can any amendment to the complaint change the fact that UHC did not know about the asserted patents before the filing of this lawsuit. XimpleWare's claims for patent infringement and declaratory judgment against UHC should be dismissed without leave to amend.

Respectfully submitted on February 18, 2014.

HOGAN LOVELLS US LLP
By: *s/ Srecko Vidmar*
      Srecko Vidmar

Attorneys for Defendant
UNITED HEALTHCARE SERVICES, INC.