Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
Alisa Lipski (SBN 278710)
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com

Valorem Law Group
David C. Bohrer (SBN 212397)
Sixty South Market St., Ste. 1400
San Jose, California 95113
Tel: 408-938-3882
Fax: 408-915-2672
Email: david.bohrer@valoremlaw.com

*Attorneys for Defendants Versata Software, Inc.,
f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc.
and Aurea Software, Inc. a/k/a Aurea, Inc., Pacific Life Ins.Co.,
Metropolitan Life Ins. Co., The Prudential Ins. Co. of America,
Wellmark, Inc., and Aviva USA Corp.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XimpleWare Corp.**, California Corporation<br><br>              Plaintiff,<br><br>       v.<br><br>**Versata Software, Inc. f/k/a Trilogy Software, Inc.**; **Trilogy Development Group, Inc**.; **Ameriprise Financial, Inc.,**; **Ameriprise Financial Services, Inc.**, **Aurea Software, Inc. a/k/a Aurea, Inc.,**; **Pacific Life Ins. Co; United Healthcare Services, Inc.; Metropolitan Life Ins. Co.; The Prudential Ins. Co. of America; Wellmark, Inc.; Waddell & Reed Financial, Inc.; and Aviva USA Corp.,**<br><br>              Defendants. | **Case No.  13-cv-05161-PSG**<br><br>**DEFENDANTS VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC., AUREA SOFTWARE, INC. A/K/A AUREA, INC.  PACIFIC LIFE INS. CO.; METROPOLITAN LIFE INS. CO.; THE PRUDENTIAL INS. CO. OF AMERICA; WELLMARK, INC. AND AVIVA USA CORP'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Date: March 18, 2014<br>Time: 10:00 a.m.<br>Location: Courtroom 5<br>**Judge: Hon. Paul S. Grewal** |

REPLY IN SUPPORT OF MOTION TO
DISMISS                                                                                      CASE NO. 5:13-CV-05161

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1
STATEMENT OF FACTS ............................................................................................................. 1
ARGUMENT .................................................................................................................................. 3
   I.    Direct Infringement ............................................................................................................ 3
   II.   Indirect Infringement ........................................................................................................ 6
   III.  Willfulness ........................................................................................................................ 7
   IV.  XimpleWare's Allegations regarding the GPL ................................................................ 7
   V.   XimpleWare's Impermissible Group Pleading ................................................................ 8
   VI.  Further Leave to Amend ................................................................................................. 11
CONCLUSION ............................................................................................................................. 11

**TABLE OF AUTHORITIES**

**CASES**

*Acco Brands USA LLC v. Hewlett Packard Co.*,
    2011 U.S. Dist. LEXIS 67420, 6-7 (C. D. Cal. 2011) ............................................................. 4

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ........................................................................................................ 8

*Automated Transaction LLC v. New York Cmty. Bank*,
    12-CV-3070 JS ARL, 2013 WL 992423 (E.D.N.Y. Mar. 13, 2013) ..................................... 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570 (2007) ........................................................................................................ 8

*DIRECTV v. K-Tech Telecomms., Inc.*,
    2014 U.S. LEXIS 993 .............................................................................................................. 3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060, 2068 (2011) .................................................................................................. 6

*Guzik Tech. Enters. v. W. Digital Corp.*,
    2012 U.S. Dist. LEXIS 66552 (N.D. Cal. 2012) ..................................................................... 3

*i4i Ltd. Partnership v. Microsoft Corp.*,
    598 F.3d 831, 861 (Fed. Cir. 2010) ......................................................................................... 7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
     681 F.3d 1323, 1336 (Fed. Cir. 2012) .................................................................................... 3

*Infineon Techs. AG v. Volterra Semiconductor Corp.*,
    2012 U.S. Dist. LEXIS 128660 (N.D. Cal. 2012) ................................................................... 4

*Jamison v. Royal Caribbean Cruises, Ltd.*,
    2009 WL 559722 at *4 (S.D. Cal. Mar. 4, 2009) .................................................................. 10

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.,*
   714 F.3d 1277, 1279 (Fed Cir. 2013) ................................................................................... 3,5

*M/V Am. Queen v. San Diego Marine Constr. Corp.*,
   708 F.2d 1483, 1489-90 (9th Cir. 1983) ................................................................................. 9

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354, 1357  (Fed. Cir. 2007) ................................................................................... 3

*Sandoval v. ZillionTV Corp.*,
   2010 U.S. Dist. LEXIS 133804 ......................................................................................... 9,10

*Sealant Sys., Int'l v. TEK Global,*
   2012 U.S. Dist. LEXIS 752 (N.D. Ca. 2012) ....................................................................... 11

*Superior Indus., LLC v. Thor Global Enters.*,
    700 F.3d 1287, 1295. ............................................................................................................. 6

*Walsh v. Kindred Healthcare*,
   798 F.Supp.2d 1073, 1082 (N.D. Cal. June 15, 2011) ........................................................... 9

*Wehlage v. EmpRes Healthcare, Inc.*,
   791 F. Supp. 2d 774, 783 (N.D. Cal. 2011) ......................................................................... 10

*Winstron v. Phillip M. Adams Associates, LLC,*
   2011 U.S. Dist. LEXIS 102237 (N. D. Ca. 2011) .................................................................. 4


# INTRODUCTION

XimpleWare's Amended Complaint fails for a very simple reason: XimpleWare does not adequately allege direct, indirect or willful patent infringement and thus does not notify Defendants of their alleged misconduct sufficiently to allow them to respond. XimpleWare's allegations regarding its copyrights are not relevant to this patent case. XimpleWare's numerous allegations and misinterpretations of the GPL do not suffice to meet the standing requirements of either direct patent infringement under Form 18 or indirect or willful patent infringement under *Iqbal* and *Twombly*. Tellingly, XimpleWare does not even try to address the primary and fatal deficiencies that Versata Software, Inc., Trilogy Development Group, Inc., Aurea Software, Inc., ("Versata Defendants") and Pacific Life Ins. Co., The Prudential Ins. Co. of America, Wellmark, Inc. and Aviva USA Corps. ("Customer Defendants") (collectively "Defendants") have identified in their Motions to Dismiss, and as such, Defendants' Motions must be granted. Furthermore, these pleading deficiencies, as well as the inapplicable and irrelevant arguments made in XimpleWare's Consolidated Opposition, are a clear indication that XimpleWare has not carefully considered its claims of patent infringement prior to filing suit.

# STATEMENT OF FACTS

1. On November 5, 2013, Plaintiff XimpleWare Corp. ("XimpleWare") originally filed a complaint alleging patent infringement against Versata Software, Inc., Trilogy Development, Inc., Aurea Software, Inc. (collectively "Versata Defendants), Pacific Life Insurance Company, Metropolitan Life Insurance Company, The Prudential Insurance Company of America, WellMark, Inc., Aviva USA Corporation ("Customer Defendants"), United HealthCare Service, Inc., ("United") and Ameriprise Financial Services, Inc. ("Ameriprise") ("this Patent case").[1]

2. Also on November 5, 2013, XimpleWare filed a complaint alleging copyright infringement against the Versata Defendants and Ameriprise ("the Copyright case" or "'160 case"). See *XimpleWare Corp. v. Versata Software, Inc., f/k/a Software, Inc. et al.,* Civil Action No. 3:13-cv-05160, pending in the United States District Court for the Northern District of California, San Francisco Division, in front of Judge Susan Illston.

---

[1] Waddell & Reed Financial, Inc. is also named in this suit but has not yet made an appearance.

3. In both cases, XimpleWare alleges that its VTD-XML or VTD-XML Extended software ("XimpleWare Product") is protected under both patent and copyright law, and that no defendant has been granted a commercial license, permission, or authorization to use and redistribute any XimpleWare Product or Source Code. XimpleWare alleges that it licenses its Source Code under the GNU General Public License version 2 ("GPL").

4. On December 3, 2013, Ameriprise filed Motions to Dismiss Pursuant to FRCP 12(b)(6) in both this Patent Case (Doc. No. 15) and the Copyright Case ('160 case, Doc. No. 41).

5. On December 17, 2013, in lieu of filing Oppositions to Ameriprise's Motions to Dismiss, XimpleWare filed First Amended Complaints in both this Patent case (Doc. No. 18) and the Copyright case ('160 case, Doc. No. 48).

6. On December 31, 2013, Ameriprise filed Renewed Motions to Dismiss in both this Patent Case (Doc No. 25) and the Copyright Case ('160 case, Doc. No. 52), seeking to dismiss in their entirety the allegations against Ameriprise contained in the First Amended Complaints in both cases, basing its arguments primarily on whether or not Ameriprise has a license from XimpleWare to VTD-XML under the GPL.

7. On January 27, 2014, the Versata Defendants, Customer Defendants and United filed three separate Motions to Dismiss in this Patent case (Doc. Nos. 39, 38, and 33 respectively). On the same day, the Versata Defendants also filed a Motion to Dismiss in the Copyright Case. ('160 case, Doc No. 59).

8. On February 4, 2014, Judge Illston denied Ameriprise's Renewed Motion to Dismiss in the Copyright case. ('160 case, Doc. No. 61).

9. On February 10, 2014, XimpleWare filed a Consolidated Motion to Dismiss replying to the three separate Motions to Dismiss filed by the Versata Defendants, the Versata Customers, and United Healthcare. ("Consolidated Opposition") (Doc. No. 43).

10. Judge Illston has not yet ruled on the Versata Defendants' Motion to Dismiss in the Copyright case.

11. The Versata Defendants and the Customer Defendants disagree with the facts that XimpleWare has alleged, including XimpleWare's assertions regarding the GPL that are made

REPLY IN SUPPORT OF MOTION TO DISMISS

2

CASE NO. 5:13-CV-05161

both in the Statement of Facts section of its brief and its argument section, and including but not limited to XimpleWare's statement that: "The only license that the Versata Defendants purported to have was from the GPL." Doc No. 41 at ¶ 13.

## ARGUMENT

### I. Direct Infringement

It is well established that Form 18 governs allegations of direct patent infringement. ("District courts must evaluate complaints alleging direct infringement by reference to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure ('Form 18')"). *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.,* 714 F.3d 1277, 1279 (Fed Cir. 2013), US Supreme Court certiorari denied by *DIRECTV v. K-Tech Telecomms., Inc.*, 2014 U.S. LEXIS 993 (U.S., Jan. 27, 2014); *see also In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). XimpleWare does not argue that it meets the requirements of Form 18 and argues instead that the elements for stating a claim for direct patent infringement are laid out in the Patent Act, specifically 35 U.S.C. § 271(a). This is not the law. As this Court (among many others) has noted, Form 18 governs allegations of direct patent infringement. *Guzik Tech. Enters. v. W. Digital Corp.*, 2012 U.S. Dist. LEXIS 66552 (N.D. Cal. 2012).

Form 18 requires: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that <u>defendant</u> has been infringing the patent 'by making, selling, and using <u>[the device] embodying the patent</u>'; (4) a statement that the <u>plaintiff has given the defendant notice of its infringement</u>; and (5) a demand for injunction and damages." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (emphasis added) (Fed. Cir. 2007). XimpleWare has failed to meet requirements 3 and 4 of Form 18, and has not even attempted to address these deficiencies in its Consolidated Opposition.

    **a. XimpleWare does not properly provide a statement that "defendant has been infringing the patent by making, selling, and using [the device] embodying the patent" as required by Form 18.**

XimpleWare cannot point to any place in the Amended Complaint where it completely and clearly lays out the admittedly bare bones requirements of Form 18 against each Defendant, and instead, as predicted by the Versata Defendants, attempts to cobble together intelligible

REPLY IN SUPPORT OF MOTION TO DISMISS     3     CASE NO. 5:13-CV-05161

allegations by pointing to no less than 20 different paragraphs which the Defendants must parse in order to get an idea of what XimpleWare's accusations specific to each Defendant might be. Even after a careful reading, the import of these allegations with respect to each Defendant is not clear as these allegations are made collectively, and are not specific to each Defendant. Again, the most direct allegation of patent infringement in the Amended Complaint is Paragraph 81:

> On information and belief, <u>Defendants</u> have infringed and continue to infringe XimpleWare's Patents and each of them by making, using, selling, and/or offering for sale in the United States <u>a number of products</u> that practice the claims contained in <u>the Patent</u>, and will continue to do so unless enjoined by this Court. (emphasis added) Doc. No. 18.

Simply saying that Defendants' "products" infringe is not sufficient, even under the lenient criteria of Form 18. *Acco Brands USA LLC v. Hewlett Packard Co.,* 2011 U.S. Dist. LEXIS 67420, 6-7 (C. D. Cal. 2011). *See also Winstron v. Phillip M. Adams Associates, LLC,* 2011 U.S. Dist. LEXIS 102237 (N. D. Ca. 2011) and *Infineon Techs. AG v. Volterra Semiconductor Corp.,* 2012 U.S. Dist. LEXIS 128660 (N.D. Cal. 2012). (both finding allegation of infringement based on "other products" insufficient.) Further, lumping together all Defendants does not meet the standard, as XimpleWare's allegations seem to be based on several different transactions. It is not clear which Defendant is accused of performing which allegedly infringing activity.

The paragraph that XimpleWare points to similarly does not provide the required detail and further is not limited to activity within the United States:

> Defendants have infringed, and are still infringing on XimpleWare's intellectual property rights by making, selling, and using the DCM product that practices the XimpleWare Patents, and the Defendants will continue to do so until this Court enjoins them. (Doc. No. 18, ¶ 73).

Given XimpleWare's allegations regarding "products" generally, Defendants cannot ascertain the limitations of XimpleWare's allegations of infringement. And again, and as explained further below, it is also not clear which Defendant is being accused of performing which allegedly infringing action. While Form 18 provides the bare minimum required, it in no

REPLY IN SUPPORT OF MOTION TO DISMISS     4     CASE NO. 5:13-CV-05161

way relaxes the clear principal of Rule 8, that each potential infringer be placed on notice of what activity is being accused of infringement. *K-Tech Telecomms., Inv. v. Time Warner Cable, Inc.,* 714 F.3d 1277, 1284 (Fed. Cir. 2013).

### b. XimpleWare does not provide "a statement that the plaintiff has given the defendant notice of its infringement" as required by Form 18.

With respect to notice, a requirement of Form 18, XimpleWare has alleged only:

> XimpleWare uses the patent numbers on its Product and its documentation to give actual and constructive notice of the existence of the XimpleWare patents. (Doc. No. 18, ¶ 57.)

This appears to be an attempt to comply with marking requirements. There is simply no allegation in the Amended Complaint that any of the Defendants, much less all of them, had notice of the XimpleWare patents. The Versata Defendants are accused of downloading the Source Code, which does not contain notice of the patents. In fact, XimpleWare later alleges that:

> The only copyright or license notices that XimpleWare has ever placed on its VTD-XML source code give notice that the Source Code is licensed under the GPL for those strictly complying with all conditions of the GPL, and that it is otherwise commercially available through license directly from XimpleWare.

The Source Code, XimpleWare alleges, is not marked with the patent and does not provide notice. XimpleWare states that it has records of the Versata Defendants (though which Versata Defendant is unclear) visiting the SourceForge project page. However, XimpleWare never alleges that the SourceForge project page contains any notice of the patents. XimpleWare provides no plausible theory to support an assertion that the Versata Defendants, or any Defendant, had notice of the XimpleWare patents. While this is clearly fatal to their claims of induced and willful infringement, as detailed more fully below, it also is fatal to their claims of direct infringement against all defendants, as it is the 4th requirement of Form 18. XimpleWare never alleges that the Customers had any notice that any product they allegedly received or used was protected by valid patents owned by XimpleWare. In its Consolidated Opposition, XimpleWare specifically states: "The software that the Versata Defendants provided to

REPLY IN SUPPORT OF MOTION TO DISMISS

5

CASE NO. 5:13-CV-05161

1  Ameriprise and other customers did not contain the requisite notices and disclaimers. Am.
2  Compl. ¶ 63." Consolidated Opposition at pg. 10.

## II. Indirect Infringement

XimpleWare also errs in its assessment of its allegations regarding indirect infringement. First, the Versata Defendants note that XimpleWare has not disputed that its contributory infringement claims are deficient and as such those should be dismissed for the reasons explained in the Versata Defendants' Motion to Dismiss.

XimpleWare also fails to provide the required specificity with respect to its claims for induced infringement. XimpleWare states: "The key to XimpleWare's patent inducement claim is simple: the Versata Defendants have not given their customers notice or means to comply with the GPL." Consolidated Opposition at pg. 16. It concludes that: "This is a classic inducement of patent infringement, for which all Defendants are strictly liable under well-settled patent law principles." Doc. 43 at pg. 16. This Court is well-versed in the elements required for patent inducement, and this is far from the "classic" case.

Allegations of inducement of patent infringement are evaluated under *Iqbal* and *Twombly*, and not the more lenient standard of Form 18. *Superior Indus., LLC v. Thor Global Enters.,* 700 F.3d 1287, 1295. Specifically for inducement of infringement, XimpleWare must allege facts to support a reasonable inference that one of the Versata Defendants specifically intended to induce infringement or knew that it had induced acts that constitute infringement. *Id.* at 1296. XimpleWare has not alleged that any of the Versata Defendants had notice of the XimpleWare patents, and thus they cannot be liable for inducement of infringement. Induced infringement under §271(b) requires knowledge that the induced acts constituted patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011).

What XimpleWare seems to be arguing is that while initially licensed, the Customers' license was terminated. Arguing that a defense of license is not meritorious does not make a case of inducement of patent infringement. Far from being the classic case of inducement, these allegations are simply not relevant to the issue of whether indirect infringement has been properly

REPLY IN SUPPORT OF MOTION TO DISMISS  6  CASE NO. 5:13-CV-05161

pled.[2] As such, the Court should dismiss those claims, to the extent they have been pled.

### III. Willfulness

Infringement is willful when the infringer was aware of the asserted patent, but nonetheless acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010). Despite the clear identification of what is required to plead willfulness contained in the Motions to Dismiss, XimpleWare mentions willfulness with respect to patent infringement only once in its Consolidated Opposition to the Motions to Dismiss:

> "This clear knowledge of VTD-XML's licensing status, coupled with the failure to even attempt to negotiate a commercial license with XimpleWare, makes the Versata Defendants liable for willful patent infringement – and it also provides a further basis for XimpleWare's claim for inducing patent infringement." Doc. No. 43 at pg. 19.

The GPL itself does not provide notice of any patents, including XimpleWare's patents and indeed, XimpleWare has not alleged that it does. Therefore, any allegations regarding knowledge of the GPL are not relevant to whether or not any Defendant had knowledge of the patents. This bare statement clearly is insufficient to allege willfulness and as such this claim, to the extent it was pled originally, must be dismissed.

### IV. XimpleWare's Allegations regarding the GPL

XimpleWare continues to argue that the customers are not licensed under the GPL. In so doing XimpleWare relies heavily on Judge Illston's Order regarding Ameriprise's Motion to Dismiss in the Copyright case. However, that decision merely highlights the inadequacy of XimpleWare's pleading against the non-Ameriprise customers. Judge Illston found that XimpleWare had alleged copyright infringement against Ameriprise because "XimpleWare has alleged Ameriprise reproduced and distributed the software outside of Ameriprise . . . thereby acting outside the scope of the GPL." Order at 5:3-7. Key to this order was the fact that

---

[2] Versata notes that it does not agree that any license, patent or otherwise, under the GPL has been terminated.

XimpleWare has made numerous specific factual allegations that Ameriprise breached the GPL. Am. Comp. ¶¶ 69-71. However, there is no similar set of facts alleged against any other customers.

Despite XimpleWare's lengthy and belabored argument that the customers lack a license under the GPL, the GPLv2 (the version XimpleWare alleges controls) is clear. "[T]he recipient [of the Program] automatically receives a license from the original licensor to copy, distribute or modify the Program subject to these terms and conditions." GPL § 6. Section 6 would be rendered meaningless if any breach by a distributor could void the license received by the recipient. Moreover, Section 0 of the GPL clearly indicates that "the act of running the program is not restricted." These two sections taken together grant the customers a license to use XimpleWare regardless of any actions taken or not taken by the Versata Defendants. To survive a motion to dismiss on this point, XimpleWare must plead specific facts, sufficient to satisfy *Iqbal* and *Twombly*, which establish a breach of the GPL by the customers through distribution of XimpleWare to third parties. XimpleWare has not alleged any facts supporting such an allegation for any defendant apart from Ameriprise.

V.  **XimpleWare's Impermissible Group Pleading**

   a.  **Versata Defendants**

In their Motion to Dismiss, the Versata have Defendants argued that XimpleWare has not adequately alleged alter ego against the Versata Defendants. Under Fed. R. Civ. P. 8 a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In making this determination the court must accept all well pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Nor must the court "accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S.

at 678 (quoting *Twombly*, 550 U.S. at 555).

Instead, "[t]o invoke the alter ego doctrine, Plaintiffs must allege facts that allow a court to draw a reasonable inference: (1) that there is such a unity of interest and ownership that the separate personalities of the two corporations no longer exist; and (2) that if the acts are treated as those of only one of the corporations, an inequitable result will follow." *Walsh v. Kindred Healthcare*, 798 F.Supp.2d 1073, 1082 (N.D. Cal. June 15, 2011). In an effort to meet this standard XimpleWare identifies four allegations from its Amended Complaint. *See* Response at 7, 8 (listing allegations). These allegations are insufficient: XimpleWare has alleged that Versata and Aurea are both owned by Trilogy (Am. Compl. ¶¶ 5, 6) and that Ameriprise is a customer of Trilogy and Versata. (Am. Compl. ¶ 7). This only alleges common ownership of Aurea and Versata by Trilogy.[3] This is insufficient. Pleading alter ego, "requires more than a showing that [a Subsidiary] is wholly owned by [a Parent]. *Sandoval v. ZillionTV Corp.*, 2010 U.S. Dist. LEXIS 133804 at *7-9 (N.D. Cal. Dec. 17, 2010)(citing *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1489-90 (9th Cir. 1983)).

The remaining paragraph identified by XimpleWare contains a legal conclusion couched as a fact. *Iqbal,* 556 U.S. at 678 (Court need not accept as true legal conclusions couched as facts). XimpleWare alleges that Trilogy has control over Versata and Aurea. Am. Compl. ¶ 16. However, XimpleWare alleges no facts from which that control could be inferred by this Court. Without the allegation of facts to support this legal conclusion, the legal conclusion is not entitled to deference.

The only remaining alter ego allegation the Versata Defendants can locate in the Amended Complaint are found in paragraphs 17 and 18. There, XimpleWare alleges a laundry list of legal conclusions including: "failure to segregate funds," "misrepresentations of the identity and

---

[3] Note that these allegations are not true. However, they are sufficiently pled for Motion to Dismiss purposes.

REPLY IN SUPPORT OF MOTION TO DISMISS

9

CASE NO. 5:13-CV-05161

ownership of the corporations," "contracting with one another with intent to avoid performance by use of a corporate entity as a shield" and so forth. Am. Compl. ¶18. Although these are all factors a Court could consider when deciding whether to pierce the corporate veil, XimpleWare has again not pled a single fact in support of any of these allegations. Instead, XimpleWare has merely recited the legal conclusions relevant to alter ego determination. This is not sufficient. *Iqbal* 556 U.S. at 678. *See Jamison v. Royal Caribbean Cruises, Ltd.*, 2009 WL 559722 at *4 (S.D. Cal. Mar. 4, 2009) (The Complaint alleges a formulaic recitation of the elements of alter ego law, which is insufficient under the pleading standard articulated in Rule 8) (Not Reported).

Finally, even if the Court concludes that these allegations are sufficient to meet the first prong of alter ego, unity of interest, the Amended Complaint is still insufficient because it is entirely absent any allegations to support the second prong of alter ego, "that if the acts are treated as those of only one of the corporations, an inequitable result will follow." *Walsh v. Kindred Healthcare*, 798 F.Supp.2d at 1082. *See also Sandoval v. ZillionTV Corp.*, 2010 U.S. Dist. LEXIS 133804, at *7-9; *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 783 (N.D. Cal. 2011) ("These broad allegations are not sufficient to show a unity of interest and ownership. Even if they were, Plaintiff does not satisfy the second prong; she fails to allege facts to suggest that an inequitable result will occur if the [parent defendant is] not held liable for her injuries."). Since XimpleWare has identified no injustice that would result from just holding Versata liable, its alter ego allegations should be dismissed.

### b. Customer Defendants

XimpleWare's grouping together of all of the Customer Defendants makes even less sense than its grouping of the Versata Defendants. A bare allegation such as "the Customer Defendants have distributed without authorization DCM and VTD-XML to thousands of non-employee

REPLY IN SUPPORT OF MOTION TO DISMISS  10  CASE NO. 5:13-CV-05161

independent contractor or franchisee advisors or 'producers'" is not sufficient to place each individual Defendant with notice of how it allegedly infringes. Am. Compl. at ¶85. Nor are allegations such as: "The Customer Defendants infringed and continue to willfully infringe the Patents by using the infringing Versata Products, incorporated into the Customer Defendants' internal software systems" sufficient. *See PLS-Pac. Laser Sys. v. TLZ Inc.*, 2007 WL 2022020 at *10 (N.D. Cal. July 9, 2007) (dismissing patent infringement based on plaintiff's group pleading); *Automated Transaction LLC v. New York Cmty. Bank*, 2013 WL 992423 at *4 (E.D.N.Y. Mar. 13, 2013)(same); *Via Vadis, L.L.C. v. Skype, Inc.*, No. 11–CV–0507, 2012 WL 2789733, at *1 (D.Del. July 6, 2012)(same).

## VI. Further Leave to Amend

As Defendants have previously noted, XimpleWare has already amended its Complaint once in response to a Motion to Dismiss. Because XimpleWare offers the Court no reason to believe that any amendment would be anything other than futile, especially with respect to its indirect and willful infringement claims, leave to amend should be denied. *Sealant Sys., Int'l v. TEK Global,* 2012 U.S. Dist. LEXIS 752 (N.D. Ca. 2012). Given the lack of clarity in both the Amended Complaint and XimpleWare's Consolidated Opposition, Defendants respectfully request that XimpleWare be denied further leave to amend, or in the alternative, only be granted leave to amend once XimpleWare has reimbursed Defendants for the costs of this Motion. Defendants note that there is precedent for this result in this District where a defendant has been forced to respond to arguments regarding the wrong standard for pleading requirements.[4]

## **CONCLUSION**

XimpleWare does not dispute Versata's assertions that XimpleWare's direct infringement

---

[4] *See Logic Devices, Inc. v. Apple, Inc,* 2014 U.S. Dist. LEXIS 3157, 8-9 (N.D. Cal. 2014).

REPLY IN SUPPORT OF MOTION TO DISMISS     11     CASE NO. 5:13-CV-05161

1   allegations fail under Form 18.  In fact, XimpleWare does not mention Form 18 once in its
2   Consolidated Opposition.  As such, it has waived any argument that the requirements of Form 18
3   are met.  As they are clearly not, XimpleWare's claims of direct patent infringement should be
4   dismissed against all Defendants.   Similarly, XimpleWare does not respond to Versata's
5   identification of the deficiencies of its indirect and willfulness claims under *Iqbal* and *Twombly*,
6   choosing instead to focus on allegations regarding the GPL, which the Court can clearly see does
7   not provide any notice of the patents.  XimpleWare never alleges, either in its Consolidated
8   Opposition or in its Amended Complaint, that Versata or the Customers had notice of the patents,
9   and thus its indirect infringement and willfulness claims must be dismissed.  Even after this
10  omission was pointed out in Versata's Motion to Dismiss, XimpleWare still does not (and cannot)
11  point the Court to where in the Amended Complaint XimpleWare has alleged notice of the
12  patents, and as such its indirect infringement claims must be dismissed.

Dated: February 18, 2014          Respectfully Submitted,

                                  Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.

                                  /s/ Alisa Lipski
                                  Alisa Lipski (SBN 278710)
                                  1221 McKinney, Suite 3460
                                  Houston, Texas 77010
                                  Tel: 713-655-1101
                                  Fax: 713-655-0062
                                  Email: alipski@azalaw.com

                                  Valorem Law Group
                                  David C. Bohrer (SBN 212397)
                                  Sixty South Market St., Ste. 1400
                                  San Jose, California 95113
                                  Tel: 408-938-3882
                                  Fax: 408-915-2672
                                  Email: david.bohrer@valoremlaw.com

                                  ***Attorneys for Defendants Versata Software, Inc.,***
                                  ***f/k/a Trilogy Software, Inc., Trilogy Development Group,***
                                  ***Inc. and Aurea Software, Inc. a/k/a Aurea, Inc., Pacific***
                                  ***Life Ins.Co., Metropolitan Life Ins. Co., The Prudential***
                                  ***Ins. Co. of America, Wellmark, Inc., and Aviva USA Corp.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's ECF System.

Dated: February 18, 2014    /s/ Alisa Lipski
                            Alisa Lipski

REPLY IN SUPPORT OF MOTION TO DISMISS    13    CASE NO. 5:13-CV-05161