Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com
ahalliburton@computerlaw.com
Attorneys for Plaintiff
XIMPLEWARE CORP.

Gregory S. Tamkin (Cal. Bar No. 175009)
Case Collard (Cal. Bar No. 245834)
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
(303) 629-3400
(303) 629-3450 fax
tamkin.greg@dorsey.com
collard.case@dorsey.com
Attorneys for Defendants
AMERIPRISE FINANCIAL, INC. and
AMERIPRISE FINANCIAL SERVICES, INC.

Clayton C. James (Cal. Bar No. 287800)
Srecko Vidmar (Cal. Bar No. 241120)
HOGAN LOVELLS US LLP
Three Embarcadero Center, Suite 1500
San Francisco, California 94111
(415) 374-2300
(415) 374-2499 fax
clay.james@hoganlovells.com
lucky.vidmar@hoganlovells.com
Attorneys for Defendant
UNITED HEALTHCARE SERVICES, INC.

Alisa Lipski (Cal. Bar No. 278710)
Amir H. Alavi (*Pro Hac Vice*)
Benjamin F. Foster (*Pro Hac Vice*)
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
(713) 655-1101
(713) 655-0062 fax
alipski@azalaw.com
aalavi@azalaw.com
bfoster@azalaw.com

David C. Bohrer (Cal. Bar No. 212397)
VALOREM LAW GROUP
60 South Market St., Ste. 1400
San Jose, CA 95113
(408) 938-3882
(408) 915-2672 fax
david.bohrer@valoremlaw.com

Attorneys for Defendants
VERSATA SOFTWARE, INC.,
f/k/a TRILOGY SOFTWARE, INC.,
TRILOGY DEVELOPMENT GROUP, INC. and
AUREA SOFTWARE, INC.
a/k/a AUREA, INC.

Robert M. Masters (*pro hac vice* forthcoming)
Ryan D. Fabre (*pro hac vice* forthcoming)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
(202) 551-1700
(202) 551-1705 fax
robmasters@paulhastings.com
ryanfabre@paulhastings.com
Attorneys for Defendant
WADDELL & REED FINANCIAL, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **XimpleWare Corp.**, a California Corporation,<br><br>  Plaintiff;<br><br>  v.<br><br>**Versata Software, Inc., f/k/a Trilogy Software, Inc.,** a Delaware corporation; *et al.*<br><br>  Defendants. | Case No. 5:13-cv-5161 PSG<br><br>**JOINT REPORT ON RULE 26(F) CONFERENCE**<br><br>Case Management Conference: March 11, 2014<br>Time: 10:00 a.m.<br>Location: Courtroom 5<br>Judge: Hon. Paul S. Grewal |

I.  **RULE 26(F) CONFERENCE**

On January 27 and March 3-4, 2014, the following parties met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:

- Plaintiff XimpleWare Corp. ("XimpleWare") (through counsel Ansel Halliburton of Computerlaw Group LLP)

- Defendants Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc., Aurea Software, Inc. a/k/a Aurea, Inc. (together the "Versata Defendants"), Pacific Life Insurance Company, Metropolitan Life Insurance Company, The Prudential Insurance Company of America, Wellmark, Inc., and Aviva USA Corporation (through counsel Alisa Lipski and Jamie Aycock of AZA Law)

- Ameriprise Financial, Inc., and Ameriprise Financial Services, Inc. (together the "Ameriprise Defendants") (through counsel Case Collard and Greg Tamkin of Dorsey & Whitney LLP)

- United HealthCare Services, Inc. ("UHC") (through counsel Clay James and Lucky Vidmar of Hogan Lovells US LLP)

- Defendant Waddell & Reed Financial, Inc. ("W&R") (through counsel Robert Masters and Ryan Fabre of Paul Hastings LLP)

The parties considered the nature and basis of their claims and defenses and the possibilities of promptly settling or resolving the case, arranged for the disclosures required by Rule 26(a)(1), discussed preservation of discoverable information, and developed the following discovery plan.

II. **JURISDICTION AND SERVICE**

The court has exclusive subject matter jurisdiction over Plaintiff's patent infringement claims. No defendant has yet filed a counterclaim. All parties have been served. There are no issues regarding personal jurisdiction.

Although all parties except W&R admit that venue is proper in this District, defendants do not at this time agree that this District is the most convenient venue for this case.

W&R has not yet submitted a responsive pleading, and does not concede any issues pertaining to jurisdiction or venue.

### III. FACTS

No discovery has taken place in this case and so most facts remain in dispute. Plaintiff XimpleWare is a small private software company in Milpitas, California that develops and markets software called "VTD-XML" which is used for processing certain kinds of data. XimpleWare publishes VTD-XML, including its source code, under an open source license called the General Public License, or GPL. XimpleWare contends that under the GPL, some uses of VTD-XML are free, but other uses that go beyond the GPL's terms and conditions require a commercial license. XimpleWare contends that its VTD-XML software practices the three patents in suit, and that any use beyond the terms of the GPL is unlicensed patent infringement.

Defendants Versata and Aurea are related companies headquartered in Austin, Texas. Both are involved in the developing and marketing of a software product called Distribution Channel Management, or "DCM". DCM is enterprise software that Versata licenses to financial services and insurance companies.

The two Ameriprise defendants are related companies in the financial services industry headquartered in Minneapolis, Minnesota. Ameriprise licensed DCM from Versata.

The remaining defendants are or were all customers of Versata's DCM product.

Versata sued Ameriprise in Texas state court for breach of its software license agreement for DCM. That case has since been removed to federal court in the Western District of Texas, Austin Division. (See Related Cases section below.) In the Texas case, Ameriprise contends that Versata incorporated several pieces of open source software, including VTD-XML, into the DCM product and has asserted claims based on that conduct.

In mid-2013, Ameriprise told XimpleWare that Ameriprise believes that Versata had incorporated VTD-XML into its DCM product.

Versata denies that VTD-XML is incorporated into DCM, or that it has breached any agreement with XimpleWare or Ameriprise. Versata disputes whether the GPL is an applicable license, and even assuming it is, whether it is enforceable against Versata.

Ameriprise denies that it has infringed any patent owned by XimpleWare.  Further, Ameriprise contends that XimpleWare's use of the GPL provides a license to Ameriprise to use VTD-XML and DCM, which it contends incorporates VTD-XML.  Ameriprise has not breached any obligation that would deprive it of any rights granted under the GPL, and thus asserts that XimpleWare has no cognizable claim against it.

UHC denies that it has infringed the patents asserted in XimpleWare's complaint.  UHC also contends that its use of the software at issue was and remains fully licensed under the GPL in force between UHC and XimpleWare because UHC complied with all applicable obligations under the GPL.  As such, UHC contends that XimpleWare has failed to state a claim for patent infringement against UHC.  UHC also contends that the Court lacks subject-matter jurisdiction to hear XimpleWare's claim for declaratory judgment of validity of the asserted patents because, inter alia, UHC did not know of XimpleWare or its patents at the time of the filing of XimpleWare's complaint and, as such, no controversy could have existed between UHC and XimpleWare as to the validity of the asserted patents.

W&R denies that it has infringed the patents asserted in XimpleWare's complaint for at least similar reasons as other customer-defendants.

IV.  **LEGAL ISSUES**

XimpleWare contends that the primary legal issue in this case is whether Versata's incorporation of VTD-XML into DCM constitutes patent infringement. Under *Jacobsen v. Katzer*, 535 F. 3d 1373 (Fed. Cir. 2008), violation of a license (including an open source license) gives rise to claims for intellectual property infringement. XimpleWare further contends that a related issue is whether the customer defendants' use and distribution of DCM beyond the scope of the GPL—including distribution to and use by non-employee franchisees—are also unlicensed patent infringements.

Versata contends that there are many complicated legal issues in this case. Among other legal issues, specifically this Court will have to consider: whether the GPL is an enforceable contract between the parties, and implied license.

UHC contends that the threshold legal issue in this case with respect to UHC is whether UHC's mere use of certain XimpleWare software, which XimpleWare chose to distribute under an open-source license such as the GPL, constitutes a complete defense to XimpleWare's claim of patent infringement against UHC.  Assuming that the Court allows XimpleWare's patent infringement claim against UHC to proceed irrespective of the GPL, key legal issues in the case will be (a) whether any product used or sold by UHC practices each and every limitation of a claim in the asserted patents; (b) whether any claims of the asserted patents are invalid in view of the prior art; (c) whether any claims of the asserted patents are unenforceable due to inequitable conduct; (d) the amount of damages that XimpleWare may be entitled to recover from UHC assuming that any claims of the asserted patents are found to be valid, enforceable and infringed; and (e) whether XimpleWare is entitled to injunctive relief assuming that any claims of the asserted patents are found to be valid, enforceable and infringed.

In addition to the defenses asserted by Versata and UHC, Ameriprise contends that another issue in the case is what constitutes distribution or use by third parties as asserted by XimpleWare as the basis for its claim that the customers' conduct violated the GPL.

**V.     MOTIONS**

Pending Motions

Ameriprise filed a motion to dismiss on December 3, 2013 (Dkt. 15) which was withdrawn following XimpleWare's filing of an Amended Complaint. XimpleWare amended its complaint on December 17, 2013 (Dkt. 18). Ameriprise filed a renewed motion to dismiss on December 31, 2013 (Dkt. 25), which is fully briefed.

UHC filed a motion to dismiss on January 27, 2014 (Dkt. 33), which is fully briefed.

Versata, Aurea, and Trilogy filed a motion to dismiss on January 27 (Dkt. 39), which is fully briefed.

Defendants Pacific Life Insurance Co., Metropolitan Life Insurance Co., the Prudential Insurance Co. of America, Wellmark, Inc., and Aviva USA Corp. jointly filed a motion to dismiss on January 27 (Dkt. 38), which is fully briefed.

## VI. AMENDMENT OF PLEADINGS

XimpleWare filed its amended complaint on December 17, 2013 (Dkt. 18). If the Court denies the pending motions to dismiss, XimpleWare does not anticipate any further amendment.

Plaintiff and Defendant W&R entered into a stipulation under which W&R's time to file an answer or otherwise respond was extended to March 13, 2014 (Dkt. 55). No other defendant has yet filed an answer due to the pending motions to dismiss.

## VII. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence.

XimpleWare and Versata are in ongoing discussions about a protocol to preserve evidence related to the application of a software patch that would remove VTD-XML from DCM.

## VIII. DISCLOSURES

No parties have yet made initial disclosures. See next section below.

## IX. DISCOVERY

### A. Discovery to Date

No discovery has been taken in this case to date.

Versata and Ameriprise have exchanged substantial discovery in the case between them in Texas. XimpleWare is not a party to that case. However, in response to a subpoena in the Texas litigation, Ameriprise deposed, and Versata participated in, a deposition of XimpleWare in December 2013, and XimpleWare has produced documents. XimpleWare received no reciprocal discovery as it is not a party in that case.

### B. Discovery Plan—Rule 26(f)(3)

#### 1. Initial Disclosures—Rule 26(f)(3)(A)

The Parties do not presently believe that any changes need to be made in the timing, form or requirements for disclosure under Rule 26(a), and expect to be able to resolve cooperatively

1 any scheduling issues that may arise. The Parties will serve their initial disclosures under Rule
2 26(a)(1)(A) on or before March 28, 2014.

### 2. Scope of Discovery—Rule 26(f)(3)(B)

The Parties presently believe that discovery will be needed as to all of the elements of the claims and remedies placed in issue by the pleadings, and any defenses that may be asserted.

Defendants believe that discovery in this case should be phased so that discovery related to the Versata Defendants is conducted before any discovery from the remaining customer defendants takes place. Specifically, because the only product at issue is under the sole control of the Versata Defendants, customers of the Versata Defendants shall not be subject to any discovery related to the technical operation of the acused products. Moreover, no discovery from customer defendants shall be sought until after discovery from the Versata Defendants has been sought and obtained, and only upon a showing of why the information being sought from the customer defendants could not be obtained from the Versata Defendants.

### 3. Electronically Stored Information—Rule 26(f)(3)(C)

The Parties have met and conferred on the subject of electronically stored information ("ESI"). The Parties have each confirmed that they have taken steps to ensure the preservation of potentially discoverable materials.

The Parties agree that they shall produce all ESI in its native form unless otherwise stipulated.

Defendants believe that no ESI discovery should be taken from customer defendants. Plaintiff does not agree.

Plaintiff and the Versata Defendants will continue to have discussions regarding ESI and plan to enter into an ESI discovery order based on the Model Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation that has been adopted in this District.

### 4. Claims of Privilege—Rule 26(f)(3)(D)

The Parties will meet and confer in good faith regarding the format for privilege logs. In addition, the Parties agree that any responsive documents that are attorney-client or work-

product privileged that were created after the date that this action was commenced do not need to be reflected on a privilege log.

### 5. Limitations on Discovery—Rule 26(f)(3)(E)

The Parties do not believe at this time that any changes should be made to the limitations on discovery imposed by the Federal Rules or Local Rules, and expect to be able to resolve cooperatively any issues that may arise with respect to such limitations.

### C. Other Orders—Rule 26(f)(3)(F)

The Parties believe that a stipulated protective order is appropriate to the extent this matter may involve the disclosure of either party's proprietary or other commercially sensitive information. The Parties anticipate submitting a stipulated proposed protective order to the Court for review and approval.

### D. Agreement on Electronic Service

The Parties agree to electronically serve any document (including all exhibits or attachments thereto) that is not filed with the Court, or is filed under seal with the Court, including all correspondence. Electronic transmission shall constitute service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), and no confirmatory hard copies need be provided.

## X. RELATED CASES

The following cases are related in subject matter, at least in part, to this case:

1. *Versata v. Ameriprise*, Travis County District Court, no. D-1-GN-12-003588

    Trial had been set for February 2014, but was taken off calendar when Ameriprise removed the case to federal court on January 7, 2014.

2. *Versata v. Ameriprise*, U.S. District Court for the Western District of Texas, no. 1:14-cv-00012-SS

    Removal action based on state court action above. Motions to remand, for summary judgment, and to consolidate with the *Versata v. Infosys* case are currently pending. The motion to consolidate is set for hearing on March 7, 2014.

3. *Versata v. Infosys*, U.S. District Court for the Western District of Texas, no. 1:10-cv-00792-SS

Action against Ameriprise vendor Infosys for breach of contract and trade secrets misappropriation related to decompilation of DCM. Set for trial on April 21, 2014. A motion to consolidate with the *Versata v. Ameriprise* case is set for hearing on March 7, 2014.

4. *XimpleWare v. Versata, et al.*, U.S. District Court for the Northern District of California, no. 3:13-cv-5160-SI

Copyright case by XimpleWare against Versata and Ameriprise defendants only.

## XI. RELIEF

XimpleWare requests damages for patent infringement, including willful patent infringement, in an amount to be determined.

XimpleWare also requests a declaratory judgment that its patents are valid.

XimpleWare also requests a permanent injunction enjoining further infringement by all Defendants.

UHC denies that XimpleWare is entitled to any relief it seeks from UHC. Specifically, UHC contends that its use of the XimpleWare software was and remains fully licensed under the GPL. Moreover, UHC denies that XimpleWare is entitled to declaratory judgment that the asserted patents are valid because, inter alia, this Court lacks subject-matter jurisdiction over this claim because no dispute over the validity of the asserted patents existed between UHC and XimpleWare before XimpleWare's complaint was filed.

Ameriprise denies that XimpleWare is entitled to any relief it seeks from Ameriprise. Specifically, Ameriprise contends that its use of the XimpleWare software was and remains fully licensed under the GPL. For the same reason, its request for declaratory judgment must be denied.

The Versata Defendants deny that XimpleWare is entitled to any relief from them. Among other things, the Versata Defendants will seek a judgment from the Court that XimpleWare has suffered no damages as a result of the conduct of any of the Versata Defendants.

W&R denies that XimpleWare is entitled to any relief.

**XII. SETTLEMENT AND ADR**

The parties have met and conferred about settlement and ADR options. XimpleWare and Versata request a Judicial Settlement Conference with a Magistrate Judge. Ameriprise opposes any ADR as premature. UHC believes that any ADR before the Court rules on UHC's pending motion to dismiss would be premature.

**XIII. CONSENT TO MAGISTRATE JUDGE**

<u>Yes</u>: All parties have consented or will consent to a Magistrate Judge.

**XIV. OTHER REFERENCES**

The parties do not believe this case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV. NARROWING OF ISSUES**

Plaintiff contends that given the extensive discovery in the Texas litigation between Versata and Ameriprise there will be few genuinely contested facts.

Versata contends that very little of the discovery exchanged in the Texas litigation is relevant to this dispute.

**XVI. EXPEDITED TRIAL PROCEDURE**

The parties do not believe this case is suitable for the Court's expedited trial procedure under General Order 64.

**XVII. PATENT-SPECIFIC ISSUES—PATENT L.R. 2-1(A)**

The Parties have discussed whether modification of the obligations or deadlines set forth in the Court's Patent Local Rules are desirable to ensure that they are suitable for the circumstances of this case. The Parties' proposals are summarized in the table below in Part IV.

Plaintiff proposes to conduct a technology tutorial in advance of the claim construction hearing to educate the Court on the technology at issue.

**XVIII. PROPOSAL FOR CASE DEADLINES—RULES 26(F)(3) AND 16(B)**

| Event | Agreed Dates |
|---|---|
| 1.  Rule 26(f) Conference | Jan. 27, 2014 |
| 2.  Initial Disclosures | Mar. 28, 2014 |
| 3.  Initial Case Management Conference | Mar. 11, 2014 |
| 4.  Disclosure of Asserted Claims and Infringement Contentions (Patent L.R. 3-1) | Mar. 28, 2014 |
| 5.  Invalidity Contentions (Patent L.R. 3-3) | May 16, 2014 |
| 6.  Exchange Proposed Terms for Construction (Patent L.R. 4-1) | May 30, 2014 |
| 7.  Parties Exchange Preliminary Claim Constructions and Extrinsic Evidence (including designation of claim construction experts) (Patent L.R. 4-2) | June 27, 2014 |
| 8.  Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | Aug. 15, 2014 |
| 9.  Status / Settlement Conference |  |
| 10. Claim Construction Discovery Cut-Off (Patent L.R. 4-4) | Sept. 14, 2014 |
| 11. Claim Construction Briefs, Responses, and Replies (Patent L.R. 4-5) | Briefs: Sept. 29, 2014<br>Responses: Oct. 13, 2014<br>Reply: Oct. 20, 2014 |
| 12. Claim Construction Technology Tutorial | Nov. 3, 2014 |
| 13. Claim Construction Hearing (Patent L.R. 4-6) | Nov. 10, 2014 |
| 14. Advice of Counsel production (Patent L.R. 3-7) | 50 days from Claim Construction Order |
| 15. Deadline to Amend Pleadings and Join Other Parties | 8 weeks from Claim Construction Order |
| 16. Fact Discovery Cut-Off | 12 weeks from Claim Construction Order |
| 17. Parties Submit Expert Reports on Issues for Which they Carry the Burden of Proof | 30 days from Fact Discovery Cut-Off |
| 18. Parties Submit Rebuttal Expert Reports | 60 days from Fact Discovery Cut-Off |
| 19. Expert Discovery Cut-Off | 90 days from Fact Discovery Cut-Off |

| Event | Agreed Dates |
|---|---|
| 20. Last Day to File Dispositive Motions | 120 days from Fact Discovery Cut-Off |
| 21. Dispositive Motion Hearing | 150 days from Fact Discovery Cut-Off |
| 22. Pretrial Conference | Friday before Trial |
| 23. Trial | Next Monday after 180 days from Fact Discovery Cut-Off |

**XIX. TRIAL**

All parties have demanded a trial by jury.

XimpleWare anticipates an approximately two-week trial.

**XX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

XimpleWare Corp. is a privately held company and no parent corporation or other publicly held corporation owns 10% or more stock.

Ameriprise Financial, Inc. is a publicly traded company and no publicly traded corporation currently owns more than 10% of its stock. The parent company of Ameriprise Financial Services, Inc. is AMPF Holding Corporation.

Versata Enterprises, Inc. is the parent of Versata Software, Inc.  Trilogy Development Group, Inc., a California corporation, merged out into Trilogy Development Group, Inc. a Delaware Corporation in 1992. That company has subsequently been renamed Versata Development Group, Inc., and its parent company is Versata Enterprises, Inc.  Trilogy, Inc. is the parent of Versata Enterprises, Inc. ESW Capital LLC is the parent of Aurea Software, Inc.  No publicly held company owns 10% or more of Trilogy Inc., or ESW Capital LLC.

Defendant United HealthCare Services, Inc. is a wholly-owned subsidiary of UnitedHealth Group, Incorporated, and no publicly traded corporation owns 10% or more of the stock of UnitedHealth Group, Incorporated.

The following parties have not yet filed disclosure statements: Pacific Life Insurance Company, Metropolitan Life Insurance Company, The Prudential Insurance Company of America, Wellmark, Inc., Waddell & Reed Financial, Inc., and Aviva USA Corporation.

Respectfully submitted,

COMPUTERLAW GROUP LLP

Dated: March 4, 2014 By: /s/ Ansel Halliburton
Jack Russo
Christopher Sargent
Ansel Halliburton

Attorneys for Plaintiff
XIMPLEWARE CORP.

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.

Dated: March 4, 2014 By: /s/ Alisa Lipski
Alisa Lipski
Amir H. Alavi (*pro hac vice*)
Benjamin F. Foster (*pro hac vice*)

Attorneys for Defendants
VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC., AUREA SOFTWARE, INC. A/K/A AUREA, INC., PACIFIC LIFE INS.CO., METROPOLITAN LIFE INS. CO., THE PRUDENTIAL INS. CO. OF AMERICA, WELLMARK, INC., and AVIVA USA CORP.

DORSEY & WHITNEY LLP

Dated: March 4, 2014 By: /s/ Gregory S. Tamkin
Gregory S. Tamkin
Case Collard

Attorneys for Defendants
AMERIPRISE FINANCIAL, INC. and AMERIPRISE FINANCIAL SERVICES, INC.

| | | | |
|---|---|---|---|
| 1 | | | HOGAN LOVELLS US LLP |
| 2 | Dated: March 4, 2014 | By: | /s/ Srecko Vidmar |
| 3 | | | Clayton C. James<br>Srecko Vidmar |
| 4 | | | Attorneys for Defendant |
| 5 | | | UNITED HEALTHCARE SERVICES, INC. |
| 6 | | | PAUL HASTINGS LLP |
| 7 | Dated: March 4, 2014 | By: | /s/ Ryan D. Fabre |
| 8 | | | Robert M. Masters (*pro hac vice* forthcoming) |
| 9 | | | Ryan D. Fabre (*pro hac vice* forthcoming) |
| 10 | | | Attorneys for Defendant |
| 11 | | | WADDELL & REED FINANCIAL, INC. |

**E-Filing Attestation**

I, Ansel Halliburton, am the ECF User whose ID and password are being used to file this Joint Report On Rule 26(f) Conference. I hereby attest that I have on file the concurrences for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

| | | | |
|---|---|---|---|
| | | | COMPUTERLAW GROUP LLP |
| Dated: March 4, 2014 | | By: | /s/ Ansel Halliburton |
| | | | Ansel Halliburton |
| | | | Attorneys for Plaintiff<br>XIMPLEWARE CORP. |