ROBERT M. MASTERS (DC Bar # 435623)
(admitted *Pro hac vice*)
RYAN D. FABRE (DC Bar #1015315)
(admitted *Pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC  20005
Telephone:  1(202) 551-1700
Facsimile:  1(202) 551-1705
robmasters@paulhastings.com
ryanfabre@paulhastings.com

MICHAEL W. STEVENS (SB# 258042)
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100
michaelstevens@paulhastings.com

Attorneys for Defendant
WADDELL & REED FINANCIAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIMPLEWARE CORP., a California Corporation,<br><br>　　　　　　Plaintiff;<br><br>vs.<br><br>VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC., a Delaware Corporation, et al.,<br><br>　　　　　　Defendants. | Case No. 5:13-cv-05161-PSG<br><br>**DEFENDANT WADDELL & REED FINANCIAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　　Tuesday, August 12, 2014<br>Time:　　　10:00 A.M.<br>Location:　Courtroom 5, U.S. District Court, San Jose<br>Magistrate Judge:　Paul Singh Grewal |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Tuesday, August 12, 2014 at 10:00 a.m. in Courtroom 5 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California 95113, before Magistrate Judge Paul Singh Grewal, Defendant Waddell & Reed Financial, Inc. will and hereby does move to dismiss Plaintiff's Second Amended Complaint ("SAC").

Waddell & Reed Financial, Inc. seeks an Order dismissing Plaintiff's claims of patent infringement and for declaratory relief. This Motion is based on Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1); this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Amended Complaint; and the pleadings, papers and other documents on file in this action along with any evidence and argument presented at the hearing in this matter, as well as the previous hearing on other motions to dismiss.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF ISSUES TO BE DECIDED

1) Whether Plaintiff has stated a claim for patent infringement where Waddell & Reed Financial, Inc. is licensed under the GNU General Public License, and Plaintiff failed to allege a violation of that license, to wit: an unauthorized distribution to an unrelated third party; and

2) Whether Plaintiff likewise has stated a claim for declaratory relief where the issues to be decided are wholly subsumed within Plaintiff's patent claim, and whether the Court has subject matter jurisdiction to hear such a claim.

## II. INTRODUCTION

Plaintiff opted to license its software to the general public as "open source," subject to the GNU General Public License ("GPL"). Plaintiff may now have come to regret its decision to license its software as it did, but that does not mean Plaintiff can avoid the consequences of its choice. In its now third bite at the apple—and with the express guidance from the Court on the scope of the GPL—Plaintiff has again failed to state a cause of action against Defendant Waddell & Reed Financial, Inc. ("W&R") for one simple reason: Plaintiff still has not alleged—and cannot allege—that W&R engaged in any unlicensed conduct by "distributing" the accused Versata software to an unrelated third party.

In its Order on the previous motion to dismiss, the Court correctly reasoned that, under the GPL, even if one of the Versata entities breaches its license, "third-party customers of that original license retain the right to use XimpleWare's software so long as the customer does not itself breach the license by 'distributing' XimpleWare's software . . . ." Dkt. 85 ("Order") at 9. The Court properly held that Plaintiff had "not sufficiently alleged the [Versata] customers other than Ameriprise distributed the Versata software to any unrelated third party," and dismissed Plaintiff's First Amended Complaint ("FAC," Dkt. 18) without prejudice. Order at 11, 14. In this case, W&R is considered one of the "Versata customers."

Plaintiff's Second Amended Complaint ("SAC," Dkt. 88) utterly fails to correct the deficiency that necessitated dismissal of the previous complaint. Plaintiff's claim for direct infringement continues to allege that W&R is liable for "using" Plaintiff's patents. SAC ¶ 91.

1  And the only "new" allegation against W&R, in the "Background Facts" section of the complaint,
2  alleges that third party contractors "are the beneficiaries of" the accused software, SAC ¶ 78, but
3  critically fails to allege that W&R has "distributed the Versata software to any unrelated third
4  party," Order at 11.  At most, even if third party independent contractors had benefitted from the
5  software because it was used by W&R, W&R did not distribute that software and there is no
6  allegation that W&R did, in fact, make such a distribution.  Because any and all use, without
7  more, is permitted by the GPL as this Court has already held, Plaintiff's patent claims against
8  W&R must fail.  Plaintiff's claim for declaratory relief likewise fails.  Accordingly, the claims
9  against W&R should be dismissed, this time with prejudice.

## III.   FACTUAL BACKGROUND

Plaintiff XimpleWare Corp. is a computer software developer that purports to hold patents on software that parses XML documents.  SAC ¶¶ 26-28, 51-55.  This software is freely available to the public as "open source," subject to the GPL.  *Id.* ¶ 33.  The GPL places no restrictions on use, but does limit copying, distribution, and modification of the software.  *See* Dkt. 88, Ex. 1 at ¶ 0 ("Activities other than copying, distribution and modification are not covered by this License; they are outside its scope.  The act of running the Program is not restricted."); *see also* ¶ 1-2.  The GPL further provides that a party that receives a copy of the software receives a license under the GPL.  *See id.* at ¶ 4.  The present action chiefly involves allegations that Versata improperly modified and distributed Plaintiff's source code without complying with the GPL, but Plaintiff has also attempted to sue Versata's third-party customers ("Customer Defendants") like W&R.

While Plaintiff's original Complaint identified the GPL, it included no allegations to support that the Customer Defendants breached that license.  On December 3, 2013, one of the Customer Defendants—Ameriprise—moved to dismiss on the basis that any alleged infringement was licensed under the GPL, reasoning in part that "there is no allegation that Ameriprise modified the software or distributed copies of it *at all*."  Dkt. 15 at 7 (emphasis original).  On December 17, 2013, Plaintiff effectively conceded this point and responded by filing its FAC, which included new allegations of distribution by Ameriprise.  For customers other than Ameriprise, however, Plaintiff added only the conclusory statement that "[o]n information and

belief . . . the Customer Defendants have distributed without authorization [the accused software] to thousands of non-employee independent contractor or franchisee advisors or 'producers.'" FAC ¶ 85.

A second round of motions to dismiss followed Plaintiff's amendment.[1] Dkt. 25, 33, 38-39. The Court heard oral argument on March 11, 2014. Dkt. 66. On May 16, 2014, the Court granted these motions in part and dismissed the FAC, with leave to amend. Dkt. 85 at 14. In particular, the Court held that to overcome the Defendants' licenses under the GPL and state a claim for patent infringement, XimpleWare must plead a breach of the GPL, for example, an unauthorized distribution:

> Because an express license is a defense to patent infringement, XimpleWare's direct infringement claims against Versata's customers turn on whether the customers' distribution is licensed under the GPL. The reason is that the GPL provides that even if the original licensee – here, one of the Versata entities – breaches its license for whatever reason, third-party customers of that original license retain the right to use XimpleWare's software so long as the customer does not itself breach the license by "distributing" XimpleWare's software without satisfying an attendant conditions.

Order at 9. The Court held that Plaintiff adequately stated a claim against Ameriprise. *Id.* at 11. However, with respect to the Customer Defendants other than Ameriprise (a group that includes W&R), the Court held that Plaintiff failed to state a claim because Plaintiff did not sufficiently plead such a distribution:

> XimpleWare's allegation that the Versata customers distributed XimpleWare's software without specificity is insufficient. The bundling of customer defendants into a conclusory statement does not in any way provide adequate notice. This is classic *Iqbal* and *Twombly* territory. Because XimpleWare has not sufficiently alleged the customers other than Ameriprise distributed the Versata software to any unrelated third party, no distribution-related conditions were triggered.

*Id.*

On May 21, 2014, counsel for W&R requested voluntary dismissal by Plaintiff, stating "[o]ur client has verified that it simply did not distribute the product at issue, so there will be no set of facts to support further claims against W&R in the amended complaint." Ex. 1. Plaintiff

---

[1] W&R did not move to dismiss at this time because it was pursuing voluntary dismissal by Plaintiff.

1  refused to voluntarily dismiss W&R, and renewed its claims against W&R in the SAC. Yet, the
2  SAC did not add any allegations regarding unauthorized distribution for W&R. The only new
3  paragraph pertaining specifically to W&R, located in the "Background Facts" section of the
4  complaint, is reprinted below:

> 78. In its most recent 10-Q quarterly report, filed with the U.S. Securities Exchange Commission on May 2, 2014, Waddell & Reed Financial, Inc. discussed its "advisors, who are independent contractors". [emphasis removed] Similarly, according to a prior filing, a 10-K annual report for 2013, Waddell stated: "Our retail products are distributed through third-parties such as other broker/dealers, registered investment advisors and various retirement platforms, (collectively, the 'Wholesale channel') or through our sales force of independent financial advisors (the 'Advisors channel')." On information and belief, these "independent contractor" "advisors" **are the beneficiaries** of the DCM software, which calculates their compensation.

SAC ¶ 78 (emphasis added).[2] At the same time, Plaintiff implemented almost no substantive changes to its infringement claim against W&R, maintaining its allegations that W&R infringes based on "using" the patent claims, in direct contravention of this Court's ruling. *Id.* ¶ 91.

Because any "use" was licensed and the allegation that third parties "are the beneficiaries" of the DCM software does not amount to an allegation of unauthorized distribution of the software, W&R again wrote to Plaintiff requesting voluntary dismissal on June 10, 2014. Ex. 2. This letter reminded Plaintiff that "W&R never distributed the DCM software" and that any, limited deployment of the software was contained within the company. *Id.* at 2. Plaintiff never responded. Because Plaintiff refuses to acknowledge that there are no facts to support its claims, W&R had no choice but to file this motion to dismiss.

### IV. LEGAL STANDARD

A party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim for relief, Plaintiff must allege facts that "raise a right to relief above the speculative level on the assumption that the allegations in the

---

[2] Plaintiff's other substantive changes, which do not pertain specifically to W&R, include allegations regarding: whether the GPL conveys a patent license, including requests for additional declaratory relief (¶¶ 1, 40, 115-16); the use of "independent contractors" in the financial services industry (¶ 60); notice of the patents to Versata's counsel (¶ 68); allegations against other Customer Defendants (¶¶ 75-77, 79-81); narrowed allegations regarding willfulness (SAC ¶ 97); the alleged lack of non-infringing uses of XW's product (¶ 104).

complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must "provide the grounds of [its] entitlement to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* On a Rule 12 motion, although all factual allegations must be taken as true, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), legal conclusions are inadequate, and the factual allegations must be adequate to push the claims "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

A party may also move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden to show "[w]hether the facts alleged, under all circumstances, show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The dispute must be "real and substantial, and admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id*.

**V. ARGUMENT**

**A. Plaintiff's Patent Infringement Claim Fails Because Plaintiff Does Not Allege Distribution by W&R**

Plaintiff's claims against W&R fail for one simple reason: W&R holds a license to the asserted patents (the GPL), entitling W&R to use the software, and Plaintiff has not plausibly alleged, and cannot allege, that W&R engaged in any unlicensed activity—i.e., unauthorized distribution. Thus, even taking Plaintiff's allegations as true, W&R cannot be liable for patent infringement. As this Court recognized in its prior Order, "an express license is a defense to patent infringement." Order at 9 (*citing Carborundum Co. v. Molten Equip. Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995)); *see also Corebrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009)(affirming a Rule 12(b)(6) dismissal of patent infringement claims where the District Court correctly determined that the defendant's alleged acts did not breach the operable patent license).

The SAC does not contain any allegations that W&R distributes the accused software.

1  Rather, it only alleged that W&R employs "independent contractors," and that, "[o]n information
2  and belief, these 'independent contractor' 'advisors' **are the beneficiaries** of the DCM software,
3  which calculates their compensation." SAC ¶ 78 (emphasis added). But, even if true (and it is
4  not because W&R never even deployed the software in this manner), being the alleged
5  *beneficiary* is not the same as being a *distributee*. Plaintiff has never alleged that W&R
6  disseminated the accused Versata software to any third parties. At most, Plaintiff's new
7  pleadings amount to alleged "back office" use of the accused software by W&R. *See* Order at 10.
8  As explained above, the Court already held that such use in itself does not violate the GPL, and
9  cannot form the basis for Plaintiff's infringement claims. *Id.* at 9, 11. This new allegation,
10 combined with Plaintiff's continuing assertion that W&R infringes by "using" the accused
11 software (SAC ¶ 91), directly contravenes the Court's prior ruling.
12       Moreover, Plaintiff understands the difference between distribution and back office use.
13 Its allegations toward W&R stand in stark contrast to its more definitive allegations toward
14 Ameriprise. *Compare* SAC ¶ 78 ("[W&R's] 'independent contractor' 'advisors' **are the**
15 **beneficiaries of** the DCM software" (emphasis added)), *with*, *id.* ¶ 73 ("Ameriprise **distributed**
16 DCM and VTD-XML to its thousands of non-employee financial advisors" (emphasis added)).
17 Plaintiff's failure to plead similar definitive statements against W&R belies Plaintiff's lack of
18 facts to support its claim.
19       Even more telling, Plaintiff's only ***attempt*** at pleading distribution by W&R is made "on
20 information and belief," which further demonstrates that Plaintiff has no factual basis to support
21 its allegations. Such conclusory pleading fails as a matter of law. *See, e.g.*, *Blantz v. Cal. Dep't*
22 *of Corr. & Rehab.*, 727 F.3d 917, 926 (9th Cir. Cal. 2013)("The only allegations that mention
23 [defendant] are that, 'on information and belief,' [defendant performed certain acts]. . . .
24 Conclusory allegations such as these are insufficient to state a claim against [defendant].");
25 *Tarantino v. Gawker Media, LLC*, No. 14-CV-603, 2014 U.S. Dist. LEXIS 77726, at *14, 2014
26 WL 2434647, at *5, n.4 (C.D. Cal. Apr. 22, 2014)("[A]ll of Plaintiff's allegations related to his
27 contributory infringement claim are based on information and belief, and such allegations are
28 insufficient as a matter of law.")(*citing Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694 (9th

Cir. 2009)).

To detract from its omission of distribution allegations, Plaintiff includes in its SAC a quotation from W&R's 10-Q statement that is taken out of context. This statement provides that W&R's "retail products are distributed through third parties such as . . . independent financial advisors." SAC ¶ 78. However, the referenced "retail products" are mutual funds. *See* Waddell & Reed Financial, Inc. Form 10-Q, at 22 (May 2, 2014) (Ex. 3)(describing "retail *mutual funds*, which are distributed through the Wholesale and Advisors channels"). Tellingly, Plaintiff *never* alleges that the distributed products include the accused *Versata* software. That is because Plaintiff has no facts to support such a statement, and Plaintiff knows that W&R does not distribute Versata's software.

All other new allegations in the SAC constitute impermissible group pleading. Other than paragraph 78, described above, no other new paragraph references W&R specifically.[3] To the extent Plaintiff seeks to rely on generic allegations toward the Customer Defendants as a group (*see, e.g.*, SAC ¶ 95), the Court has already rejected this type of "group pleading." *See* Order at 9 ("The bundling of customer defendants into a conclusory statement does not in any way provide adequate notice."); *see also Automated Transaction LLC v. New York Cmty. Bank*, No. 12-cv-3070, 2013 U.S. Dist. LEXIS 34872, at *12, 2013 WL 992423, at *4 (E.D.N.Y. Mar. 13, 2013) (rejecting "group pleading").

In sum, Plaintiff failed to cure the deficiency highlighted in this Court's dismissal Order: Plaintiff still has not alleged that W&R "distributed the Versata software to any unrelated third party." Order at 11. Because Plaintiff has not identified any facts that W&R's alleged use of Plaintiff's software was unlicensed, Plaintiff's patent claims should be dismissed, this time with prejudice.

**B. Plaintiff's Declaratory Relief Claim Against W&R Also Fails**

Plaintiff also includes a claim against all defendants for declaratory relief, seeking a declaration that (1) its patents are valid and enforceable, (2) that the GPL does not confer a patent

---

[3] The only other paragraph to specifically reference W&R is paragraph 14, which relates to general jurisdictional pleading. This paragraph was not amended from the FAC.

1  license, and (3) that any grant of a patent license by one defendant to another is invalid. These
2  requests have no merit.[4]

3       Plaintiff cannot seek a declaration of validity. While *invalidity* of a patent is an available
4  affirmative defense in a patent infringement action, a patentee does not have an affirmative cause
5  of action to seek a declaration that a patent is **valid**. *Brooks Mfg. Co. v. Dis-Tran Wood Prods.,*
6  *LLC*, 2012 U.S. Dist. LEXIS 46518, at *12-13, 2012 WL 1099760, at *4 (W.D. Wash. 2012)
7  (dismissing a claim for declaratory judgment of validity, stating: "[T]he court has uncovered no
8  case in which a patentee seeks a declaration of validity. Indeed, [the] patent is presumed valid. . .
9  . Therefore, [Plaintiff] essentially seeks a declaration as to the status quo."); *see also*
10 *Semiconductor Energy Lab. Co. v. Nagata*, 706 F.3d 1365, 1370 (Fed. Cir. 2013)("The relief
11 requested . . . is akin to seeking a declaratory judgment of patent validity, which is not a viable
12 cause of action."). Moreover, there is no case or controversy between Plaintiff and W&R, as
13 W&R has not yet challenged the validity of the patents-in-suit, and has not presented this Court
14 with any prior art. Plaintiff thus seeks an advisory opinion "advising what the law would be upon
15 a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).
16 Accordingly, Plaintiff has failed to state a claim for declaratory relief, and this Court additionally
17 does not have subject matter jurisdiction over the claim.

18       In a last-ditch effort, Plaintiff now seeks, for the first time, declaratory relief that W&R
19 and other Customer Defendants are not licensed to its patents under the GPL. *See* SAC at ¶¶
20 115-16. This issue is entirely subsumed within Plaintiff's flawed patent infringement allegations,
21 which fail to state a claim for the reasons stated above. Uncoupled from the patent claim, the
22 requested declaratory relief would have no legal effect and does not implicate any case or
23 controversy between the parties, resulting in no subject matter jurisdiction. Additionally, this
24 claim and related allegations are objectively wrong, and they contradict Plaintiff's earlier
25 statements and position. Until now, Plaintiff affirmed Defendants' view that the GPL provides a
26 patent license. *See, e.g.*, Dkt. 43 at 13 ("XimpleWare alleges that this distribution ran afoul of the

---

[4] Plaintiff also failed to specify the statutory basis for these claims, as required by the Federal Rules. Fed. R. Civ. P. 8(a)(1)(requiring the complaint to contain "a short and plain statement of the grounds for the court's jurisdiction").

Case No. 5:13-cv-05161-PSG     -9-     WADDELL & REED FINANCIAL, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

terms and conditions of the GPL, and thus the Versata Defendants' **patent license under the GPL** terminated," *citing* FAC ¶ 67 (emphasis added)); *see also id.* at 1 ("[b]ecause of the way in which Versata breached the GPL, its *license* to XimpleWare's software, copyrights, and *patents* terminated automatically . . . ." (emphasis added)). Moreover, Plaintiff recognizes that the GPL "allows certain persons to *use* source code." Dkt. 28 at 6; *see also* Dkt. 88, Ex. 1 at ¶ 0 ("The act of running the program is not restricted."). The right to use is necessarily bundled up in Plaintiff's alleged patent rights. *See* 35 U.S.C. § 271(a); *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997) ("Any language used by the owner of the patent, or any conduct on his part exhibited to another, from which that other may properly infer that the owner consents to his use of the patent in making or using it, or selling it, upon which the other acts, constitutes a license, and a defense to an action for a tort.")(*quoting De Forest Radio Tel. & Tel. Co. v. United States*, 273 U.S. 236, 241 (1927)). All parties have proceeded with this understanding, and the Court's Order already found that the Versata customers inherited patent licenses under the GPL. *See* Order at 9. Plaintiff's request for a declaration to the contrary blatantly ignores this Court's ruling. Accordingly, Plaintiff's declaratory judgment claim should be dismissed.

## VI. ATTORNEYS' FEES

Based on multiple discussions with counsel for XimpleWare, XimpleWare knows that W&R has never distributed Versata's software, and that any use of the software was for a limited period of time. XimpleWare is therefore on notice that it is pursuing claims that this Court has already denied, forcing W&R to file this motion to dismiss. W&R reserves it right to seek its costs, expenses, and attorneys' fees for the time and expense necessary to respond to the SAC.

## VII. CONCLUSION

XimpleWare could have chosen any form of license, if any at all, when deciding how to treat its software product, but it is now stuck with the choice it made. The GPL is a bar to Plaintiff's patent infringement action. The latest amendment has done nothing to save Plaintiff's complaint, and it completely disregards this Court's prior dismissal order. Under these circumstances, dismissal with prejudice is warranted.

DATED: June 13, 2014      PAUL HASTINGS LLP

By: _____/s/ Robert M. Masters_____
                    Robert M. Masters

Attorney for Defendant
WADDELL & REED FINANCIAL, INC.

Case No. 5:13-cv-05161-PSG     -11-     WADDELL & REED FINANCIAL, INC.'S
MOTION TO DISMISS SECOND
AMENDED COMPLAINT