Alisa Lipski (SBN 278710)
Amir H. Alavi (Admitted *Pro Hac Vice*)
Benjamin F. Foster (Admitted *Pro Hac Vice*)
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com
Email: aalavi@azalaw.com
Email: bfoster@azalaw.com

David C. Bohrer (SBN 212397)
Valorem Law Group
60 South Market St., Ste. 1250
San Jose, CA 95113
Tel: 408-938-3882
Fax: 408-915-2672
Email: david.bohrer@valoremlaw.com

*Attorneys for Defendants,*
*Pacific Life Ins. Co., Metropolitan Life Ins. Co.,*
*The Prudential Ins. Co. of America, Wellmark, Inc.,*
*and Aviva USA Corp.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIMPLEWARE CORP., <br><br> Plaintiff, <br><br> v. <br><br> VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC.; TRILOGY DEVELOPMENT GROUP, INC.; AMERIPRISE FINANCIAL, INC.,; AMERIPRISE FINANCIAL SERVICES, INC., AUREA SOFTWARE, INC. A/K/A AUREA, INC.,; PACIFIC LIFE INS. CO; UNITED HEALTHCARE SERVICES, INC.; METROPOLITAN LIFE INS. CO.; THE PRUDENTIAL INS. CO. OF AMERICA; WELLMARK, INC.; WADDELL & REED FINANCIAL, INC.; AND AVIVA USA CORP., <br><br> Defendants. | Case No. 5:13-cv-05161-PSG <br><br> **DEFENDANTS PACIFIC LIFE INS. CO., METROPOLITAN LIFE INS. CO., THE PRUDENTIAL INS. CO. OF AMERICA, WELLMARK, INC. , AND AVIVA USA CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:        August 12, 2014 <br> Time:        10:00 a.m. <br> Location:   Courtroom 5 – 4th Floor <br> Judge:       Hon. Paul S. Grewal |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# NOTICE OF MOTION

To all parties and their counsel of record:

Please take notice that on August 12, 2014 at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Paul S. Grewal, in Courtroom 5 of the United States District Court of the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, Defendants Pacific Life Ins. Co., Metropolitan Life Ins. Co., The Prudential Ins. Co. of America, Wellmark, Inc., and Aviva USA Corp. ("Defendants" or "Customer Defendants") hereby move the court to dismiss Plaintiff XimpleWare Corp.'s claims of patent infringement and declaratory relief alleged in its Second Amended Complaint.

Customer Defendants seek an Order dismissing XimpleWare's claims of patent infringement and declaratory relief with prejudice. This motion is made pursuant to Fed. R. Civ. P. 12(b)(6) and L.R. 7-2 and is based on this Notice, the following Memorandum of Points and Authorities, all other matters which the Court takes judicial notice, the court's file in this matter, and any other evidence and argument as may be presented at the hearing on the motion.

1
2

# **TABLE OF CONTENTS**

3

TABLE OF CONTENTS..............................................................................................III

4

TABLE OF AUTHORITIES ..................................................................................... IV

5

INTRODUCTION ......................................................................................................1

6

FACTUAL BACKGROUND.....................................................................................2

7

ARGUMENT .............................................................................................................3

8
9
      I. Changes Made in XimpleWare's Second Amended Complaint .............................3

10
      II.  XimpleWare Requests Declaratory Relief That  Contradicts its Prior
             Arguments Court and Established Law of the Case .........................................6

11
12
      III.  The Claims of Willfulness Against the Customer Defendants must be
              Dismissed........................................................................................................8

13
      IV. The Declaratory Judgment Claims Must Be Dismissed.......................................9

14
      V.  The Court Should Deny Further Leave to Amend.................................................9

15
CONCLUSION.........................................................................................................11

16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). ...................................... 10

*Ashcroft v. Iqbal,* 556 U.S. 662, 678-9 (2009) ...................................................................... 3

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ............................................................ 3

*Bhandari v. Capital One, N.A.¸* C-12-04533 PSG, 2013 WL 5423707 (N. D. Ca. 2013) .................. 10

*Carborundum Co. v. Molten Metal Equip. Innovations, Inc.,* 72 F.3d 872, 878 (Fed. Cir. 1995) ....... 3

*Intel Corp. v. VIA Technologies, Inc.,* 174 F. Supp. 2d 1038, 1055 (N.D. Cal. 2001) *aff'd,* 319 F.3d
    1357 (Fed. Cir. 2003) ................................................................................................... 3

*Plantronics, Inc. v. Am. Home Assurance Co.*, 5:07-CV-06038-PSG, 2014 WL 2452577 (N.D. Cal.
    2014) ........................................................................................................................ 6

*Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1335-36 (Fed. Cir. 2008) .......................... 9

*Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*, C 12-00068 JW, 2012 WL
    2803617 (N.D. Cal. July 10, 2012) ................................................................................ 8

*Sepehry-Fard v. MB Fin. Servs.*, 2014 WL 2191994 (N.D. Cal. 2014) ......................................... 7

*Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ........................................................ 3


**Statutes and Rules**

35 U.S.C. § 271 ............................................................................................................... 4

Civ. L.R.7-9(b) .............................................................................................................. 7

FRCP 15(a) .................................................................................................................. 10

FRCP 59(e) ................................................................................................................... 7

**INTRODUCTION**

XimpleWare has not and cannot properly plead direct infringement against Pacific Life Insurance Company, United HealthCare Services, Inc., Metropolitan Life Insurance Company, The Prudential Insurance Company of America, Wellmark, Inc. or Aviva USA Corporation ("the Customer Defendants"). When this Court granted these Customers' prior Motion to Dismiss it held:

> Because an express license is a defense to patent infringement, XimpleWare's direct infringement claims against Versata's customers turn on whether the customers' distribution is licensed under the GPL. The reason is that the GPL provides that even if the original licensee - here, one of the Versata entities - breaches its license for whatever reason, third-party customers of that original license retain the right to use XimpleWare's software so long as the customer does not itself breach the license by 'distributing' XimpleWare's software without satisfying attendant conditions.

Order Granting-In-Part Defendants' Motions to Dismiss, 5:13-CV-05161, Dkt. 85, pg. 9.

This Court then considered and rejected XimpleWare's barebones allegation of distribution by the Customer Defendants in violation of the GPL. The Court granted XimpleWare leave to amend in order for it to, if it could do so in good faith, allege specific facts relating to distribution against each Customer Defendant. However, in XimpleWare's Second Amended Complaint, instead of adding allegations regarding distribution—or any other conduct that might breach the GPL against the Customer Defendants—XimpleWare repeats the same allegation of distribution that has already been explicitly rejected by this Court. The few new "facts" pled by XimpleWare allege that third parties benefit from the software. These allegations are irrelevant to any stated cause of action. In addition, for the first time and contrary to its prior assertions to this Court, XimpleWare alleges that the GPL does not include a patent license, a position that is untenable given the language of the GPL, and likely sanctionable, given XimpleWare's prior representations to the Court and the law of the case.

In its third (and what should be final) attempt to correct its complaint, XimpleWare fails to allege facts that, even if taken as true, provide a legal basis for a cause of action against the Customer Defendants. For this reason alone, XimpleWare's Second Amended Complaint against the Customer Defendants must be dismissed, and should be dismissed without leave to amend.

**FACTUAL BACKGROUND**

XimpleWare first filed a patent complaint against Versata and several of its customers on November 15, 2013.  Contemporaneously, it filed a complaint alleging copyright infringement against only the Versata Defendants and Ameriprise Defendants, and not the Customer Defendants. *XimpleWare Corp. v. Versata Software, Inc., f/k/a Trilogy Software Inc., et al.,* Civil Action No. 3:13-cv-05160 ("copyright case") at (Dkt. 1).

As a result of a Motion to Dismiss filed by Ameriprise in both cases, (Dkt. 15 and copyright case Dkt. 41) XimpleWare responded by amending its complaints in both the copyright and patent cases on December 17, 2013. See (Dkt. 25) and (copyright case Dkt. 48). Once again, XimpleWare included the Customer Defendants. All Defendants in this case then filed Motions to Dismiss, which were granted with respect to these Customer Defendants. (Dkt. 85) The Court granted XimpleWare leave to amend its complaint.

The Customer Defendants did not sit idly by to see if XimpleWare would accuse them again. Instead, most Customer Defendants proactively contacted XimpleWare to inform it that they were not distributing, and submitting declarations directly to XimpleWare swearing the each does not distribute DCM.[1] Despite these declarations, XimpleWare again amended its Complaint, and again includes the Customer Defendants.

Rather than adding specific allegations of distribution by the Customer Defendants, this Second Amended Complaint only repeats the generalized and unsupported allegation of distribution (Dkt. 88, ¶95) that was already held insufficient by this Court (Dkt. 85, pg. 11 referencing Dkt. 18, ¶85).  These actions by XimpleWare are sanctionable given this Court's Order and the declarations provided to XimpleWare.[2] Instead of following this Court's clear instructions and repleading to allege specific facts related to distribution by the Customer Defendants, XimpleWare  added irrelevant allegations regarding conduct unrelated to any cause of action under the patent statute or any breach of the GPL.

---

[1] In addition, one Customer Defendant had already previously contacted XimpleWare several times, notifying XimpleWare that it is not using DCM and requesting to be removed from the case.

[2] Several Customer Defendants  note that they have notified XimpleWare that it will be served with a Rule 11 Motion based on sworn evidence provided to XimpleWare prior to the filing of its Second Amended Complaint.

## ARGUMENT

Once again, in order to survive a motion to dismiss, a claim must be supported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-9 (2009). Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" *Id. at* 680. Further, the pleadings must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A license, whether implied or express, is a defense to a claim of patent infringement. *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.,* 72 F.3d 872, 878 (Fed. Cir. 1995); *Intel Corp. v. VIA Technologies, Inc.,* 174 F. Supp. 2d 1038, 1055 (N.D. Cal. 2001) *aff'd,* 319 F.3d 1357 (Fed. Cir. 2003) (granting summary judgment on license defense to patent infringement). The Court's review is limited to the face of the Complaint, materials incorporated in the complaint by reference, and matters of which the Court may take judicial notice, without converting the motion into a motion for summary judgment. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, because the Customer Defendants are licensed, and because the allegations stated do not give rise to a plausible claim of patent infringement, XimpleWare's claims against the Customers must again be dismissed.

### I. Changes Made in XimpleWare's Second Amended Complaint

In its Order ruling on the Motion to Dismiss, this Court identified the critical question in this case:

> [T]he only real issue to resolve is whether XimpleWare has sufficiently alleged that its software was "distributed" by the customers when they shared the software with their independent contractors, franchisees, and producers.

However, despite the Court zeroing in on this question, XimpleWare has not pled any facts supporting a claim that the Customer Defendants distributed VTD-XML. The only real change to the individualized factual "allegations," for lack of a better word, against the Customer Defendants in XimpleWare's Second Amended Complaint are found in paragraphs 75-81. Although the allegation against each customer defendant is somewhat individualized, the basic deficiency is the same for

each.  For example, the Complaint alleges as to Aviva USA :

>"80.  Aviva USA also contracts with non-employee producers, as shown by forms published on its website, including an "Independent Producer Contract Appointment Application and Agreement."[9] On information and belief, these 'independent producer[s]' are the beneficiaries of the DCM software, which calculates the compensation."

The specific allegations made against the remaining Customer Defendants are similar, stating only that non-employees are beneficiaries of the DCM software.  These additional paragraphs do not allege breach   a breach of the GPL by distribution or otherwise. Fundamentally, this "beneficiaries" language is not an allegation of patent infringement under any interpretation of 35 U.S.C. § 271. That statute states that "whoever without authority makes, uses, offers to sell or sells" any patented invention may be liable for patent infringement. It does not create liability for allowing someone to "benefit from" a patented invention. Nor does the GPL prohibit a third party from benefiting from information generated by the software:

>The act of running the Program is not restricted, and the output from the Program is covered only if its contents constitute a work based on the Program (independent of having been made by running the Program).

GNU General Public License at §0. Thus, these allegations are  irrelevant to any claim or defense in the case.  Nonetheless, the Customer Defendants are forced, once again, to spend time and resources in addressing them.[3]

In fact, the only paragraph in the Second Amended Complaint that alleges  distribution by the Customer Defendants is the one that this Court has already held  insufficient.  In its Order Granting-In-Part Defendants' Motions to Dismiss, this Court stated:

>The customers, or rather certain customers, are correct:  XimpleWare's allegation that

---

[3] In paragraph 60, XimpleWare mysteriously alleges that "According to industry publications, 'For many core financial products and services, independent distribution is the leading sales channel in the industry.  It accounts for half of life insurance new annualized premium and 40 percent of annuity business written." Even assuming this allegation is directed towards the Customer Defendants, Ximpleware does not allege distribution of VTD-XML, which makes this allegation irrelevant.

the Versata customers distributed XimpleWare's software without specificity is insufficient.[50] Footnote 50 states:

> *See* Docket No. 18 at ¶ 85 ("On information and belief, without entering into a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, the Customer Defendants have distributed without authorization DCM and VTD-XML to thousands of non-employee independent contractor or franchisee advisors or 'producers.'").

In its Second Amended Complaint Paragraph, XimpleWare's prior Paragraph 85 is renumbered to 95. However, the substance of the allegation is identical to the allegation appearing in the First Amended Complaint, which this Court dismissed for its lack of specificity. In fact, the two paragraphs are almost verbatim (differences noted in bold):

> "On information and belief, **and** without entering **a** commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, the **Ameriprise Defendants and Customer Defendants** have distributed without authorization DCM and VTD-XML to thousands of non-employee independent contractor or franchisee advisors or 'producers.'"

This allegation is no different, and no better than the allegation this Court has already rejected. The Court in its Order rightly distinguished the specific factual allegations made against the Ameriprise Defendants with the general and boilerplate allegations made against the Customer Defendants. Dtk. 85, pg. 11. XimpleWare has failed to make any meaningful additional allegations against the Customer Defendants that would be comparable  nts and therefore XimpleWare's third attempt to plead a cause of action must be rejected.As this Court noted in its Order, "[D]istribution by one customer is not distribution by all." Dtk. 85, pg. 2.

XimpleWare has forced the Customer Defendants to parse through its original 89 paragraph Complaint, its amended 105 paragraph Amended Complaint, and now a 118 paragraph Second Amended Complaint. XimpleWare has forced the Customer Defendants through full briefing and a hearing on a Motion to Dismiss, and now through the drafting of a second Motion to Dismiss, and yet XimpleWare still fails to make any tenable claims against the Customer Defendants. While it may be easy for XimpleWare to cut and paste paragraphs into ever longer and more irrelevant

complaints, every new omplaint requires each Customer Defendant to painstakingly analyze, and respond to, each of XimpleWare's increasingly peculiar accusations.   This process is expensive, unnecessary and harassing.

## II.  XimpleWare Requests Declaratory Relief That  Contradicts its Prior Arguments Court and Established Law of the Case

The law of the case doctrine, a judicial invention, aims to promote the efficient operation of the courts.  *Plantronics, Inc. v. Am. Home Assurance Co.*, 5:07-CV-06038-PSG, 2014 WL 2452577 (N.D. Cal. 2014) (internal citations omitted).  It generally precludes a court from reconsidering an issue previously decided by that court if the issue was either decided explicitly or by necessary implication in the previous disposition.  *Id.*  A court may depart from the law of the case if: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) [if applicable] the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.  *Id.* None of those conditions exist in this case.

XimpleWare, at this late stage, argues that despite the numerous paragraphs devoted to the GPL in its Original Complaint, its Amended Complaint and its Second Amended Complaint, the GPL is irrelevant to this patent case.  XimpleWare baldly states for the first time in its current Complaint that "The GPL does not grant a patent license."  In its Consolidated Opposition to the three Initial Motions to Dismiss already ruled up on by this Court, it said the exact opposite:

> Because of the way in which Versata breached the GPL, its license to XimpleWare's software, copyrights, <u>and patents</u> terminated automatically, and also made it impossible for the Customers themselves to comply.  (emphasis added) (Dtk. 44, pg. 1).

In the hearing regarding the Motion to Dismiss, XimpleWare again confirmed that its position was that that the GPL is itself a patent license:

> "Mr. Halliburton: Again, there's, Mr. Alavi and others have brought up that this is a patent case not a copyright case.  But you actually do have to reach the copyright issues to determine whether there is any kind of patent license.
> The GPL is for the most part a copyright oriented document, it uses a lot of copyright law terms.
> <u>But to correct this as a patent case, however, to determine if there's any license you have to reach those copyright issues and determine whether there's been a</u>

breach of the GPL.

The Court:  That's your trigger.  That's what you are saying is the trigger.

Mr. Halliburton: Right." (emphasis added).

XimpleWare cannot argue one way, lose, and then cue up contrary allegations to provide itself the opportunity to argue the issue again.  If XimpleWare believed the Court ruled incorrectly on this issue, its remedy was to file a Motion for Reconsideration of the Court's Order that decided this issue.  *See* FRCP 59(e) and Civ. L.R.7-9(b). Instead of following proper procedure, XimpleWare asserted new cause of action that it had previously  raised[4], and conceded before the Court. The Customer Defendants should not have to devote time and resources defending themselves against changing and contradictory legal theories. This Court gave XimpleWare leave to amend its complaint, not to revisit areas of law already decided by this Court, or  new claims. *Sepehry-Fard v. MB Fin. Servs.*, 2014 WL 2191994 (N.D. Cal. 2014).

The fact that a patent license is included in Version 2 of the GPL has already been decided:

"Because an express license is a defense to patent infringement, XimpleWare's direct infringement claims against Versata's customers turn on whether the customers' distribution is licensed under the GPL."

The law of the case here is unmistakable.  The GPL includes a patent license. In addition to being insufficient to allege a claim of patent infringement and contradicted under the law of the case, XimpleWare's allegations regarding a patent license under the GPL are nonsensical.  XimpleWare states that:

"40. "The GPL does not grant a patent license. The only mention of patents in the operative text of the GPL are in Sections 7 and 8.  Those Sections state that if any conditions on a licensee's use are imposed by a patent, then the licensee may not distribute the licensed program at all (Section 7), and allowing a licensor to place geographic exclusions on the license for countries in which there are patent or other restrictions (Section 8). Neither of those Section grants a patent license."

---

[4] XimpleWare seems to indicate that it believes the license issue is a claim in and of itself.  "1. This action involves claims of patent infringement under 35 U.S.C. §271 *et seq.* and declaratory relief, including but not limited to whether certain defendants have falsely purported to grant patent licenses for Plaintiff's patented computer software to each of the other defendants, and whether all such defendants do not have and have never been granted any license under any of the patents validly issued to and properly and exclusively owned by Plaintiff." Dkt. 88, ¶1.

1

2      In essence, XimpleWare is saying that it can entice users to download VTD-XML under the

3  GPL and then immediately sue them from patent infringement.  This goes against the letter and the

4  spirit of the GPL:

5      [W]e have made it clear that any patent must be licensed for everyone's free use or
6      not licensed at all." Preamble, GPL v. 2, Exhibit 1 to Second Amended Complaint.

7      **III.  The Claims of Willfulness Against the Customer Defendants must be Dismissed**

8      Use is explicitly licensed by the GPL, so XimpleWare cannot show that use by the Customer

9  Defendants constitutes willful infringement.  XimpleWare states:

10

11      "94.   On information and belief, and without entering into a commercial
       license with Ximpleware and without strict compliance with any of the conditions for
12      the GPL license, the Ameriprise Defendants, Customer Defendants, and others
       purchased the Versata Products from the Versata Defendants without authorization.
13      The Ameriprise Defendants and the Customer Defendants infringed and continue to
       willfully infringe the Patents by using the infringing Versata Products, incorporated
14      into the Ameriprise Defendants' and Customer Defendants' software systems which
       those Defendants used and continue to use in their daily course of business."
15

16      This is the extent of allegations regarding willfulness by the Customer Defendants.  As

17  Versata has previously pointed out, XimpleWare has contended that Customers' purported

18  infringement was "knowing and willful" because "Defendants actually knew" that the program was

19  the work of XimpleWare.  Dkt. 18 at ¶87, Dkt. 88 at ¶97.  "Within the Northern District, to

20  sufficiently plead a claim for willful infringement, a patentee must make out the barest factual

21  assertion of knowledge of an issued patent…a mere "allegation of 'actual knowledge,' without

22  more," is not enough to state a claim for willful infringement."  *Robert Bosch Healthcare Sys., Inc.*

23  *v. Express MD Solutions, LLC*, C 12-00068 JW, 2012 WL 2803617 (N.D. Cal. July 10, 2012)

24  (granting dismissal of claim for willful infringement)(internal citations omitted).  XimpleWare

25  alleges only the Versata Defendants accessed the SourceForge project page indicating the program

26  must be licensed under the GPL, which itself contains no patent notices.  *Id.*  While XimpleWare

27  alleges that Versata kept an internal note regarding XimpleWare's license status, XimpleWare

28

pleads no facts supporting the inference that the Customers had access to Versata's internal ledger, or that that internal ledger contained any knowledge of the patents-in-suit. XimpleWare alleges that Versata prevented its customers from learning of XimpleWare's open source license status by failing to include this information in its product code. *Id.* at ¶61. Such status has no relevance as to whether or not VTD-XML was patented and XimpleWare never pleads that the Customers knew or should have known that it was patented. Therefore, by XimpleWare's own allegations, knowing infringement is not only implausible, it is impossible. In short, none of XimpleWare's allegations regarding willful infringement rise to the level of detail required by *Iqbal* and *Twombly* and must, again, be dismissed.

## IV. The Declaratory Judgment Claims Must Be Dismissed

XimpleWare's claim against the Customers for patent infringement is barred because the Customers are licensed, as demonstrated above. XimpleWare has also presented a claim for declaratory relief, which is simply a rephrasing of its patent infringement claim. Based upon the same unsound legal footing discussed above, the claim for declaratory relief must also be dismissed. Further, as pled, the declaratory relief claim does not relate to a case or controversy between the Customers and XimpleWare: because the Customers are licensees, none of the declarations requested involve the Customers at all. *See* Dkt. 18 (requesting the Court declare each of the patents valid and enforceable). A case or controversy must exist to sustain an action for declaratory relief. "For there to be a case or controversy under Article III, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," "real and substantial," and "admi[t] of specific relief through a decree of a conclusive character." *Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1335-36 (Fed. Cir. 2008).

## V. The Court Should Deny Further Leave to Amend

XimpleWare has already filed three Complaints in this case. It should not get a fourth bite at

the apple.  Under this kind of fact pattern, where the Plaintiff has failed, after three attempts, to cure the same deficiencies that existed in its two prior complaints, and it would be futile to grant it another opportunity to amend, a court should dismiss a complaint with prejudice.  In, *Bhandari v. Capital One, N.A.*¸ this Court dismissed the second amended complaint, with prejudice, under a similar scenario.  C-12-04533 PSG, 2013 WL 5423707 (N. D. Ca. 2013) (Dismissing complaint with prejudice after plaintiff filed two amended complaints). It should similarly dismiss Ximpleware's Second Amended Complaint.

The Ninth Circuit uses five factors to determine when a trial court should grant leave to amend a complaint: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment and (5) whether plaintiff has previously amended his complaint."  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  It is the third factor, prejudice to the opposing party, which is the touchstone of the inquiry under FRCP 15(a).  *Id*. The court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.  *Id*.

All of the factors, other than undue delay, weigh in favor of not granting XimpleWare leave to amend a third time.   XimpleWare included the Customer Defendants in its Third Amended Complaint in bad faith.  XimpleWare knew what it had to do to sufficiently allege direct patent infringement against the Customer Defendants.  While it is outside the bounds of what the Court is able to consider in this Motion, Versata notes that XimpleWare had knowledge that the Customer Defendants do not distribute.

The Customer Defendants will suffer prejudice if XimpleWare is allowed a fourth opportunity to try to concoct a new allegation of patent infringement.  Ximpleware has not alleged that the Customer Defendants have infringed outside of their acquisition of DCM from other parties and its subsequent use of the softwarea use which this Court has found is licensed under the GPL. The Customer Defendants have already expended substantial time and resources gathering information and responding to these amorphous accusations.  XimpleWare has shown this Court three times that it is incapable of pleading a viable cause of action against the Customer Defendants, As such, the Customer Defendants respectfully request that XimpleWare be denied further leave to amend.

1

2                                   <u>**CONCLUSION**</u>

3          The Customer Defendants do not belong in this case and XimpleWare has not alleged facts to

4   sufficient to keep them in this case.  For the reasons given in their original Motion to Dismiss, this

5   Court's Order on the Motion to Dismiss, and this Second Motion to Dismiss, the Customer

6   Defendants request that the claims asserted against them by XimpleWare be dismissed with

7   prejudice.

8

9   Dated: June 13, 2014                  Respectfully Submitted,

10

11                                        Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.

12

13                                        /s/ Alisa Lipski
                                          Alisa Lipski
14                                        1221 McKinney, Suite 3460
                                          Houston, Texas 77010
15                                        Tel: 713-655-1101
                                          Fax: 713-655-0062
16                                        Email: alipski@azalaw.com
                                          Valorem Law Group
17                                        David C. Bohrer (SBN 212397)
                                          Sixty South Market St., Ste. 1250
18                                        San Jose, California 95113
                                          Tel: 408-938-3882
19                                        Fax: 408-915-2672
                                          Email: david.bohrer@valoremlaw.com
20

21                                        ***Attorneys for Defendants Pacific Life Ins. Co., Metropolitan***
                                          ***Life Ins. Co., Aurea Software , Inc. a/k/a Aurea, Inc., The***
22                                        ***Prudential Ins. Co. of America, Wellmark, Inc., and Aviva***
                                          ***USA Corp.***
23

24

25

26

27

28

1

CERTIFICATE OF SERVICE

2       On June 13, 2014, I caused the foregoing document, titled Defendants Pacific Life Ins. Co.,

3   Metropolitan Life Ins. Co., The Prudential Ins. Co. of America, Wellmark, Inc., and Aviva USA

4   Corp.'s Motion to Dismiss, electronically filed with the court, which will cause a Notice of Electronic

5   Filing to be automatically generated by the court's electronic filing system and sent to all parties in

6   this case.  Pursuant to General Order No. 45, Sections II.G. and IX, the Notice of Electronic Filing

7   when e-mailed to the email addresses of record for counsel in the case constitutes service on the

8   receiving parties.

9                                                   /s/ Alisa Lipski
10                                                  Alisa Lipski

11

12                                           4812-7264-4891, v.  1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28