Alisa Lipski (SBN 278710)
Amir H. Alavi (Admitted *Pro Hac Vice*)
Benjamin F. Foster (Admitted *Pro Hac Vice*)
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com
Email: aalavi@azalaw.com
Email: bfoster@azalaw.com

David C. Bohrer (SBN 212397)
Valorem Law Group
60 South Market St., Ste. 1250
San Jose, CA 95113
Tel: 408-938-3882
Fax: 408-915-2672
Email: david.bohrer@valoremlaw.com

***Attorneys for Defendants Versata Software, Inc.
f/k/a Trilogy Software, Inc.; Trilogy Development Group, Inc., and Aurea Software, Inc. a/k/a Aurea, Inc.***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIMPLEWARE CORP.,<br><br>           Plaintiff,<br><br>v.<br><br>VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC.; TRILOGY DEVELOPMENT GROUP, INC.; AMERIPRISE FINANCIAL, INC.,; AMERIPRISE FINANCIAL SERVICES, INC., AUREA SOFTWARE, INC. A/K/A AUREA, INC.,; PACIFIC LIFE INS. CO; UNITED HEALTHCARE SERVICES, INC.; METROPOLITAN LIFE INS. CO.; THE PRUDENTIAL INS. CO. OF AMERICA; WELLMARK, INC.; WADDELL & REED FINANCIAL, INC.; AND AVIVA USA CORP.,<br><br>           Defendants. | Case No. 5:13-cv-05161-PSG<br><br>**DEFENDANTS VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC., AND AUREA SOFTWARE, INC. A/K/A AUREA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:         Tuesday, August 12, 2014<br>Time:         10:00 a.m.<br>Location:    Courtroom 5 – 4th Floor<br>Judge:        Hon. Paul S. Grewal |

**NOTICE OF MOTION**

To all parties and their counsel of record:

Please take notice that on August 12, 2014 at 10:00 AM or as soon thereafter as the matter may be heard before the Honorable Paul S. Grewal, in Courtroom 5 of the United States District Court of the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, Defendants Versata Software, Inc., f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc. and Aurea Software, Inc. a/k/a Aurea, Inc. ("Defendants" or "Versata Defendants") hereby move the court to dismiss Plaintiff XimpleWare Corp.'s claims of indirect infringement and willfulness alleged in its Second Amended Complaint.

Versata Defendants seek an Order dismissing XimpleWare's claims of indirect infringement with prejudice. This motion is made pursuant to Fed. R. Civ. P. 12(b)(6) and L.R. 7-2 and is based on this Notice, the following Memorandum of Points and Authorities, all other matters which the Court takes judicial notice, the court's file in this matter, and any other evidence and argument as may be presented at the hearing on the motion.

## INTRODUCTION

XimpleWare's allegations of indirect infringement and willfulness have been dismissed in their entirety based on the fact that XimpleWare did not allege in its Amended Complaint that the Versata Defendants had knowledge. Dkt. 85 pgs. 13-14. XimpleWare now attempts to plead knowledge. However, that is not the only requirement to survive a Rule 12 Motion on induced infringement or contributory infringement. XimpleWare, after amendment, fails to allege that the Versata Defendants specifically intended that anyone engage in infringing activity, and does not allege that DCM has no substantial non-infringing uses.

## ARGUMENT

### I. XimpleWare's Allegations Regarding Indirect Infringement Must be Dismissed

#### A. Indirect Infringement Requires More Than Knowledge Of The Patents.

Liability for induced or contributory infringement under § 271(b) or (c) requires knowledge that the induced acts constitute patent infringement which includes, in part, knowledge of the existence of the patent that is infringed. *Synqor, Inc. v. Artesyn Techs., Inc.* 709 F.3d 1365, 1379 (Fed. Cir. 2013) *citing Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011). XimpleWare has not alleged that the Versata Defendants had knowledge that their acts constituted patent infringement. Though XimpleWare has made bare allegations of knowledge of the patents, knowledge of the patents alone is insufficient to establish the mental state required for an indirect infringement claim. *Guzik Tech. Enters. v. W. Digital Corp.,* 2012 U.S. Dist. LEXIS 6652 (N. D. Cal. 2012) (internal citations omitted).

#### B. XimpleWare Also Fails to Meet the Pleading Requirements for Indirect Infringement Under Iqbal and Twombly.

Form 18 does not determine the sufficiency of pleading for claims of indirect infringement, instead the pleading requirements set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009), commonly referred to as *Twombly* and *Iqbal* apply to such claims. *Superior Indus., LLC v. Thor Global Enters.,* 700 F.3d 1287, 1295 (Fed. Cir. 2012).

In order to survive a motion to dismiss on its indirect infringement claims, XimpleWare's Second Amended Complaint must contain facts plausibly showing that the Versata Defendants <u>specifically intended</u> for their customers to infringe the Patents and knew that the customer's act constituted infringement. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). (emphasis added). XimpleWare has not alleged any actions by most of the customer defendants that would take their use outside of the GPL. If an activity is licensed, it is not infringing. Therefore, any indirect infringement allegations that would indicate direct infringement by a defendant other than Ameriprise must be dismissed.

With respect to Ameriprise, the only remaining conduct that XimpleWare can allege against Ameriprise is that Ameriprises's alleged distribution takes that activity outside of the license. XimpleWare has not alleged that, even if Ameriprise does distribute, which Ameriprise has denied, that Versata intended Ameriprise to do so. This failure is fatal.

### 1. Induced Infringement

With respect to induced infringement, XimpleWare states only:

"Without entering a commercial license with XimpleWare and without strict compliance with any of the condition for the GPL license, the Versata Defendants, in violation of 35 U.S.C. § 271(b), have knowingly aided, abetted, and actively induced the Customer Defendants and other to infringe XimpleWare's Patents." Dkt. 18 at ¶ 94.

This bare allegation is, again, insufficient. The Federal Circuit has held that a plaintiff's complaint must contain facts plausibly demonstrating that the defendant specifically intended its customers to infringe the patent and knew that the customer's acts constituted infringement. *In re Bill of Lading* at 1339. Mere knowledge (not alleged here) is not sufficient, intent to induce is the criterion. *DSU Med. Corp. v. JMS Co., Ltd.,* 471 F.3d 1293, 1305-06 (Fed. Cir. 2006). The inducer must have an affirmative intent to cause direct infringement. *Kyocera Wireless Corp. v. ITC,* 543 F.3d 1340, 1353-1354 (Fed. Cir. 2008) (citations omitted). Here, XimpleWare has not pled knowledge or facts that would show that the Versata Defendants knew or should have known that its activities would induce actions by other which would constitute infringement of one or more of the asserted patents as XimpleWare has not pled that Versata intended for any of its customers to

distribute the software.

### 2. Contributory Infringement

Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that material or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent. *In re Bill of Lading*, 681 F.3d at 1337. XimpleWare has only identified method claims in its Second Amended Complaint.  XimpleWare has not alleged that DCM is especially made or especially adapted for the use claimed by XimpleWare.

XimpleWare's pleading is also devoid of an accusation that DCM has no substantial non-infringing use. XimpleWare pleads the following:

> 105. Because the XimpleWare Patents cover the main algorithms and functionality of VTD-XML, and because VTD-XML implements the XimpleWare Patents, there are no substantial non-infringing uses of VTD-XML.
>
> 106. The Versata Defendants have committed contributory infringement of XimpleWare's exclusive rights has damaged and will continue to damage XimpleWare's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court pursuant to 35 U.S.C. § 283.
>
> . . .
>
> 108. The Versata Defendants' willful contributory infringement of XimpleWare's patents is the direct and proximate cause of damages to XimpleWare, and XimpleWare is entitled to compensatory damages in an amount to be determined at trial.

Dkt. 88 at ¶ 105; 106; 108.

XimpleWare alleges in paragraph 105 that its own software, VTD-XML, has no substantial non-infringing use. However, VTD-XML is not the product that XimpleWare is accusing of infringement. Instead, the accused product is Versata's DCM software. *See* Dkt. 88 at that ¶ 92; 93. Therefore, it is DCM, not VTD-XML that must have no substantial non-infringing uses. However, XimpleWare has not alleged that DCM has no substantial non-infringing uses.  This is fatal to its contributory infringement claim.  Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that material or apparatus is

material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in infringement of such patent. *In re Bill of Lading*, 681 F.3d 1323, 1327 (Fed. Cir. 2012). XimpleWare has not pled that DCM has no substantial non-infringing uses because it cannot. Where the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie. *Id.* at 1338. XimpleWare's allegations regarding contributory infringement must be dismissed.

### C. There Cannot Be Indirect Infringement Without Direct Infringement

There can be no inducement or contributory infringement without an underlying act of direct infringement. *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004). To the extend XimpleWare has alleged that activities by Pacific Life Ins. Co., Metropolitan Life Ins. Co., The Prudential Ins. Co. of America, Wellmark, Inc. and Aviva USA Corp., any use by the Customer Defendants other than Ameriprise of VTD-XML constitute the underlying direct infringement, those indirect infringement claims must be dismissed. XimpleWare, at best, has only identified method claims as being potentially infringed. A method claim is directly infringed only by one practicing the patented method. *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed Cir. 1993); see also 35 U.S.C. § 271 (2006). However, any use of VTD-XML to perform the patented method by the Customer Defendants is explicitly licensed under the GPL. ("The act of running the Program is not restricted…") Dkt. 1-1 at 2. Therefore, under the terms of the GPL itself, each of the Customers are licensed and there is no direct infringement which could support these allegations of indirect infringement.[1]

### CONCLUSION

For the reasons discussed above, XimpleWare's Amended Complaint against the Versata Defendants should be dismissed in its entirety. Versata notes that the court has broad discretion to

---

[1] In resolving a motion brought pursuant to Rule 12(b)(6), the Court may also consider documents attached to the complaint or incorporated by reference in the complaint. *Seoul Laser Dieboard Sys. Co. v. Serviform, S.R. L.*, 2013 U.S. Dist. LEXIS 99381, 4-5 (S.D. Cal. 2013) citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

deny a leave to amend where Plaintiff has previously amended the compliant. *Fuzzysharp Techs. Inc. v. Nvidia Corp.*, 2013 U.S. Dist. LEXIS 126989 (N.D. Cal. 2013) citing *Ascon Properties, Inc. v. Mobile Oil Co.*, 866 F.2d 1449, 1160 (9th Cir. 1989). As Plaintiff has already amended its Complaint twice in response to a Motion to Dismiss pursuant to 12(b)(6), the Versata Defendants respectfully request that the Court deny Plaintiff further leave to amend.

Dated: June 13, 2014               Respectfully Submitted,


Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.


/s/ Alisa Lipski
Alisa Lipski
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com
Valorem Law Group
David C. Bohrer (SBN 212397)
Sixty South Market St., Ste. 1250
San Jose, California 95113
Tel: 408-938-3882
Fax: 408-915-2672
Email: david.bohrer@valoremlaw.com

***Attorneys for Defendants Versata Software, Inc.  f/k/a Trilogy Software, Inc.; Trilogy Development Group, Inc., and Aurea Software, Inc. a/k/a Aurea, Inc.***

CERTIFICATE OF SERVICE

On June 13, 2014, I caused the foregoing document, titled Defendants Versata Software, Inc. f/k/a Trilogy Software, Inc.; Trilogy Development Group, Inc., and Aurea Software, Inc. a/k/a Aurea, Inc.'s Motion to Dismiss, electronically filed with the court, which will cause a Notice of Electronic Filing to be automatically generated by the court's electronic filing system and sent to all parties in this case.  Pursuant to General Order No. 45, Sections II.G. and IX, the Notice of Electronic Filing when e-mailed to the email addresses of record for counsel in the case constitutes service on the receiving parties.

/s/ Alisa Lipski
Alisa Lipski

4852-3364-0987, v.  1