Alisa Lipski (SBN 278710)
Amir H. Alavi (Admitted *Pro Hac Vice*)
Benjamin F. Foster (Admitted *Pro Hac Vice*)
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com
Email: aalavi@azalaw.com
Email:bfoster@azalaw.com

David C. Bohrer (SBN 212397)
Valorem Law Group
60 South Market St., Ste. 1250
San Jose, CA 95113
Tel: 408-938-3882
Fax: 408-915-2672
Email: david.bohrer@valoremlaw.com

***Attorneys for Defendants Versata Software, Inc. f/k/a Trilogy Software, Inc.; Trilogy Development Group, Inc., Pacific Life Ins. Co., Metropolitan Life Ins. Co., Aurea Software , Inc. a/k/a Aurea, Inc., The Prudential Ins. Co. of America, Wellmark, Inc., and Aviva USA Corp.***

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIMPLEWARE CORP.,<br><br>        Plaintiff,<br><br>v.<br><br>VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC.; TRILOGY DEVELOPMENT GROUP, INC.; AMERIPRISE FINANCIAL, INC.,; AMERIPRISE FINANCIAL SERVICES, INC., AUREA SOFTWARE, INC. A/K/A AUREA, INC.,; PACIFIC LIFE INS. CO; UNITED HEALTHCARE SERVICES, INC.; METROPOLITAN LIFE INS. CO.; THE PRUDENTIAL INS. CO. OF AMERICA; WELLMARK, INC.; WADDELL & REED FINANCIAL, INC.; AND AVIVA USA CORP.,<br><br>        Defendants. | Case No. 5:13-cv-05161-PSG<br><br><br>**DEFENDANTS VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC., AND AUREA SOFTWARE, INC. A/K/A AUREA, INC'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Defendants Versata Software, Inc. f/k/a Trilogy Software, Inc., Trilogy Development Group, Inc., and Aurea Software, Inc. a/k/a Aurea, Inc. (collectively "Versata" or the "Versata Defendants") hereby answer Plaintiff XimpleWare Corp.'s ("XimpleWare") Second Amended Complaint as follows. Versata answers XimpleWare's Amended Complaint using the same paragraph numbers used in XimpleWare's pleading.

## GENERAL DENIAL

Unless specifically admitted below, Versata denies each and every allegation in the Complaint.

## NATURE OF ACTION

1.      This action involves claims of patent infringement under 35 U.S.C. § 271 et seq. and declaratory relief, including but not limited to whether certain defendants have falsely purported to grant patent licenses for Plaintiff's patented computer software to each or the other defendants, and whether all such defendants do not have and have never been granted any license under any of the patents validity issued to and properly and exclusively owned by Plaintiff.

**Answer to Paragraph:**        Versata admits that the Complaint alleges claims of patent infringement arising under 35 U.S.C. § 271 et seq., and declaratory relief, but, to the extent that such allegations are directed at the Versata Defendants, Versata denies that any such infringement or other wrongful action has transpired and denies that Plaintiff is entitled to any relief.

## PARTIES

2.      Plaintiff XimpleWare Corp. ("XimpleWare") is a corporation organized under the laws of, and registered to do business in, California, with its principal place of business in Milpitas, California.

**Answer to Paragraph:**        Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 2 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

3.      Plaintiff XimpleWare is the designer, developer, and distributor of advanced computer software and, as an enterprise that practices its own patents, it has delivered to the

marketplace advanced computer software that provides enterprises, Fortune 5000 corporations, firms, and other businesses with an advanced data processing solution for challenging data processing problems. Plaintiff XimpleWare has a number of licensed customers including Matrikon, Inc., Smith & Tinker, Inc., United Stationers Technology Services LLC, and Zoosk, Inc.

**Answer to Paragraph:** Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 3 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

4. Defendant Versata Software, Inc., f/k/a Trilogy Software, Inc. ("Versata") is a private corporation registered to do business in California, organized under the laws of Delaware, with its principal place of business in Austin, Texas.

**Answer to Paragraph:** Versata admits to the allegations in Paragraph No. 4 of Plaintiff's Complaint.

5. Defendant Trilogy Development Group, Inc. ("Trilogy") is a corporation organized under the laws of California, with its principal place of business in Austin, Texas. On information and belief, Trilogy acquired Defendant Versata in or about February 2006, and Trilogy is now the parent company of Versata and its subsidiaries.

**Answer to Paragraph:** Versata denies that it is a corporation organized under the laws of California.  Versata denies that there is an entity currently named Trilogy Development Group, Inc.  Versata denies that the company formerly known as Trilogy Development Group ever acquired Versata and denies that it is the parent company of Versata or its subsidiaries.  Versata admits that the company formerly known as Trilogy Development Group does maintain its principle place of business in Austin, Texas.

6. Defendant Aurea Software, Inc. a/k/a Aurea, Inc. ("Aurea") is a corporation registered to do business in California, organized under the laws of Delaware with its principal place of business in Austin, Texas. On information and belief, Aurea merged with Trilogy and Versata in October, 2013.

**Answer to Paragraph:** Versata denies that Aurea merged with Trilogy and Versata but

otherwise admits the allegation in Paragraph No. 6 of Plaintiff's Complaint.

7.      Defendant Ameriprise Financial, Inc. is a corporation registered to do business in California, organized under the laws of Delaware, with its principal place of business located in Minneapolis, Minnesota. On information and belief, Ameriprise is a leading diversified financial services provider, providing a range of financial planning products and is a customer of Versata and Trilogy.

**Answer to Paragraph:**      Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 7 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

8.      Defendant Ameriprise Financial Services, Inc. is a corporation registered to do business in California, organized under the laws of Delaware, with its principal place of business located in Minneapolis, Minnesota. On information and belief, Defendant Ameriprise Financial Services, Inc. is a subsidiary of Defendant Ameriprise Financial, Inc. (together, Ameriprise Financial, Inc. and Ameriprise Financial Services Inc. shall be referred to as "Ameriprise").

**Answer to Paragraph:**      Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 8 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

9.      Defendant Pacific Life Insurance Company ("Pacific Life") is a Nebraska corporation with its principal place of business in Newport Beach, California. On information and belief, Pacific Life is a customer of Versata and Trilogy.

**Answer to Paragraph:**      Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 9 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

10.      Defendant United HealthCare Services, Inc. ("UHS") is a public corporation registered to do business in California organized under the laws of Minnesota with its principal place of business in Minnetonka, Minnesota. On information and belief, UHS is a diversified managed health care company and a customer of Versata and Trilogy.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 10 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

11.     Defendant Metropolitan Life Insurance Company ("MetLife") is a public corporation registered to do business in California organized under the laws of New York with its principal place of business in New York, New York. On information and belief, MetLife is a global provider of insurance, annuities, and employment benefit programs and is a customer of Versata and Trilogy.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 11 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

12.     Defendant The Prudential Insurance Company of America ("Prudential") is a public corporation registered to do business in California organized under the laws of New Jersey with its principal place of business in Newark, New Jersey. On information and belief, Prudential provides insurance and financial services and is a customer of Versata and Trilogy.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 12 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

13.     Defendant Wellmark, Inc. ("Wellmark") is a corporation organized under the laws of Iowa, operating under the fictitious names "Blue Cross and Blue Shield of Iowa" and "Wellmark Blue Cross and Blue Shield." Wellmark has its principal place of business in Des Moines, Iowa. On information and belief, Wellmark is an insurance company and a customer of Versata and Trilogy.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 13 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

14.     Defendant Waddell & Reed Financial, Inc. ("W&R") is a public corporation registered to do business in California, organized under the laws of Delaware with its principal place of business in Overland Park, Kansas. On information and belief, W&R provides asset management

and financial planning services and is a customer of Versata and Trilogy.

**Answer to Paragraph:** Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 14 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

15.     Defendant Aviva USA Corporation ("Aviva") is a company organized under the laws of Iowa with its principal place of business in West Des Moines, Iowa. On information and belief, Aviva is a subsidiary of Aviva, plc., a multinational insurance company headquartered in London, United Kingdom, and is a customer of Versata and Trilogy.

**Answer to Paragraph:** Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 15 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

16.     Plaintiff is informed and believes and on that basis alleges (collectively hereinafter "on information and belief"), that at all relevant times Trilogy was and is the operating entity of, and has effective, if not actual, control over the business decisions made by its subsidiaries, Versata and Aurea.

**Answer to Paragraph:** Versata denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.     On information and belief, at all relevant times, Versata and Aurea were the mere solely controlled instrumentalities of Trilogy and functioned as Trilogy's *alter egos*, and all undertakings by Versata and Aurea were known by, sanctioned, or done at the direction and under the sole control of Trilogy, or by others serving under Trilogy's direction and/or sole control.

**Answer to Paragraph:** Versata denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.     On information and belief, at all relevant times, Trilogy, Versata, Aurea, and a number of other entities have acted and continue to act in conspiracy to obscure Versata's liability for Patent infringement, breaches of contract, and other wrongful conduct. On information and belief, those acts consist of, but are not limited to, the comingling of corporate funds and assets;

failure to segregate funds and assets of the separate entities; concealment and misrepresentation of the identity and ownership of the corporations; disregard for formalities and failure to maintain arms' length relationships among the various entities; the use of the corporate entity to procure labor, services, or merchandise for another entity; the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another; contracting with one another with intent to avoid performance by use of a corporate entity as a shield against liability of another entity; and the use of a corporation to transfer to it the existing liability of another entity.

**Answer to Paragraph:**     Versata denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19.     By reason of the foregoing, this Court should pierce the corporate veils of Versata and Aurea, and hold Trilogy or any other parent company or controlling persons or entities liable for Versata's monetary and other obligations as determined at trial.

**Answer to Paragraph:**     Versata denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

20.     This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because Federal courts have exclusive jurisdiction in patent cases, and because those claims are Federal questions.

**Answer to the Paragraph:**   Versata admits that this is a civil action for purported patent infringement claims, and that this court may have subject matter jurisdiction over certain patent claims under 28 U.S.C.§§1331 and 1338(a), but Versata lacks sufficient knowledge or information to admit or deny that subject matter jurisdiction exists over this case and therefore denies the same. Versata denies the remaining allegations in Paragraph No. 20 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

21.     This Court has personal jurisdiction over all defendants because all Defendants do substantial business in this District.

**Answer to Paragraph**:     Plaintiff's assertion that this Court has personal jurisdiction

over all defendants is a legal conclusion. To the extent there are any factual allegations in Paragraph No. 21, Versata denies all allegations contained therein.

22.     Venue is proper, under 28 U.S.C. §§ 1331, 1391(c), 1391(d), and 1400(b). This action raises federal questions (patent infringement); substantial part of the events giving rise to this action occurred in this District; the creation, infringement, and sale of software at issue involved corporations registered to do business in California with California subsidiaries, branches, and partners found in and doing business in this district; and at least one act of infringement took place in this District.

**Answer to Paragraph:**     The allegation contained within Paragraph No. 22 of Plaintiff's Complaint constitute legal conclusions as to which no answer is required; however, Versata does not deny that venue of this action is proper in the Northern District of California.

## BACKGROUND FACTS

### XML PARSING

23.     A parser is a piece of software that reads certain electronic files and makes the information from those files available to applications and programming languages, acting as a go-between as underlying code which can be written in any number of programming languages and what a user sees when the program runs.

**Answer to Paragraph:**     Versata denies the allegations in Paragraph No. 23 of Plaintiff's Complaint.

24.     Extensible Markup Language (known as XML) is a set of rules for encoding documents electronically. Known as a metalanguage, XML allows one to design a markup language which is in turn used for the easy interchange of documents on the World Wide Web. XML is itself a subset of a standard called SGML, and can be used to design a tagging scheme that allows elements of a document to be marked according to their content rather than their format.

**Answer to Paragraph:**     Versata denies the allegations in Paragraph No. 24 of Plaintiff's Complaint.

25.     Information stored in XML documents can be used more effectively when parsed—

read line by line or node by node to fetch pieces of information for the program to read and translate. In essence, parsing is the act of analyzing a set of characters or data and then determining, recognizing, deciphering, or acquiring the significant data and commands from a sequence of programming code, and translating the code which allows the program to do the job for which it was designed.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 25 of Plaintiff's Complaint.

**FORMATION OF XIMPLEWARE**

26.      In October 2002, Zhengyu "Jimmy" Zhang founded XimpleWare (the "Company") with a since-departed co-founder Hui Tian. Mr. Ying Shum (who has since passed away) was an advisor to the Company during its early stages. Using experience gained from fifteen years in the software engineering field, Mr. Zhang started XimpleWare with the goal of achieving maximum efficiency for XML processing by using dedicated integrated circuits as a system on a chip (SOC). Mr. Tian left the venture in 2003, and since then Mr. Zhang has handled all creative and managerial responsibilities at XimpleWare.

**Answer to Paragraph:**        Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 26 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

27.      Mr. Zhang chose the name "XimpleWare" for his new venture to evoke the efficiency, speed, and simplicity with which his innovative source code parses XML. The name also included the letters X-M-L, further identifying XimpleWare's goal and product in the marketplace.

**Answer to Paragraph:**        Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 27 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

28.      Mr. Zhang began writing the XimpleWare Source code (the "Source Code") in 2004, and has since put in over 10,000 work hours of computer programming into developing and improving the XimpleWare product.

9

VERSATA DEFENDANTS ANSWER TO XIMPLEWARE CORP.'S SECOND AMENDED COMPLAINT
OF PATENT INFRINGEMENT
CASE NO. 5:13-CV-05161 PSG

**Answer to Paragraph:**      Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 28 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

29.      In its nascent stages, XimpleWare was funded entirely by seed money from friends and family of the original founders, mostly from Mr. Zhang and his parents. Mr. Tian still holds a minority stake in the company, but apart from Mr. Zhang, Mr. Tian, and Ying Shum, there are no other owners, venture capital groups, angel investors, or parties with an interest in XimpleWare.

**Answer to Paragraph:**      Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 29 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

## OPEN SOURCE SOFTWARE

30.      Open source software is software whose source code is available free of charge for the public to use, copy, modify, sublicense, or distribute. While some developers choose to provide their product entirely free of charge, many developers and companies—including large public companies like Oracle and IBM—make use of open source licensing and its collaborative nature to create or incorporate code into products that can be licensed for profit outside the open source community.

**Answer to Paragraph:**      Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 30 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

31.      By licensing one's source code as part of the open source community, or making modifications to someone else's source code under an open source license, the creator retains certain protections, depending on the permissiveness of the particular license, from improper use of his or her intellectual property. To that end, most, if not all, open source licenses apply certain requirements and restrictions for the method and manner in which code extracted from an open source repository can be used, and attaches conditions to any such use.

**Answer to Paragraph:**      Versata lacks sufficient knowledge or information to form a

1   belief about the truth of the allegations in Paragraph No. 31 of Plaintiff's Complaint, and therefore

2   denies all allegations contained therein.

3          32.    There are many commonly used open source licenses, including the GNU General

4   Public License, the BSD License, and the Apache License.

5          **Answer to Paragraph:**         Versata lacks sufficient knowledge or information to form a

6   belief about the truth of the allegations in Paragraph No. 32 of Plaintiff's Complaint, and therefore

7   denies all allegations contained therein.

8          33.    Due to the fundamental properties of XML technology, XML parsing innovations are

9   very hard to sell. A parser is not an end-user product, *i.e.*, is a component that must be integrated into

10  another existing product, analogous to how an engine is a component that must be integrated into a

11  car—it has little utility on its own, but matters a great deal to the larger product.  XimpleWare

12  therefore made the business decision to license its Source Code under the GNU General Public

13  License version 2 ("GPL"). A copy of the GPL is attached to this Complaint as **Exhibit 1**. By

14  licensing its technology under the GPL, XimpleWare enabled potential commercial licensees to

15  evaluate XimpleWare's technology before going into commercial production, and allowed free non-

16  commercial use of its technology, which would likely spur adoption in the overall market for high-

17  efficiency XML processing software.

18         **Answer to Paragraph:**         Versata lacks knowledge or information sufficient to form a

19  belief about the truth of the allegations in Paragraph No. 33 of Plaintiff's Complaint and on that

20  basis denies them.

21         34.    The GPL requires, among other things, (1) that any changes made to the code carry

22  notices stating that the files were changed, and the date of all changes; (2) any code created or

23  derived from GPL-protected code must also be licensed under the GPL; (3) copyright notices must

24  print or display when the code is run; and (4) that when distributed, the program must be

25  accompanied by the complete machine-readable source code.

26         **Answer to Paragraph:**         The allegations contained in Paragraph 34 of Plaintiff's

27  Complaint constitute legal conclusions as to which no answer is required; however, to the extent that

28

any of the allegations in Paragraph 34 are not legal conclusion, Versata denies them.

35.     The text of the GPL contains a lengthy "Preamble" section. This preamble is not a legally operative part of the GPL, as is generally understood in the open source community. For example, Lawrence Rosen, an attorney and noted open source expert, states in a 2004 book:

> The preamble, of course, is not an operative part of the GPL license. It is not among its *terms and conditions*. There is nothing in its words that must be obeyed. It is merely a helpful preface so that you can better understand the GPL in its context.

Lawrence Rosen, Open Source Licensing: Software Freedom And Intellectual Property Law 109 (Prentice Hall 2004) (emphasis in original).

**Answer to Paragraph:**     Versata lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 35 of Plaintiff's Compliant and on that basis denies them.

36.     XimpleWare chose the GPL approach because it is one of the most restrictive open source licenses available, requiring that any derivative code incorporating GPL-protected code must be returned to the open source community in its entirety. This concept is often referred to as "copyleft," which the Free Software Foundation explains succinctly on its "Frequently Asked Questions" page for the GPL:

> [Q:] You have a GPL'ed program that I'd like to link with my code to build a proprietary program. Does the fact that I link with your program mean I have to GPL my program?
>
> [A:] Yes.

Frequently Asked Questions about version 2 of the GNU GPL, Free Software Foundation, http://www.gnu.org/licenses/old-licenses/gpl-2.0-faq.html (last accessed Dec. 16, 2013) (archived at http://perma.cc/LLM9-3SED). In other words, if Developer A creates Product A and licenses it under the GPL, and Developer B creates Product B which incorporates Product A, then Developer B must also license Product B under the GPL.

**Answer to Paragraph:**     Versata lacks knowledge or information sufficient to form a

1   belief about the truth of the allegations in Paragraph No. 36 of Plaintiff's Compliant and on that

2   basis denies them.

3         37.    In general, a computer cannot run source code directly. Before a computer can run a

4   program, its source code must be translated into machine-readable form called "object code" which

5   is also sometimes referred to as a "binary" or "binaries" because object code is not human-readable

6   text, but rather machine-readable binary code.

7       **Answer to Paragraph:**    Versata denies the allegations in Paragraph No. 37 of

8   Plaintiff's Complaint.

9         38.    The GPL also requires that any distribution of the binary version of a GPL-licensed

10  software must be accompanied by either source code or an offer to provide source code.  This

11  explained clearly in Section 3 of the GPL, as well as the Free Software Foundation's GPL

12  "Frequently Asked Questions" page:

13      [Q:] I downloaded just the binary from the net. If I distribute copies, do I have to get the

14      source and distribute that too?

15      [A:] Yes. The general rule is, if you distribute binaries, you must distribute the complete

16      corresponding source code too. The exception for the case where you received a written offer

17      for source code is quite limited.

18      **Answer to Paragraph:**    The allegation contained within Paragraph No. 38 of Plaintiff's

19  Complaint constitute legal conclusions as to which no answer is required; however, to the extent any

20  of the allegations in Paragraph No. 38 are not legal conclusions, Versata denies them.

21        39.    The GPL requires strict compliance, and, under its Section 4, any failure to comply

22  with **any** of the GPL's multiple conditions means there is no license granted and this means any use,

23  distribution, or other exploitation is not licensed and all rights the violator could have obtained under

24  the GPL are voided:

25          You may not copy, modify, sublicense, or distribute the Program except as

26          expressly provided under this License. Any attempt otherwise to copy, modify,

27          sublicense or distribute the Program is void, and will automatically terminate your

28

rights under this License…

GPL at § 4.

**Answer to Paragraph:**        The allegation contained within Paragraph No. 39 of Plaintiff's Complaint constitute legal conclusions as to which no answer is required; however, to the extent any of the allegations in Paragraph No. 39 are not legal conclusions, Versata denies them.

40.    The GPL does not grant a patent license. The only mention of patents in the operative text of the GPL are in Sections 7 and 8. Those Sections state that if any conditions on a licensee's use are imposed by a patent, then the licensee may not distribute the licensed program at all (Section 7), and allowing a licensor to place geographic exclusions on the license for countries in which there are patent or other restrictions (Section 8). Neither of those Sections grant a patent license.

**Answer to Paragraph:**        Versata denies allegations in Paragraph No. 40 of Plaintiff's Complaint.

## THE XIMPLEWARE PRODUCT

41.    The complete XimpleWare software product, known as "VTD-XML" or "VTD-XML Extended" (collectively, the "Product"), is made up of a number of constituent parts, each with individual functions, and is written in several different programming languages. Most of the code, however, is written in Java, which is one of the most popular programming languages in use today.

**Answer to Paragraph:**        Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 41 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

42.    XML is ubiquitous in today's business world. For example, since 2007, the file formats for Microsoft Office are based on XML, and many web pages are coded in XML.

**Answer to Paragraph:**        Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 42 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

43.    The XimpleWare Source Code and Product reads and parses XML at a rate estimated to be five to ten times faster than other current XML parsing programs, effecting greater efficiency

and speed. It also provides indexing and incremental capabilities that are crucial to many high performance XML applications and are not available in any other XML parsing libraries. Efficiency and speed are critical in many applications of XML, especially in large scale enterprise data interchange applications where entire server computers are dedicated to handling streams of XML data. If XML data can be processed faster, then fewer servers are needed, less leased space in data centers is needed for those servers, and less energy is required to power those servers—altogether greatly reducing computing needs and costs.

**Answer to Paragraph:** Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 43 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

44.     The Product is an enabler for any program that uses XML in its applications, but to see the upside in the parsing speed, customers have to try it.

**Answer to Paragraph:** Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 44 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

45.     XimpleWare has had interest and licensing discussions with several industry leaders, and has established its VTD-XML software as a leading technology in XML parsing.

**Answer to Paragraph:** Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 45 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

### THE XIMPLEWARE SOURCE CODE

46.     Over the course of over ten years, Mr. Zhang updated and improved the Source Code and Product (and still does), checking out sections of code to work on and then checking it back into an open source database called SourceForge. SourceForge is a community-based website where software developers can publish source code to a global audience, and can join and collaborate on open source projects.

**Answer to Paragraph:** Versata lacks sufficient knowledge or information to form a

belief about the truth of the allegations in Paragraph No. 46 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

47.     One of the principal tools SourceForge provides is version control systems. A version control system is a computer program that manages a set of source code. Programmers use version control systems by "checking out" a copy of the source code to their own computer, making changes, and then submitting those changes back into the version control system in a process called "checking in." Each check-in is documented in the version control system with time, date, and contributor information, as well as comments from the programmer describing his or her changes. With a version control system, it is possible to review all changes to a set of source code and to know who made those changes.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 47 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

48.     SourceForge also provides a system where programmers not affiliated with a project may submit suggested changes to members of the project. The members may then choose to check those changes in to the version control system, or to reject them. As with any other check-in, time, date, contributor, and other information are logged in the version control system.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 48 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

49.     One version control system offered by SourceForge is the Concurrent Versions System, commonly known as "CVS". Like other version control systems, CVS tracks who made which changes to the managed source code, and CVS keeps a log of those revisions.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 49 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

50.     XimpleWare placed its Source Code on SourceForge, and managed that Source Code in SourceForge's CVS system.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 50 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

**THE XIMPLEWARE ISSUED PATENTS**

51.     XimpleWare applied for, and the United States Patent and Trademark Office issued, three patents (the "Patents"):

    A. U.S. Patent No. 7,133,857, issued Nov. 7, 2006, titled "Processing structured
        data" (the "'857 Patent")
    B. U.S. Patent No. 7,620,652, issued Nov. 17, 2009, titled "Processing structured
        data" (the "'652 Patent")
    C. U.S. Patent No. 7,761,459, issued July 20, 2010, titled "Processing structured
        data" (the "'459 Patent")

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 51 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

52.     All of the Patents received a term extension to February 2024 under 35 U.S.C. § 154(b). The named inventors on all of the Patents are Jimmy Zhang and Hui Tian, and all right, title, and interest are assigned to XimpleWare.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 52 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

53.     The first patent (the '857 Patent), filed in 2002 and issued in 2006, is titled "Processing Structured Data," and contains 43 claims (including 7 independent claims) covering methods, apparatuses, and program storage devices for "efficiently processing a structured data file" or "efficiently processing structured data"—including XML. The '857 Patent has been cited by five other issued U.S. patents—including patents issued to IBM, HP, and Canon—and by three published U.S. patent applications.

**Answer to Paragraph:**    Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 53 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

54.    The '652 Patent, filed in 2006 and issued in 2009, contains 35 claims (including 8 independent claims) for methods, apparatuses, and program storage devices, and focuses on efficiently processing structured data like XML. The '652 Patent has been cited by two issued U.S. patents by IBM and Canon and by one published U.S. patent application.

**Answer to Paragraph:**    Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 54 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

55.    The '459 Patent, filed in 2006 and issued in 2010, contains 24 claims (including 4 independent claims) for methods, apparatuses, hardware devices, and program storage devices, and again focuses on efficiently processing structured data like XML. The '459 Patent has been cited by two issued U.S. patents and one published U.S. patent application.

**Answer to Paragraph:**    Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 55 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

56.    There has been no challenge to any of the XimpleWare Patents or any other XimpleWare intellectual property rights.

**Answer to Paragraph:**    Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 56 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

57.    The XimpleWare Source Code and Product practice the XimpleWare Patents.

**Answer to Paragraph:**    Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 57 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

58.     XimpleWare owned the three XimpleWare Patents throughout the period of the

Defendants' infringing acts, and still owns the patents. XimpleWare uses the patent numbers on its

Product and in its documentation to give actual and constructive notice of the existence of the

XimpleWare patents.

**Answer to Paragraph:**          Versata lacks sufficient knowledge or information to form a

belief about the truth of the allegations in Paragraph No. 58 of Plaintiff's Complaint, and therefore

denies all allegations contained therein.

59.     XimpleWare's SourceForge project page also clearly indicates that the VTD-XML

software is licensed under the GPL; the XimpleWare web site has always made clear that any and all

commercial projects and those involving any distribution, requires a commercial license under the

commercial terms and conditions to be concluded with XimpleWare, and that generally requires a

signed written agreement between the parties and payment of commercial royalties to XimpleWare.

Multiple other commercial parties who could not come within the GPL's strict conditions have

agreed to sign and have signed commercial licenses with XimpleWare and the custom and practice

in the industry is for the proposed licensee to do appropriate due diligence and to assure that his, her

or its project is strictly within the GPL's conditions or else to contact XimpleWare to discuss the

requirements for commercial licensing.

**Answer to Paragraph:**          Versata lacks sufficient knowledge or information to form a

belief about the truth of the allegations in Paragraph No. 59 of Plaintiff's Complaint, and therefore

denies all allegations contained therein.

## Independent Contractors in the Financial Services Industry

60.     According to industry publications, "For many core financial products and services,

independent distribution is the leading sales channel in the industry. It accounts for half of life

insurance new annualized premium and 40 percent of annuity business written.

**Answer to Paragraph:**        Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 60 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

61.     The majority of Ameriprise financial advisors are not Ameriprise employees. According to Ameriprise's own 2012 Annual Report, filed publicly with the U.S. Securities and Exchange Commission, Ameriprise operates a "nationwide network of more than 9,700 advisors," of which "more than 7,400 are independent franchisees or employees or contractors of franchisees."

**Answer to Paragraph:** Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 61 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

## DEFENDANTS COPY XIMPLEWARE'S PATENTED SOURCE CODE

62.     In the summer of 2013, XimpleWare learned of a Texas lawsuit between Defendants Versata and Ameriprise over a contract dispute (the "Texas Litigation").

**Answer to Paragraph:**        Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 62 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

63.     According to documents filed in the Texas Litigation, Versata licensed its DCM software to Ameriprise until Ameriprise attempted to write its own software using programmers in India to replace the Versata product. Versata then sued for misappropriation, among other claims.

**Answer to Paragraph:**        The allegations in Paragraph No. 63 of Plaintiff's Complaint are not an accurate representation of the Texas Litigation and therefore Versata denies them.

64.     During the prosecution of the Texas Litigation, Ameriprise informed XimpleWare that it had discovered portions of XimpleWare's Source Code in the source code of Versata's DCM product, and with said XimpleWare Source code, none of the conditions of the GPL license had been met. There was also no evidence of any commercial license from XimpleWare and no reproduction of XimpleWare's copyright notice in Versata's DCM product.

**Answer to Paragraph:** Versata lacks knowledge or information sufficient to form a belief about what Ameriprise informed XimpleWare during the prosecution of the Texas Litigation and therefore denies the allegations contained in Paragraph 64 of Plaintiff's Complaint. Versata denies that VTD-XML is incorporated into DCM and that XimpleWare's Source Code is in the source code of Versata's DCM product. To the extent the GPL is an applicable license, Versata denies that none of the conditions in the GPL license had been met.

65. Based upon documents XimpleWare received from Ameriprise, for months and without ever contacting XimpleWare to check on the validity of its alleged reliance, Versata asserted a theory in the Texas Litigation that XimpleWare's Source Code was licensed under an Oracle-based exception to the GPL known as the "classpath exception." The "classpath exception" is an Oracle-based exception to the GPL that has been promulgated by Oracle Corporation (www.oracle.com) of Redwood City, California (owner of the Java programming language) for certain Java-related software packages. XimpleWare has never used and never authorized this exception or any exception other than commercial licensing directly with XimpleWare; neither Oracle nor any other company is authorized to make any statement on behalf of XimpleWare.

**Answer to Paragraph:** Versata denies the allegations of Paragraph No. 65 of Plaintiff's Complaint.

66. The only copyright or license notices that XimpleWare has ever placed on its VTD-XML Source Code give notice that the Source Code is licensed under the GPL for those strictly complying with all conditions of the GPL, and that it is otherwise commercially available through license directly from XimpleWare. XimpleWare has never utilized the "classpath exception," nor has it ever made any exceptions to licensing its Source Code under the unaltered GPL other than through paid commercial licenses obtained directly from XimpleWare.

**Answer to Paragraph:** Versata again denies any obligation to comply with any such copyright or use notices. To the extent the GPL is an applicable license, Versata denies XimpleWare's allegations with respect to the GPL. Versata further denies that VTD-XML is incorporated into DCM. On these and other bases, Versata denies the allegations contained in

Paragraph No. 66 of Plaintiff's Complaint.

67.     None of the defendants in this case did, have done, or have attempted to do any appropriate due diligence with XimpleWare, and therefore none of the Defendants in this case can assert truthfully that they are innocent infringers or that they otherwise relied reasonably in any way in commencing, continuing, or refusing to discontinue their respective infringements.

**Answer to Paragraph:**     Versata denies the allegations in Paragraph No. 67 of Plaintiff's Complaint.

68.     On October 23, 2013, counsel for XimpleWare gave formal notice of the XimpleWare patents to counsel for Versata. On information and belief, both Versata and Ameriprise knew about the XimpleWare Patents even before that date, and have been on at least inquiry notice since Ameriprise's assertion against Versata in the Texas Litigation of defenses based on XimpleWare's contractual and copyright rights. Based on those assertions, both Versata and Ameriprise should have conducted proper diligence on XimpleWare, in which they would have discovered the XimpleWare patents. Versata's willfulness is also evidenced by its attempts in the Texas Litigation to conceal its unlicensed copying of VTD-XML into its DCM software, as well as its lack of candor and progress in patching DCM to remove VTD-XML.

**Answer to Paragraph:**     Versata denies the allegations in Paragraph No. 68 of Plaintiff's Complaint.

69.     Versata's commercial distribution of the XimpleWare Product or Source Code outside the terms of the GPL was knowing and willful. According to documents filed in the Texas Litigation, Versata maintained in the course of business a list of open source software components that it included in its DCM product, and that list included VTD-XML as well as the fact that VTD-XML and several other components were licensed under the GPL—without any mention of the "classpath exception."

**Answer to Paragraph:**     Versata denies the allegations in Paragraph No. 69 of Plaintiff's Complaint.

70.     XimpleWare has never granted Versata any commercial license, permission, or

authorization to use and redistribute any XimpleWare Product or Source Code.

**Answer to Paragraph:**     Versata denies the allegations in Paragraph No. 70 of Plaintiff's Complaint.

71.     The only license the Versata Defendants have ever had was the GPL. However, by failing to meet any of the required conditions of the GPL license, no license was granted to any of the Versata Defendants and any alleged rights any of them had or purported to have to XimpleWare's VTD-XML computer software were void *ab initio* and terminated instantly and automatically, and all distributions and other exploitations including all attempts to sublicense were unauthorized, void, and without effect, and each constituted a wilful infringement of XimpleWare's rights.

**Answer to Paragraph:**     Versata denies the allegations in Paragraph No. 71 of Plaintiff's Complaint.

72.     On information and belief, Versata has distributed thousands of unauthorized copies of the Product or the Source Code to a number of customers like the Customer Defendants and Ameriprise Defendants, and Versata has illegally collected revenues on the sale and distribution of the derivative DCM product incorporating XimpleWare's Source Code, in violation of XimpleWare's Patents. XimpleWare estimates Versata's total sales of the infringing DCM product to exceed $300,000,000.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 72 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

73.     On information and belief, Ameriprise distributed DCM and VTD-XML to its thousands of non-employee financial advisors. According to its 2012 Annual Report, "The support [Ameriprise] offer[s] to [its] franchisee advisors includes generalist and specialist leadership support, **technology platforms and tools**, training and marketing programs" (emphasis added). On information and belief, DCM is among the "technology platforms and tools" that Ameriprise provides its outside advisors.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a

1   belief about the truth of the allegations in Paragraph No. 73 of Plaintiff's Complaint, and therefore

2   denies all allegations contained therein.

3        74.     On information and belief, when Ameriprise made its outside distributions of DCM

4   and VTD-XML, it did so under a commercial license (and not the GPL) without any attribution to

5   XimpleWare, without any XimpleWare copyright notice, without any XimpleWare Source Code,

6   and without any offer to convey the XimpleWare Source Code—all in violation of the GPL and all

7   of which were void under the GPL.

8        **Answer to Paragraph:**      Versata lacks sufficient knowledge or information to form a

9   belief about the truth of the allegations in Paragraph No. 74 of Plaintiff's Complaint, and therefore

10  denies all allegations contained therein.

11       75.     According to its website, "Prudential [Insurance Company of America] sells its

12  products through both **independent** and Prudential financial professionals." (emphasis added) On

13  information and belief, these "financial professionals", some of whom are "independent" (*i.e.*, non-

14  employees of Prudential), are the beneficiaries of the DCM software, which calculates their

15  compensation.

16       **Answer to Paragraph:**      Versata lacks sufficient knowledge or information to form a

17  belief about the truth of the allegations in Paragraph No. 75 of Plaintiff's Complaint, and therefore

18  denies all allegations contained therein.

19       76.     Among the risk factors discussed in United Health's recent 10-Q quarterly report,

20  filed with the U.S. Securities Exchange Commission on May 6, 2014, United Health stated that "our

21  ability to attract, retain and provide support to a network of **independent producers** (i.e., brokers

22  and agents) and consultants" could materially impact the company's financial performance.

23  (emphasis added) On information and belief, these "independent producers" (*i.e.*, non-employees of

24  United Health) are the beneficiaries of the DCM software, which calculates their compensation.

25       **Answer to Paragraph:**      Versata lacks sufficient knowledge or information to form a

26  belief about the truth of the allegations in Paragraph No. 76 of Plaintiff's Complaint, and therefore

27  denies all allegations contained therein.

28

77.     In its most recent 10-Q quarterly report, filed with the U.S. Securities Exchange Commission on May 15, 2014, Metropolitan Life Insurance Company discussed its relationships with non-employee: "The Company has entered into various agreements **with affiliates** for services necessary to conduct its activities. Typical services provided under these agreements include personnel, policy administrative functions and **distribution services**." (emphasis added) On information and belief, these "affiliates" (*i.e.*, non-employees of Metropolitan Life) are the beneficiaries of the DCM software, which calculates their compensation.

**Answer to Paragraph:**        Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 77 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

78.     In its most recent 10-Q quarterly report, filed with the U.S. Securities Exchange Commission on May 2, 2014, Waddell & Reed Financial, Inc. discussed its "advisors, who are **independent contractors**". (emphasis added) Similarly, according to a prior filing, a 10-K annual report for 2013, Waddell stated: "Our retail products are distributed through third-parties such as other broker/dealers, registered investment advisors and various retirement platforms, (collectively, the 'Wholesale channel') or through our sales force of independent financial advisors (the 'Advisors channel')." On information and belief, these "independent contractor" "advisors" are the beneficiaries of the DCM software, which calculates their compensation.

**Answer to Paragraph:**        Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 78 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

79.     Various documents show Pacific Life's use of non-employee "producers", including a "Contract Summary" document which states: "We pay the independent producer or the independent producer's third party selling firm for selling the contract to you." On information and belief, these "independent producer[s]" are the beneficiaries of the DCM software, which calculates their compensation.

**Answer to Paragraph:** Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 79 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

80.     Aviva USA also contracts with non-employee producers, as shown by forms published on its website, including an "Independent Producer Contract Appointment Application and Agreement." On information and belief, these "independent producer[s]" are the beneficiaries of the DCM software, which calculates their compensation.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 80 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

81.     Wellmark also contracts with non-employee producers or "brokers." Wellmark's online agent directory states that "All agents represented by Wellmark on this website are authorized independent agents for Wellmark…".[10] On information and belief, these "independent agents" are the beneficiaries of the DCM software, which calculates their compensation.

**Answer to Paragraph:**     Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 81 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

82.     XimpleWare has never granted any Defendant in this case any commercial license, permission, or authorization to use and redistribute any XimpleWare Product or Source Code.

**Answer to Paragraph:**     Versata denies the allegations contained in Paragraph No. 82 of Plaintiff's Complaint.

83.     Defendants have infringed, and are still infringing on XimpleWare's intellectual property rights by making, selling, and using the DCM product that practices the XimpleWare Patents, and the Defendants will continue to do so unless this Court enjoins them.

1    **Answer to Paragraph:**        Versata denies the allegations contained in Paragraph 83 of Plaintiff's

2    Complaint.

3

4                                    **FIRST CLAIM FOR RELIEF**

5                                    **DIRECT PATENT INFRINGEMENT**

6                                    **(AGAINST ALL DEFENDANTS)**

7            84.     Versata incorporates its denials of paragraphs 1-83 of Plaintiff's Second Amended

8    Complaint.

9            85.     XimpleWare designs and licenses software designed to more effectively and more

10   efficiently parse XML in an almost limitless range of products and applications.

11           **Answer to Paragraph:**        Versata lacks sufficient knowledge or information to form a

12   belief about the truth of the allegations in Paragraph No. 85 of Plaintiff's Complaint, and therefore

13   denies all allegations contained therein.

14           86.     XimpleWare has made substantial investments of time and money, and as well as

15   great efforts over a period of ten or more years developing a faster, more efficient way to parse

16   XML.  These investments in research and development have, over the year, yielded many

17   innovations, including the innovations disclosed and claimed in the Patents.

18           **Answer to Paragraph:**        Versata lacks sufficient knowledge or information to form a

19   belief about the truth of the allegations in Paragraph No. 86 of Plaintiff's Complaint, and therefore

20   denies all allegations contained therein.

21           87.     The '857, '652, and '459 were duly and legally issued to XimpleWare, as assignee of

22   the inventors named therein, for an invention entitled "Processing Structured Data." True and correct

23   copies of the Patents are attached as **Exhibits 2, 3, and 4**, respectively.

24           **Answer to Paragraph:**        Versata admits that copies of the '857, '652 and '459 patents

25   appear to be attached as Exhibits 2, 3, and 4.  Versata denies that those patents were duly and legally

26   issued. Versata lacks sufficient knowledge and information to form a belief about any remaining

27   allegations in Paragraph 87, and therefore denies them.

28

88.     The Patents are valid and enforceable.

**Answer to Paragraph:**          Versata denies the allegations in Paragraph No. 78 of Plaintiff's Complaint.

89.     At all material times since the original issue dates, XimpleWare has been the owner of the entire right, title, and interest in the Patents.

**Answer to Paragraph:**          Versata lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph No. 89 of Plaintiff's Complaint, and therefore denies all allegations contained therein.

90.     XimpleWare's Product as well as its Source Code practices each of the independent claims of the Patents.

**Answer to Paragraph:**          Versata denies the allegations in Paragraph No. 90 of Plaintiff's Complaint.

91.     On information and belief, Defendants have infringed and continue to infringe XimpleWare's Patents and each of them by making, using, selling, and/or offering for sale in the United States a number of products that practice the claims contained in the Patent, and will continue to do so unless enjoined by this Court.

**Answer to Paragraph:**          Versata denies the allegations in Paragraph No. 91 of Plaintiff's Complaint.

92.     Without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, the Versata Defendants incorporated the XimpleWare Product and/or Source Code into a number of their own products (the "Versata Products"), including but not limited to the Versata DCM product. Therefore, the Versata Products **necessarily** practice **at least** independent Claims 1 and 7 the '857 Patent, independent Claims 1 and 9 of the '652 Patent, and independent Claim 1 of the '459 Patent.

**Answer to Paragraph:**          Versata denies the allegations in Paragraph No. 92 of Plaintiff's Complaint.

93.     The Versata Products and each of them literally infringe because every element of

each of those Claims is included in DCM, and are necessarily included in any other product into which Defendants incorporated the XimpleWare Source Code or Product. The Versata Defendants used and sold its infringing products in the United States, and did so willfully.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 93 of Plaintiff's Complaint.

94.    On information and belief, and without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, the Ameriprise Defendants, Customer Defendants, and others purchased the Versata Products from the Versata Defendants without authorization. The Ameriprise Defendants and Customer Defendants infringed and continue to willfully infringe the Patents by using the infringing Versata Products, incorporated into the Ameriprise Defendants' and Customer Defendants' software systems which those Defendants used and continue to use in their daily course of business.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 94 of Plaintiff's Complaint to the extent they pertain to Versata.  Versata lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph No. 94 of Plaintiff's Complaint, and therefore denies the remaining allegations contained therein.

95.    On information and belief, and without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, the Ameriprise Defendants and Customer Defendants have distributed without authorization DCM and VTD-XML to thousands of non-employee independent contractor or franchisee advisors or "producers."

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 95 of Plaintiff's Complaint to the extent they pertain to Versata.  Versata lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph No. 95 of Plaintiff's Complaint, and therefore denies the remaining allegations contained therein.

96.    Defendants' conduct constitutes direct infringement of XimpleWare's patent rights under 35 U.S.C. § 271(a).

**Answer to Paragraph:**          Versata denies the allegations in Paragraph No. 96 of Plaintiff's Complaint to the extent they pertain to Versata.  Versata lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph No. 96 of Plaintiff's Complaint, and therefore denies the remaining allegations contained therein.

97.     The Versata Defendants' patent infringement was and is knowing and willful. The GPL, a copy of which must be included with all GPL-licensed source code, was always included with every version of the XimpleWare Source Code available on SourceForge. XimpleWare's SourceForge project page—which XimpleWare has records of the Versata Defendants visiting— clearly indicates that VTD-XML is licensed under the GPL. Further, according to documents filed in the Texas Litigation, Versata maintained in the course of business a list of open source software components that it included in its DCM product, and that list included VTD-XML, and included the fact that VTD-XML was licensed under the GPL version 2. Therefore, Defendants actually knew or reasonably should have known that the Source Code was the work of XimpleWare, for which Defendants did not have a commercial license, and Defendants did in fact copy, adapt, and distribute works practicing the XimpleWare parents, derived from the Source Code in either source or compiled form without authorization from XimpleWare. No Defendants have ever obtained a commercial license from XimpleWare. The Versata Defendants were on actual notice before the filing of this lawsuit, and were on inquiry notice long before given Ameriprise's assertions in the Texas Litigation of defenses based on Versata's incorporation of unlicensed XimpleWare software into DCM.

**Answer to Paragraph:**          Versata denies the allegations in Paragraph No. 97 of Plaintiff's Complaint to the extent they pertain to Versata.  Versata lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph No. 97 of Plaintiff's Complaint, and therefore denies the remaining allegations contained therein.

98.     Defendants' direct infringement of XimpleWare's exclusive patent rights has damaged, and/or will damage XimpleWare's business, causing irreparable harm for which there is no adequate remedy at law, unless Defendants are enjoined by this Court pursuant to 35 U.S.C. §

283.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 98 of Plaintiff's Complaint to the extent they pertain to Versata.  Versata lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph No. 98 of Plaintiff's Complaint, and therefore denies the remaining allegations contained therein.

99.    Defendants' direct infringement of XimpleWare's Patents is the direct and proximate cause of damages to XimpleWare, and XimpleWare is entitled to compensatory damages in an amount to be determined at trial.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 99 of Plaintiff's Complaint to the extent they pertain to Versata.  Versata lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph No. 99 of Plaintiff's Complaint, and therefore denies the remaining allegations contained therein.

100.    Defendants' direct infringement of the Patents entitles XimpleWare to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283, an award of all damages sustained by XimpleWare as a result of Defendants' infringement, and enhanced damages adequate to compensate for Defendants' collective and willful infringement of XimpleWare's patent rights together with attorneys' fees and costs, pursuant to 35 U.S.C. §§ 284 and 285.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 90 of Plaintiff's Complaint to the extent they pertain to Versata.  Versata lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph No. 90 of Plaintiff's Complaint, and therefore denies the remaining allegations contained therein.

**SECOND CLAIM FOR RELIEF**

**INDUCING PATENT INFRINGEMENT**

**(AGAINST VERSATA DEFENDANTS)**

101.    Versata incorporates its denials of paragraphs 1-83 of Plaintiff's Complaint.

102.    The Versata Defendants have infringed and induced infringement of the '857, '652, and '459 Patents.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 102 of Plaintiff's Complaint.

103.    The Versata Defendants deliberately downloaded the XimpleWare Source Code from the SourceForge open source repository and incorporated it into DCM and a number of other products. On information and belief, the Versata Defendants then sold those products to a number of customers, without authorization, including, but not necessarily limited to, the Ameriprise Defendants who incorporated those products into their own internal systems, which the Ameriprise Defendants used and continue to use in the daily course of business without any authorization and without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 103 of Plaintiff's Complaint.

104.    Because the XimpleWare Patents cover the main algorithms and functionality of VTD-XML, and because VTD-XML implements the XimpleWare Patents, there are no substantial non-infringing uses of VTD-XML.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 104 of Plaintiff's Complaint.

105.    Without entering a commercial license with XimpleWare and without strict compliance with any of the conditions for the GPL license, the Versata Defendants, in violation of 35 U.S.C. § 271(b), have knowingly aided, abetted, and actively induced the Ameriprise Defendants, Customer Defendants, and others to infringe XimpleWare's Patents.

**Answer to Paragraph:**      Versata denies the allegations in Paragraph No. 105 of Plaintiff's Complaint.

106.    The Versata Defendants have committed contributory infringement of XimpleWare's exclusive rights, which has damaged and will continue to damage XimpleWare's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court pursuant to 35 U.S.C. § 283.

**Answer to Paragraph:**      Versata denies the allegations in Paragraph No. 106 of Plaintiff's Complaint.

107.    The Versata Defendants' infringement of XimpleWare's exclusive patent rights has damaged, and/or will damage XimpleWare's business, causing irreparable harm for which there is no adequate remedy at law, unless Defendants are enjoined by this Court pursuant to 35 U.S.C. § 283.

**Answer to Paragraph:**      Versata denies the allegations in Paragraph No. 107 of Plaintiff's Complaint.

108.    The Versata Defendants' willful contributory infringement of XimpleWare's Patents is the direct and proximate cause of damages to XimpleWare, and XimpleWare is entitled to compensatory damages in an amount to be determined at trial.

**Answer to Paragraph:**      Versata denies the allegations in Paragraph No. 108 of Plaintiff's Complaint.

109.    The Versata Defendants' infringement of the Patents entitles XimpleWare to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283, an award of all damages sustained by XimpleWare as a result of Defendants' infringement, and enhanced damages adequate to compensate for Defendants' collective and willful infringement of XimpleWare's patent rights together with attorneys' fees and costs, pursuant to 35 U.S.C. §§ 284 and 285.

**Answer to Paragraph:**      Versata denies the allegations in Paragraph No. 109 of Plaintiff's Complaint.

1

2                          **THIRD CLAIM FOR DECLARATORY RELIEF**

3                                  **(AGAINST ALL DEFENDANTS)**

4          110.   Versata incorporates its denials of paragraphs 1-83 of Plaintiff's Complaint.

5          111.   XimpleWare owns each and every of the three issued Patents.

6          **Answer to Paragraph:**         Versata lacks sufficient knowledge or information to form a

7   belief about the truth of the allegations in Paragraph No. 111 of Plaintiff's Complaint, and therefore

8   denies all allegations contained therein.

9          112.   XimpleWare has the superior, and indeed only, right to continue to use, make, sell, or

10  offer for sale its Source Code, subject to the GPL, as the lawful owner of the Patents.

11         **Answer to Paragraph:**         Versata lacks sufficient knowledge or information to form a

12  belief about the truth of the allegations in Paragraph No. 112 of Plaintiff's Complaint, and therefore

13  denies all allegations contained therein.

14         113.   Versata improperly downloaded and exploited XimpleWare's Source Code without a

15  commercial license with XimpleWare, and without strict compliance with any of the conditions for

16  the GPL license, all to XimpleWare's detriment. On information and belief, Versata has incorporated

17  the Source Code into its DCM product, and sold it to, among others, Ameriprise and a number of

18  other companies.

19         **Answer to Paragraph:**         Versata denies the allegations in Paragraph No. 113 of

20  Plaintiff's Complaint.

21         114.   XimpleWare requests that this Court declare that United States Patents Nos.

22  7,133,857, 7,620,652, and 7,761,459 and each of them are valid and enforceable.

23         **Answer to Paragraph:**         Versata admits that XimpleWare requests that this Court

24  declare that United States Patent Nos. 7,133,875; 7,620,652 and 7,761,459 are valid and enforceable

25  but denies that XimpleWare is entitled to such relief and further denies that the patents are valid and

26  enforceable.

27

28

115.    XimpleWare also requests a declaration from the Court confirming that the GPL does not confer a patent license, which, as far as XimpleWare is aware, is a question of first impression in any court. As discussed above, there is no express patent grant in the GPL, and whether the GPL confers any implied license is a matter of debate in the open source community as well as a matter of public concern. The open source community, the public, and all the parties before the Court would benefit from a clear resolution of this question.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 115 of Plaintiff's Complaint.

116.    XimpleWare also requests a declaration from the Court that any purported grant of patent licenses for XimpleWare's patented computer software by any Defendant to any other of the Defendants are invalid, and that no such Defendants have ever been granted any license under any of the patents validly issued to and properly and exclusively owned by Plaintiff.

**Answer to Paragraph:**        This is a legal conclusion and does not require a response by Versata.  To the extent the allegations of Paragraph 116 require a response, Versata denies them.

117.    The requested declaration is necessary and appropriate at this time to affirm XimpleWare's rights to exclusive use and sale of its protected intellectual property rights under federal patent law.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 117 of Plaintiff's Complaint.

118.    Plaintiff has no adequate remedy at law.

**Answer to Paragraph:**        Versata denies the allegations in Paragraph No. 118 of Plaintiff's Complaint.

### RESPONSE TO PRAYER FOR RELIEF

To the extent a response is required, Versata denies that Plaintiff is entitled to any of the relief requested in the Complaint.

### RESPONSE TO DEMAND FOR JURY TRIAL

Versata respectfully demands a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

#### INVALIDITY

The claims of the '857 Patent, the '652 Patent and the '459 Patent (collectively the "patents-in-suit") are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

### SECOND DEFENSE

#### NON-INFRINGEMENT

Versata does not infringe and has not infringed any claim of the patents-in-suit, either directly or indirectly, or literally or under the doctrine of equivalents.

### THIRD DEFENSE

#### LICENSE

The claims alleged in the Complaint are barred, in whole or part, by Versata's and/or its customers' valid license to use the software at issue.

### FOURTH DEFENSE

#### FAILURE TO STATE A CLAIM

The Plaintiff has failed to state a claim upon which relief can be granted.

### FIFTH DEFENSE

#### IMPLIED LICENSE/ESTOPPEL

The claims alleged in the Complaint are barred, in whole or part, by the doctrine of implied license and/or estoppel.

### SIXTH DEFENSE

#### NO ENTITLEMENT TO INJUNCTIVE RELIEF

VERSATA DEFENDANTS ANSWER TO XIMPLEWARE CORP.'S SECOND AMENDED COMPLAINT
OF PATENT INFRINGEMENT
CASE NO. 5:13-CV-05161 PSG

Plaintiff is not entitled to an injunctive relief because any harm to Plaintiff is not irreparable and Plaintiff has an adequate remedy at law.

### SEVENTH DEFENSE

#### WAIVER/UNCLEAN HANDS

The claims alleged in the Complaint are barred, in whole or part, by the doctrine of waiver and/or unclean hands.

### EIGHTH DEFENSE

#### ACQUIESCENCE

The claims alleged in the Complaint are barred, in whole or part, because Plaintiff has acquiesced to the conduct at issue.

### NINTH DEFENSE

#### PATENT MISUSE

The claims alleged in the Complaint are barred, in whole or part, because Plaintiff has misused its patents.

### TENTH DEFENSE

#### LACHES

The claims alleged in the Complaint are barred, in whole or part, due to laches.

### ELEVENTH DEFENSE

#### PROSECUTION HISTORY ESTOPPEL

XimpleWare is estopped based on statement, representations, and admission made during prosecution of the patent application that led to the patents-in-suit from asserting any interpretation of the claims of the patents-in-suit that would be broad enough to cover any of Versata's products or methods alleged to infringe the patents-in-suit.

### RESERVATION OF RIGHTS AND DEFENSES

Versata is investigating the facts relating to the procurement and maintenance of the patents-in-suit and the assertion of infringement against Versata, and will continue to do so throughout the

discovery process.  To the extent that this investigation reveals any improprieties in connection with such matters, Versata reserves the right to seek leave to amend to assert such allegations and /or defenses based thereon that may be appropriate.

Furthermore, because Versata's investigation continues, to the extent not already pled, Versata reserves its right to add additional defenses pending further investigation and discovery.

## VERSATA'S COUNTERCLAIMS

### THE PARTIES

1.      Plaintiff Versata Software, Inc., f/k/a Trilogy Software, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

2.      Plaintiff Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., is a Delaware corporation with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

3.      Plaintiff Aurea Software, Inc., a/k/a Aurea, Inc. ("Aurea") is a corporation registered to do business in California, organized under the laws of Delaware with its principal place of business in Austin, Texas.

4.      Versata Software, Inc., Versata Development Group, Inc., and Aurea Software, Inc. are referred to collectively here as "Versata" for convenience.

5.      Upon information and belief, Plaintiff XimpleWare Corp. ("XimpleWare") is a corporation organized under, and registered to do business in, California, with its principal place of business in Milpitas, California.

### JURISDICTION AND VENUE

6.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to claims arising under the Patent Act, 35 U.S.C. § 101 et seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

7.       This Court has personal jurisdiction over XimpleWare, which has availed itself of the California courts by making in this Court claims of alleged infringement of the patents-in-suit.

8.      Venue exists under 28 U.S.C. § 1391(b)-(c).  Because XimpleWare filed suit in this judicial district, Versata is pleading its counterclaims herein.

<strong>COUNT 1 – NON-INFRINGEMENT OF THE '857 PATENT</strong>

9.      Versata repeats and re-alleges the allegations contained in the immediately preceding paragraphs as if fully set forth herein.

10.     XimpleWare claims that it is the assignee of the U.S. Patent No. 7,133,857 Patent ("'857 Patent") and that is it the owner of all rights, title and interest to the '857 Patent. XimpleWare has expressly charged Versata with infringement of the '857 Patent by filing the First Amended Complaint against Versata on December 17, 2013.

11.     Versata has not been and is not now infringing any claim of the '857 Patent.  In light of XimpleWare's First Amended Complaint, there exists an actual and justiciable controversy between Versata and XimpleWare regarding this patent.

12.     Accordingly, Versata desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

13.     Versata is entitled to a declaratory judgment that it has not infringed and is not infringing the '857 Patent.

<strong>COUNT 2 – INVALIDITY OF THE '857 PATENT</strong>

14.     Versata repeats and re-alleges the allegations contained in the immediately preceding paragraphs as if fully set forth herein.

15.     XimpleWare contends that the asserted claims of the '857 Patent are invalid pursuant to one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness) and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

16.     Versata is informed and believes, and on that basis alleges, that XimpleWare contends that the '857 Patent is valid and enforceable.

17.     Accordingly, Versata desires a judicial determination and declaration of the

respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

18.     Versata is entitled to a declaratory judgment that the asserted claims of the '857 Patent are invalid.

## COUNT 3 – NON-INFRINGEMENT OF THE '652 PATENT

19.     Versata repeats and re-alleges the allegations contained in the immediately preceding paragraphs as if fully set forth herein.

20.     XimpleWare claims that it is the assignee of the U.S. Patent No. 7,620,652 Patent ("'652 Patent") and that is it the owner of all rights, title and interest to the '652 Patent. XimpleWare has expressly charged Versata with infringement of the '652 Patent by filing the First Amended Complaint against Versata on December 17, 2013.

21.     Versata has not been and is not now infringing any claim of the '652 Patent.  In light of XimpleWare's First Amended Complaint, there exists an actual and justiciable controversy between Versata and XimpleWare regarding this patent.

22.     Accordingly, Versata desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

23.     Versata is entitled to a declaratory judgment that it has not infringed and is not infringing the '652 Patent.

## COUNT 4 – INVALIDITY OF THE '652 PATENT

24.     Versata repeats and re-alleges the allegations contained in the immediately preceding paragraphs as if fully set forth herein.

25.     Versata contends that the asserted claims of the '652 Patent are invalid pursuant to one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness) and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

26.     Versata is informed and believes, and on that basis alleges, that XimpleWare

contends that the '652 Patent is valid and enforceable.

27.     Accordingly, Versata desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

28.     Versata is entitled to a declaratory judgment that the asserted claims of the '652 Patent are invalid.

### COUNT 5 – NON-INFRINGEMENT OF THE '459 PATENT

29.     Versata repeats and re-alleges the allegations contained in the immediately preceding paragraphs as if fully set forth herein.

30.     XimpleWare claims that it is the assignee of the U.S. Patent No. 7,761,459 Patent ("'459 Patent") and that is it the owner of all rights, title and interest to the '459 Patent. XimpleWare has expressly charged Versata with infringement of the '459 Patent by filing the First Amended Complaint against Versata on December 17, 2013.

31.     Versata has not been and is not now infringing any claim of the '459 Patent.  In light of XimpleWare's First Amended Complaint, there exists an actual and justiciable controversy between Versata and XimpleWare regarding this patent.

32.     Accordingly, Versata desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

33.     Versata is entitled to a declaratory judgment that it has not infringed and is not infringing the '459 Patent.

### COUNT 6 - INVALIDITY OF THE '459 PATENT

34.     Versata repeats and re-alleges the allegations contained in the immediately preceding paragraphs as if fully set forth herein.

35.     Versata contends that the asserted claims of the '459 Patent are invalid pursuant to one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness) and/or 112

(indefiniteness and failure to satisfy the written description and/or enablement requirements).

36.     Versata is informed and believes, and on that basis alleges, that XimpleWare contends that the '459 Patent is valid and enforceable.

37.     Accordingly, Versata desires a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

38.     Versata is entitled to a declaratory judgment that the asserted claims of the '459 Patent are invalid.

**JURY DEMAND**

Versata demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's First Amended Complaint and having asserted Affirmative Defenses and Counterclaims, Versata prays for judgment as follows:

A.      That this Court fully and finally dismiss XimpleWare's claims against Versata and order that XimpleWare take nothing from Versata;

B.      That this Court enter judgment and/or declarations that Versata does not infringe the patents-in-suit and that the patents-in-suit are invalid and/or unenforceable against Versata;

C.      That this Court enter a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Versata its attorneys' fees and prejudgment interest;

D.      That this Court award Versata all of its costs in this action; and

E.      That this Court grant Versata such other and further relief as the Court deem just and proper.

1

2    Dated: June 13, 2014                    Respectfully Submitted,

3

4                                            Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.

5

6                                            /s/ Alisa Lipski

7                                            Alisa Lipski
                                             1221 McKinney, Suite 3460
                                             Houston, Texas 77010
8                                            Tel: 713-655-1101
                                             Fax: 713-655-0062
9                                            Email: alipski@azalaw.com
                                             Valorem Law Group
10                                           David C. Bohrer (SBN 212397)
                                             Sixty South Market St., Ste. 1250
11                                           San Jose, California 95113
                                             Tel: 408-938-3882
12                                           Fax: 408-915-2672
                                             Email: david.bohrer@valoremlaw.com
13

14                                           *Attorneys for Defendants Versata Software, Inc.  f/k/a*
                                             *Trilogy Software, Inc.; Trilogy Development Group, Inc.,*
15                                           *Pacific Life Ins. Co., Metropolitan Life Ins. Co.,*
                                             *Aurea Software , Inc. a/k/a Aurea, Inc., The Prudential Ins.*
16                                           *Co. of America, Wellmark, Inc., and Aviva USA Corp.*

17

18

19

20

21

22

23

24

25

26

27

28

VERSATA DEFENDANTS ANSWER TO XIMPLEWARE CORP.'S SECOND AMENDED COMPLAINT
OF PATENT INFRINGEMENT
CASE NO. 5:13-CV-05161 PSG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

On June 13, 2014, I caused the foregoing document, titled DEFENDANTS VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC., AND AUREA SOFTWARE, INC. A/K/A AUREA, INC'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS, electronically filed with the court, which will cause a Notice of Electronic Filing to be automatically generated by the court's electronic filing system and sent to all parties in this case.  Pursuant to General Order No. 45, Sections II.G. and IX, the Notice of Electronic Filing when e-mailed to the email addresses of record for counsel in the case constitutes service on the receiving parties.

/s/ Alisa Lipski
Alisa Lipski

4843-8029-8011, v.  1