Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
Ansel Halliburton (Cal. Bar No. 282906)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com
ahalliburton@computerlaw.com

Attorneys for Plaintiff
XIMPLEWARE CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XimpleWare Corp.**, a California Corporation,<br><br>                    Plaintiff;<br><br>     v.<br><br>**Versata Software, Inc., f/k/a Trilogy Software, Inc.,** a Delaware corporation; **Trilogy Development Group, Inc.**, a California corporation; **Ameriprise Financial, Inc.,** a Delaware corporation; **Ameriprise Financial Services, Inc.**, a Delaware corporation; **Aurea Software, Inc., a/k/a Aurea, Inc.,** a Delaware corporation; **Pacific Life Insurance Company**, a Nebraska corporation; **United HealthCare Services, Inc.**, a Minnesota corporation; **Metropolitan Life Insurance Company**, a New York corporation; **The Prudential Insurance Company of America**, a New Jersey corporation; **Wellmark, Inc.**, an Iowa corporation, **Waddell & Reed Financial, Inc.**, a Delaware corporation; and **Aviva USA Corporation**, an Iowa corporation,<br><br>                    Defendants. | Case No. 5:13-cv-05161<br><br>**XIMPLEWARE'S ANSWER TO DEFENDANTS VERSATA SOFTWARE, INC.'S, TRILOGY DEVELOPMENT GROUP, INC.'S, AND AUREA SOFTWARE, INC.'S COUNTERCLAIMS** |

Plaintiff and Counterclaim Defendant XimpleWare Corp. ("XimpleWare") responds to Defendants and Counterclaim Plaintiffs Versata Software, Inc.'s ("Versata"), Trilogy Development Group, Inc.'s ("Trilogy"), and Aurea Software, Inc.'s ("Aurea") (collectively "Defendants") Counterclaims dated May 30, 2014 (Dkt. 87), as follows:

### ANSWER TO COUNTERCLAIMS

### THE PARTIES

1. XimpleWare lacks knowledge or information sufficient to form a belief about the truth or allegations of Paragraph 1.

2. XimpleWare lacks knowledge or information sufficient to form a belief about the truth or allegations of Paragraph 2.

3. XimpleWare lacks knowledge or information sufficient to form a belief about the truth or allegations of Paragraph 3.

4. Paragraph 4 of Defendants' Counterclaims does not contain any allegations and therefore does not require a response.

5. Admitted.

### JURISDICTION AND VENUE

6. Admitted.

7. Admitted.

8. Admitted.

### COUNT 1 – NON-INFRINGEMENT OF THE '857 PATENT

9. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1 – 9 of Defendants' Counterclaims.

10. Admitted.

11. XimpleWare admits that there exists an actual and justiciable controversy between Versata and XimpleWare, and denies the remaining allegations of Paragraph 11.

12. XimpleWare admits that Versata desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 12.

13. Denied.

## COUNT 2 – INVALIDITY OF THE '857 PATENT

14. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1–13 of Defendants' Counterclaims.

15. Denied.

16. XimpleWare admits that the '857 Patent is valid and enforceable.

17. XimpleWare admits that Versata desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 17.

18. Denied.

## COUNT 3 – NON-INFRINGEMENT OF THE '652 PATENT

19. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1–18 of Defendants' Counterclaims.

20. Admitted.

21. XimpleWare admits that an actual and justiciable controversy between Versata and XimpleWare regarding this patent exists, and denies the remaining allegations of Paragraph 21.

22. XimpleWare admits that Versata desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 22.

23. Denied.

## COUNT 4 – INVALIDITY OF THE '652 PATENT

24. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1–23 of Defendants' Counterclaims.

25. XimpleWare admits that Versata contends invalidity; otherwise denied.

26. Admitted.

Computerlaw Group LLP
www.computerlaw.com℠

27. XimpleWare admits that Versata desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 27.

28. Denied.

**COUNT 5 – NON-INFRINGEMENT OF THE '459 PATENT**

29. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1–28 of Defendants' Counterclaims.

30. Admitted.

31. Denied.

32. XimpleWare admits that Versata desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 32.

33. Denied.

**COUNT 6 – INVALIDITY OF THE '459 PATENT**

34. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1–33 of Defendants' Counterclaims.

35. XimpleWare admits that Versata contends invalidity; otherwise denied.

36. Admitted.

37. XimpleWare admits that Versata desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 37.

38. Denied.

XimpleWare denies the balance and remainder of all allegations contained in all paragraphs, counts, and subparts of Defendants' Counterclaims that are not expressly admitted, and deny that Defendants are entitled to any of the demands for judgment and relief asserted.

**AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS**

**First Affirmative Defense (Failure to State a Claim)**

Defendants fail to state a claim upon which relief may be granted.

### Second Affirmative Defense (Waiver)

Defendants' claims are barred in whole or in part by the doctrine of waiver.

### Third Affirmative Defense (Estoppel)

Defendants' claims are barred in whole or in part by the doctrine of estoppel.

### Fourth Affirmative Defense (Unclean Hands)

Defendants' claims are barred in whole or in part by the doctrine of unclean hands.

### Fifth Affirmative Defense (Release)

Defendants' claims are barred in whole or in part by the doctrines of release and/or accord and satisfaction.

### Sixth Affirmative Defense (Unjust Enrichment)

By continuing to use the XimpleWare computer software without permission after notice of infringement, after receipt of the lawsuit, and after promising with other Defendants in this Court in connection with XimpleWare's application for relief under Rule 65, that all use thereof would cease forthwith, the Defendants herein, and each of them, unjustly enriched themselves and each other in a manner that bars each and every counterclaim asserted herein and that requires appropriate compensation for the continuing use of Plaintiff's computer software done in wilful disregard of Plaintiff's rights therein.

XimpleWare reserves the right to plead additional affirmative defenses as they become reasonably apparent, including all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the copyright and patent laws of the United States, and any other defenses at law or in equity that may now exist or in the future be available based on discovery or further factual investigation in this case.

**JURY TRIAL DEMAND**

XimpleWare demands a trial by jury on each and every element of any cause of action triable by a jury.

Dated: July 10, 2014

COMPUTERLAW GROUP LLP

By: /s/ Jack Russo
Jack Russo
Christopher Sargent
Ansel Halliburton

Attorneys for Plaintiff
XIMPLEWARE CORP.