1  Jack Russo (Cal. Bar No. 96068)
   Christopher Sargent (Cal. Bar No. 246285)
2  Ansel Halliburton (Cal. Bar No. 282906)
   COMPUTERLAW GROUP LLP
3  401 Florence Street
   Palo Alto, CA 94301
4  (650) 327-9800
   (650) 618-1863 fax
5  jrusso@computerlaw.com
   csargent@computerlaw.com
6  ahalliburton@computerlaw.com

7  Attorneys for Plaintiff
   XIMPLEWARE CORP.
8

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA


**XimpleWare Corp.**, a California Corporation,

                Plaintiff;

        v.

**Versata Software, Inc., f/k/a Trilogy Software, Inc.,** a Delaware corporation; **Trilogy Development Group, Inc.**, a California corporation; **Ameriprise Financial, Inc.,** a Delaware corporation; **Ameriprise Financial Services, Inc.**, a Delaware corporation; **Aurea Software, Inc., a/k/a Aurea, Inc.,** a Delaware corporation; **Pacific Life Insurance Company**, a Nebraska corporation; **United HealthCare Services, Inc.**, a Minnesota corporation; **Metropolitan Life Insurance Company**, a New York corporation; **The Prudential Insurance Company of America**, a New Jersey corporation; **Wellmark, Inc.**, an Iowa corporation, **Waddell & Reed Financial, Inc.**, a Delaware corporation; and **Aviva USA Corporation**, an Iowa corporation,

                Defendants.

Case No. 5:13-cv-05161

**XIMPLEWARE'S ANSWER TO DEFENDANTS AMERIPRISE FINANCIAL, INC.'S AND AMERIPRISE FINANCIAL SERVICES, INC.'S COUNTERCLAIMS**

Answer to Counterclaims                                Case No. 5:13-cv-05161

Plaintiff and Counterclaim Defendant XimpleWare Corp. ("XimpleWare") responds to Defendants and Counterclaim Plaintiffs Ameriprise Financial, Inc.'s and Ameriprise Financial Services, Inc.'s (collectively "Ameriprise") Counterclaims dated May 30, 2014 (Dkt. 86), as follows:

## ANSWER TO COUNTERCLAIMS

### THE PARTIES

1. XimpleWare lacks knowledge or information sufficient to form a belief about the truth or allegations of Ameriprise's corporate registration and organization. The remaining language contained in Paragraph 1 does not contain any allegations and therefore does not require a response.

2. Admitted.

### JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

5. Admitted.

### COUNT 1 – NON-INFRINGEMENT OF THE '857 PATENT

6. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1 – 5 of Ameriprise's Counterclaims.

7. Admitted.

8. XimpleWare admits that there exists an actual and justiciable controversy between Ameriprise and XimpleWare, and denies the remaining allegations of Paragraph 8.

9. XimpleWare admits that Ameriprise desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 9.

10. Denied.

### COUNT 2 – INVALIDITY OF THE '857 PATENT

11. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1 – 10 of Defendants' Counterclaims.

12. XimpleWare admits that Ameriprise contends invalidity; otherwise denied.

13. Admitted.

14. XimpleWare admits that Ameriprise desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 14.

15. Denied.

**COUNT 3 – NON-INFRINGEMENT OF THE '652 PATENT**

16. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1 – 15 of Defendants' Counterclaims.

17. Admitted.

18. XimpleWare admits that an actual and justiciable controversy between Ameriprise and XimpleWare regarding this patent exists, and denies the remaining allegations of Paragraph 18.

19. XimpleWare admits that Ameriprise desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 19.

20. Denied.

**COUNT 4 – INVALIDITY OF THE '652 PATENT**

21. XimpleWare repeats and incorporates by reference its responses to Paragraphs 1 – 20 of Defendants' Counterclaims.

22. XimpleWare admits that Ameriprise contends invalidity; otherwise denied.

23. Admitted.

24. XimpleWare admits that Ameriprise desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 24.

25. Denied.

Computerlaw Group LLP
www.computerlaw.com℠

| | |
|---|---|
| 1 | **COUNT 5 – NON-INFRINGEMENT OF THE '459 PATENT** |
| 2 | 26.     XimpleWare repeats and incorporates by reference its responses to Paragraphs 1 – 25 of Defendants' Counterclaims. |
| 4 | 27.     Admitted. |
| 5 | 28.     XimpleWare admits that an actual and justiciable controversy between Ameriprise and XimpleWare regarding this patent exists, and denies the remaining allegations of Paragraph 28. |
| 8 | 29.     XimpleWare admits that Ameriprise desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 29. |
| 11 | 30.     Denied. |
| 12 | **COUNT 6 – INVALIDITY OF THE '459 PATENT** |
| 13 | 31.     XimpleWare repeats and incorporates by reference its responses to Paragraphs 1 – 30 of Defendants' Counterclaims. |
| 15 | 32.     XimpleWare admits that Ameriprise contends invalidity; otherwise denied. |
| 16 | 33.     Admitted. |
| 17 | 34.     XimpleWare admits that Ameriprise desires a judicial determination and declaration of the respective rights and duties of the parties herein, and denies the remaining allegations of Paragraph 34. |
| 20 | 35.     Denied. |

XimpleWare denies the balance and remainder of all allegations contained in all paragraphs, counts, and subparts of Defendants' Counterclaims that are not expressly admitted, and denies that Defendants are entitled to any of the demands for judgment and relief asserted.

**AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS**

**First Affirmative Defense (Failure to State a Claim)**

Ameriprise fails to state a claim upon which relief may be granted.

### Second Affirmative Defense (Waiver)

Ameriprise's claims are barred in whole or in part by the doctrine of waiver.

### Third Affirmative Defense (Estoppel)

Ameriprise's claims are barred in whole or in part by the doctrine of estoppel.

### Fourth Affirmative Defense (Unclean Hands)

Ameriprise's claims are barred in whole or in part by the doctrine of unclean hands.

### Fifth Affirmative Defense (Release)

Ameriprise's claims are barred in whole or in part by the doctrines of release and/or accord and satisfaction.

### Sixth Affirmative Defense (Unjust Enrichment)

By continuing to use the XimpleWare computer software without permission after notice of infringement, after receipt of the lawsuit, and after promising with other Defendants in this Court in connection with XimpleWare's application for relief under Rule 65, that all use thereof would cease forthwith, the Defendants herein, and each of them, unjustly enriched themselves and each other in a manner that bars each and every counterclaim asserted herein and that requires appropriate compensation for the continuing use of Plaintiff's computer software done in wilful disregard of Plaintiff's rights therein.

XimpleWare reserves the right to plead additional affirmative defenses as they become reasonably apparent, including all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the copyright and patent laws of the United States, and any other defenses at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

### JURY TRIAL DEMAND

XimpleWare demands a trial by jury on each and every element of any cause of action triable by a jury.

Dated: July 10, 2014

COMPUTERLAW GROUP LLP

By: /s/ Jack Russo
Jack Russo
Christopher Sargent
Ansel Halliburton

Attorneys for Plaintiff
XIMPLEWARE CORP.

Answer to Counterclaims     5     Case No. 13-5161