UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIMPLEWARE CORP., | Case No.: 5:13-cv-05161-PSG |
| Plaintiff, | **ORDER RE: MOTION TO SEAL** |
| v. | **(Re: Docket No. 129)** |
| VERSATA SOFTWARE, INC. F/K/A TRILOGY SOFTWARE, INC. et al., | |
| Defendants. | |

Before the court is one administrative motion to seal five documents.[1]  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2]  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[3]  Parties seeking to seal judicial records

---

[1] *See* Docket No. 129.

[2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[3] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

1

Case No.: 5:13-cv-05161-PSG
ORDER RE: MOTIONS TO SEAL

relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[4]

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[5] Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[6] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[7] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[8] that "specific prejudice or harm will result" if the information is disclosed.[9] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[10] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[11] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[12]

---

[4] *Id.* at 1178-79.

[5] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[6] *See id.* at 1180.

[7] *Id.* at 1179 (internal quotations and citations omitted).

[8] *Id.*

[9] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[10] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[11] *See Kamakana,* 447 F.3d at 1179-80.

[12] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[13] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[14]

With these standards in mind, the courts rules on the instant motion as follows:

| **Document to be Sealed** | **Result** | **Reason/Explanation** |
|---|---|---|
| Aviva USA Corp.'s May 23, 2014 correspondence to XimpleWare Corp. (Ex. 1 to Customer Defendants' Fed. R. Civ. P. 11 Motion) | Highlighted portions at 2; 5 ¶¶ 3-5 SEALED, remainder UNSEALED. | Only sealed portions narrowly tailored to confidential business information. Unsealed portions are public knowledge and not declared as confidential.<br><br>Aviva may resubmit to correct this deficiency within four days. |
| Metropolitan Life Insurance Company's May 30, 2014 correspondence to XimpleWare Corp. (Ex. 2 to Customer Defendants' Fed. R. Civ. P. 11 Motion) | Highlighted portions at 2; 5 ¶ 3; 7 ¶¶ 3-4 SEALED, remainder UNSEALED. | Only sealed portions narrowly tailored to confidential business information. Unsealed portions are public knowledge. |
| Pacific Life Insurance Company's May 23, 2014 correspondence to XimpleWare Corp. (Ex. 3 to Customer Defendants' Fed. R. Civ. P. 11 Motion) | Highlighted portions at 5 ¶¶ 3-5, SEALED; remainder UNSEALED. | Only sealed portions narrowly tailored to confidential business information. Unsealed portions are public knowledge. |

---

[13] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[14] Civ. L.R. 79-5(e)(1). The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days. As this rule change was only recently implemented the court applies the prior form of Civ. L.R. 79-5 for the purposes of this order.

| Wellmark, Inc.'s May 27, 2014 correspondence to XimpleWare Corp. (Ex. 4 to Customer Defendants' Fed. R. Civ. P. 11 Motion) | Highlighted portions at 5 ¶¶ 3-5, SEALED; remainder UNSEALED. | Only sealed portions narrowly tailored to confidential business information. Unsealed portions are public knowledge. |
|---|---|---|
| XimpleWare Corp.'s August 13, 2014 confidential correspondence to Customer Defendants (Ex. 6 to Customer Defendants' Fed. R. Civ. P. 11 Motion) | UNSEALED. | Lacks supporting declaration. Ximpleware may seek reconsideration upon filing a declaration within four days. |

**SO ORDERED.**

Dated: November 14, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge